**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# CASE MANAGEMENT ORDER NO. 1

**ROSENSTENGEL, Chief Judge:**

The undersigned issues this first Case Management Order to discuss the initial case management conference and to address certain procedural matters. The initial conference will be held via Zoom on **Wednesday, June 23, 2021, at 2 p.m. CDT.**

*Applicability of Order*

The provisions of this Order (and of future orders applicable to "All Cases") shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order of June 7, 2021 (*In Re: Paraquat Products Liability Litigation* 3:21-md-3004-NJR (Doc. 1)). This Order also applies to all related cases filed in the Southern District of Illinois and to any "tag-along actions" later filed in, removed to, or transferred to this Court.

*Consolidation*

The civil actions assigned to MDL No. 3004 are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to, or transferred to this Court, or any related actions directly filed in the Southern District of Illinois, prior to the establishment of MDL 3004 or after, will automatically be consolidated with this action without the necessity of

future motions or orders. This consolidation does not, however, constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

### *Master Docket*

The Clerk of this Court will maintain a Master Docket case file under the style "*In Re: Paraquat Products Liability Litigation*" and the identification "MDL No. 3004." As discussed in more detail below, the Master Docket will only include documents relating to "All Cases."

### *Filing Procedures*

Any pleading or document that is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts and to expedite the appointment of plaintiffs' leadership counsel, which requires an attorney to have filed a civil action in this litigation, any plaintiff whose case would be subject to transfer to MDL 3004 may file his or her case directly in MDL 3004 in the Southern District of Illinois. No cases naming more than a single plaintiff, which may also include consortium or representative plaintiffs as permitted by law, may be filed directly into MDL 3004. A more detailed direct filing protocol may be implemented at a later time. All documents filed in this Court must be filed electronically pursuant to this Court's E-Filing Rules and the CM/ECF User's Manual. The filer shall select "pq" from the drop down menu for "Case Type" on the Civil Case Opening page. Attorneys may register for electronic filing at http://www.ilsd.uscourts.gov/ecf/ecfAttyRegistration.aspx.

**Master Docket Filings.** When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." Documents relating to All Cases shall be filed in the Master Docket only. For example, this Order relates to All Cases and will be filed in the Master Docket only.

**Case-Specific Documents.** When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the pleading relates shall appear immediately after the words "This Document Relates to." Case-specific documents shall be filed in the relevant member action only and not in the Master Docket. For example, a motion to remand a member action to state court should be filed in the relevant member action only and not in the Master Docket.

**Notice of Electronic Filing.** With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing ("NEF") from the Court. With regard to documents filed in the Master Docket, only those attorneys identified in the Master Docket as being Counsel of Record will receive an NEF from the Court. When the Court appoints lead and liaison counsel, such counsel will be the only Counsel of Record in the Master Docket. Once lead and liaison counsel have been appointed, such counsel will be responsible for service upon all other attorneys and parties.

**Interim Liaison Counsel, Master Docket.** The Court hereby appoints Sarah Shoemake Doles of Carey Danis & Lowe, 8235 Forsyth Boulevard, Suite 1100, St. Louis, Missouri 63105, to serve as *interim* liaison counsel for the plaintiffs. Ms. Doles is well-qualified to carry out the responsibilities of this position on an interim basis. Interim liaison counsel is responsible for organizing the required pre-conference submissions outlined below, directing the activities of plaintiffs during the initial conference, and performing such other

duties as may be incidental to the proper coordination of plaintiffs' pretrial activities. Interim liaison counsel will receive and, as appropriate, distribute copies of orders and notices from the Court and documents from opposing parties to counsel or *pro se* plaintiffs who are identified as Involved Counsel in connection with the JPML's June 7, 2021 Transfer Order. Interim liaison counsel shall forward a copy of this Order and of additional orders issued prior to the appointment of lead and liaison counsel to other involved attorneys.

Due to the limited number of defendants involved in this litigation, the Court does not see a need to appoint interim liaison counsel for defendants at this time. Notice will be sent to defense counsel who have appeared in the related actions that were originally filed in this Court.

**Admission of Counsel.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court are automatically admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association of local co-counsel is not required.

**Local Rules and Procedures.** Counsel are expected to familiarize themselves with this Court's local rules and procedures including the following: (a) the Electronic Case Filing Rules http://www.ilsd.uscourts.gov/documents/ECFRules.pdf; (b) the CM/ECF User's Manual http://www.ilsd.uscourts.gov/ECF/ecfManual.aspx (c) the procedure for submission of proposed documents http://www.ilsd.uscourts.gov/Ecf.aspx; (d) Chief Judge Rosenstengel's Case Management Procedures http://www.ilsd.uscourts.gov/documents/Rosenstengel.pdf. Counsel also should note that the Court will soon establish a webpage dedicated specifically to this litigation. The Court

will post Case Management Orders Applicable to "All Cases" on this website, as well as select orders from individual member actions and other relevant information. Counsel will be notified when the webpage has been established.

*Initial Conference*

Interim liaison counsel for plaintiffs and counsel for defendants shall appear for a conference with the undersigned on **June 23, 2021, at 2:00 p.m. CDT, via Zoom**. All other plaintiffs' counsel and *pro se* plaintiffs are invited to attend the conference but are not required to do so. The primary purpose of the initial conference will be to discuss an organizational structure for plaintiffs' leadership counsel. The Court expects interim liaison counsel to use her best efforts to communicate with all plaintiffs' counsel regarding suggestions on the size, structure, and scope of leadership, whether committees should be created from lawyers appointed to leadership positions or whether non-appointed lawyers will be involved in substantive work, and any other related matters that should be raised for the Court's consideration at this time. Counsel for defendants will have the opportunity to raise any issues appropriate for the Court's consideration at this time.

After the Court appoints plaintiffs' leadership counsel, the Court will solicit position briefs from the parties outlining their views on the primary facts, claims, and defenses involved in this litigation, as well as the critical factual and legal issues. The Court also will order the parties to meet regarding a case management plan. The Court anticipates that members of plaintiffs' leadership will have different expertise in negotiating the various issues that will need to be addressed in subsequent orders, such as production of electronically stored information and other discovery protocols, confidentiality designations, and other procedural matters that affect the meaningful functions of a coordinated litigation.

**Preparations for Initial Conference.**

    **(a) Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

    **(b) Rule 7.1 Disclosures.** To assist the Court in identifying any problems of recusal or disqualification, counsel shall *file* disclosures that comply with Federal Rule of Civil Procedure 7.1 in the Master Docket by **noon on June 22, 2021**.

    **(c) List of Related Cases.** Counsel for the parties[1] shall *jointly file* a statement listing all known related cases pending in state or federal court in the Master Docket by **noon on June 22, 2021**.

    **(d) Designation of Counsel.** Each defendant shall designate one attorney to speak on its behalf during the initial conference, and such designation shall be included in the joint statement to be filed by **noon on June 22, 2021** (*see* subsection (c) above). The Court will circulate Zoom instructions to interim liaison counsel and each defendant's designated counsel. For all other attorneys wishing to participate, a muted Zoom link will be posted to the Court's website. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation, and attendance at the conference will not waive objections to jurisdiction, venue, or service. Persons who are not named as parties in this litigation, but may later be joined as parties or are parties in related litigation pending in other federal and state courts, are invited to attend the initial status conference, either by joining the Zoom meeting or by telephone.

*Interim Measures*

Until otherwise ordered by the Court:

    **(a) Pleadings.** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

    **(b) Pending/New Discovery.** Pending the initial conference and further orders of this Court, all outstanding disclosure and discovery proceedings are **stayed**, and no new discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conduct a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend

---

[1] Interim liaison counsel shall act on behalf of all plaintiffs and their counsel.

its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(c) **Preservation.** Prior to the entry of a formal protective order, all parties must take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

(d) **Motions.** Any motion pending in an action transferred to this district court from another jurisdiction is deemed denied without prejudice and must be re-filed in this district court.

(e) **Orders of Transferor Courts.** All orders by transferor courts imposing dates for pleading or discovery are **vacated**.

(f) **Communications with the Court.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing (to NJRpd@ilsd.uscourts.gov), with copies to opposing counsel.[2] Requests for specific dates and times for hearings should not be made without prior consultation with opposing counsel seeking agreement. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The sharing of information in connection with this MDL among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work-product doctrine.

*Plaintiffs' Leadership and Liaison Counsel Appointments*

The Court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be *submitted* for *in camera* review to the Court on or before **June 28, 2021,** via the Court's proposed documents email address (NJRpd@ilsd.uscourts.gov). Attorneys are welcome to attach a curriculum vitae to the application. Each submission should be no longer than

---

[2] Interim liaison counsel shall act on behalf of all plaintiffs and their counsel.

**10 double-spaced pages**. The Court will only consider an attorney who has filed a civil action in this litigation or who is an attorney of record in a case that has been or will be removed or transferred to this MDL.

The Court intends to establish a balanced leadership team that reflects diversity of all types and which has the synergy to capably steer this litigation to resolution. Applicants shall address their (1) willingness and ability to commit to a time-consuming process; (2) current court-appointed legal commitments; (3) ability to work cooperatively with others; (4) professional experience in this type of litigation; (5) particular knowledge and expertise that will benefit all plaintiffs in this case; (6) involvement in paraquat litigation to date; (7) qualities that make them uniquely situated to serve in a leadership capacity in this case; and (8) access to sufficient resources to advance the litigation in a timely manner. Applicants should specify the leadership role they seek. Counsel applying for any of these positions should be available for a short interview via Zoom should the Court determine that interviews are necessary.

**IT IS SO ORDERED.**

DATED:   June 10, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**