```
                    UNITED STATES OF AMERICA
                  SOUTHERN DISTRICT OF ILLINOIS


                                    |
 In re:  PARAQUAT PRODUCTS          |
 LIABILITY LITIGATION               | Case No. 3:21-md-03004-NJR
                                    |
 This Document Relates to           | MDL No. 3004
 All Cases                          |
                                    |




              TRANSCRIPT OF STATUS CONFERENCE

         BEFORE THE HONORABLE NANCY J. ROSENSTENGEL
              CHIEF UNITED STATES DISTRICT JUDGE

                      June 23, 2021
```

REPORTED BY:        Christine Dohack LaBuwi, RDR, CRR
                    Official Court Reporter
                    301 West Main Street
                    Benton, Illinois  62812
                    (618) 439-7725
                    Christine_Dohack@ilsd.uscourts.gov

Proceedings recorded by mechanical stenography, produced by computer-aided transcription.

1         (Video conference proceedings began at 2:00 p.m.)
2         COURTROOM DEPUTY: The matter of *In Re: Paraquat Products Liability Litigation versus Syngenta Crop Protection, LLC, et al*, Case No. 21-MD-3004, is called for an initial status conference.
6         THE COURT: Hi. Well, good afternoon, everyone. It's nice to see so many faces and people joining the Zoom. Thank you, all, for joining this initial status conference for MDL 3004 In Re: Paraquat.
10         So, this matter was recently assigned to me by the JPML and I view that assignment as a privilege. My role here is to facilitate the efficient flow of information and marshal all of these cases to resolution. Resolution, of course, is achieved by trial, settlement, or some combination of the two.
16         Now, as Deana said, we are not taking minutes or doing a roll call because there are so many people. The court reporter is trying to take down as many names as she can. And then once we've then narrowed the participants at some point, then we will do roll call and do formal minutes.
22         Now, I have reached out to Judge Hoerner in St. Clair County, whom I have known for years, and Judge Weil in California, to get some information on the claims. Our goal here so to work in a coordinated and expeditious

1  fashion that ensures the rights of all parties and respects
2  state and federal comity.  So, I plan to remain in contact
3  with both of them to ensure that this happens.
4       Now, with respect to the Illinois litigation.  I do
5  not expect any party in the case to reinvent the wheel or
6  spend needless time, trees, or money litigating the case.
7  This case appears to be in a different posture than most
8  MDL cases; it is several years in the making and I'm
9  picking up what Judges Hoerner and Weil have been working
10 on for some time.
11      Now, Judge Hoerner has shared stacks and stacks of
12 orders with me, and I have started forging through those
13 and see that the parties have been litigating for years and
14 it's been a hard-fought battle.
15      Now, I am aware of the number of depositions that
16 have been taken and the documents that have been produced
17 by defendants.  So, I expect the discovery in the prior
18 litigation to be adapted and employed here.
19      And in the interest of effectively managing this
20 litigation in accordance with my duties as an MDL judge, we
21 will not be starting from scratch.  I know this is a very
22 important litigation and my attention will be focused on
23 getting to trial or resolution just as expeditiously as we
24 can.
25      Now, we will not be meeting in person at the

1  courthouse until or unless it is necessary.  The time and
2  expense of flying across the country is better used when
3  devoted to your clients, certainly for any short status
4  conferences like this one.
5         In this and other cases before me, I am always
6  mindful of Rule 1, which says, "The rules shall be
7  construed, administered, and employed by the Court and the
8  parties to secure the just, speedy, and inexpensive
9  determination of every action and proceeding."
10        Now, if anything good came out of the pandemic, I
11 think it's that we all got used to doing remote hearings
12 and I intend to continue that because it does save a lot of
13 time.  I wouldn't expect it to be a problem with anyone in
14 this case, but ensure you have good internet coverage when
15 you are participating in a hearing, and join the meeting at
16 least five minutes before it begins.  And of course, when
17 not speaking, counsel should always have their microphones
18 muted.
19        Now, I indicated in the initial Case Management
20 Order that the primary purpose of this conference would be
21 to discuss an organizational structure for plaintiffs'
22 leadership counsel.  Now that I have started to review the
23 applications that have come in, I don't think we're ready
24 to be talking about that just yet.  But I have received
25 many applications for leadership and I appreciate the level

```
 1   of interest.  I have been reviewing them as they come in,
 2   and I have started setting interviews by Zoom as
 3   appropriate with individual applicants.
 4           Now, while I would like to interview each
 5   applicant, it appears from the volume that that's going to
 6   be impossible.  But I assure you that I am carefully
 7   reviewing each application.  And if I decide to conduct a
 8   brief interview, my Courtroom Deputy Deana, who you just
 9   met, will send a Zoom link to counsel's e-mail address.
10   And just remember that the deadline for submitting
11   applications is this coming Monday, June 28.
12           I want to be transparent at all times, starting
13   with the selection of plaintiffs' leadership.  I am not
14   familiar with most of you.  In fact, I only know a few.
15   But to facilitate establishing the video interviews and
16   easing the burden on my staff, I will not have a court
17   reporter present for the interviews.  Instead, when
18   possible, I am going to have someone sit in on the
19   interview with me and help me take notes.
20           I do not intend to solicit slates.  I will pick the
21   leadership and everyone selected is expected to work well
22   together.  The ability to be organized, efficient,
23   collaborative, and simply get along with others will be
24   very important in my selection decision.  And I'm going to
25   pick individuals, not firms.  So, if the individual
```

1  selected leaves the firm, it is expected that the case will
2  go with that person.
3       Now, for the defendants.  I do appreciate the
4  designation of the counsel for the Chevron defendants and
5  the Syngenta defendants.  And of course, Miss Doles was
6  appointed as Interim Liaison Counsel, and it looks like
7  she's gotten the word out.
8       So, I understand the defendants have already
9  completed a significant amount of discovery in the Illinois
10 and California litigation.  And as I indicated in that
11 first Case Management Order, the defendants or any
12 plaintiff in those cases shall preserve all discovery
13 produced in those cases.
14      Now, I anticipate completing the selection process
15 for plaintiffs' leadership by the second week of July and I
16 will issue an Order of Appointment soon thereafter.  Now, I
17 also plan to appoint a neutral to assist in coordination,
18 scheduling, and basically making sure that we keep the
19 trial date.  In my experiences, getting a trial date is the
20 most important thing that can get a case resolved.  So,
21 more on that in a minute.
22      I do plan to hold monthly status conferences.
23 Again, they'll be by Zoom.  I have already selected July
24 23rd at 2:00 p.m. for the next one, and August 27th at
25 10:00 a.m. for the next two conferences.  We'll get those

1  entered on the docket today.  I will try, as much as my
2  schedule allows, to accommodate different time zones when
3  setting conferences.
4      Now, I want you to notice that a magistrate judge
5  is not assigned to the case.  I plan to resolve any
6  discovery disputes on my own.  I expect counsel to work
7  well together and always meet and confer at length before
8  bringing any dispute to my attention.  If there is a
9  dispute, it should be brought to my attention by filing a
10 short motion.  I will order a quick response and, if
11 necessary, set a telephone or video conference.
12      If the discovery disputes become excessive, I will
13 consider appointing an additional special master to work on
14 these issues alone, but I certainly hope that that won't be
15 necessary.  Now, I take this opportunity to emphasize that
16 it operates under the presumption that disputes will be
17 raised with the Court only after counsel have exhausted
18 their own best efforts to resolve and/or narrow the issues.
19      Now, for the next status conference, and likely
20 each subsequent one, I encourage the parties to consider
21 presenting jointly on foundational topics to introduce me
22 to the key concepts in the case, such as case management,
23 attorney presentations of science, or other areas in which
24 common ground can be reached.
25      I also encourage you to identify key areas of

```
 1  disagreement.  As to these, the parties should be prepared
 2  to explain what predicate areas of agreement exist before
 3  explaining the scope of disagreement.
 4          And before each conference, I will solicit input as
 5  to what topics should be addressed at that conference.
 6          Now, I see my job is to bring these cases in for a
 7  landing.  Your job is to clear that runway.  I'm going to
 8  go ahead and set the case for trial on November 15, 2022,
 9  setting aside three weeks for that, and we'll work
10  backwards from there on a schedule.
11          Now, again, I expect to have leadership appointed
12  by mid-July.  Once that leadership is appointed, I expect
13  leadership to consult with defendants on a common discovery
14  about product repository, and modifying and adopting the
15  ESI protocol that was entered in the Hoffman litigation.
16  At that point, the stay imposed in the initial Case
17  Management Order will be lifted, and defendants will have
18  30 days from that date -- that is, the date the stay is
19  lifted -- in which to answer, otherwise plead, and those
20  deadlines will be addressed in a subsequent order.
21          Now, I know my initial order also said that counsel
22  for defendants would have an opportunity to raise any
23  issues appropriate for the Court's consideration at this
24  time, but I have decided it would be more appropriate to
25  wait until plaintiffs' leadership is appointed in order to
```

1 allow them to do the same.
2     Now, again, the next case management conference
3 will be July 23rd, 2021, at 2:00 p.m. Central time.  I
4 expect defendants to -- let's see -- so we -- I already
5 have who will be designated by defendants, and at that time
6 then we will have the plaintiffs' leadership established,
7 as well.
8     Now, we have created a dedicated website.  You can
9 reach it from the court's home page, www.ilsd.uscourts.gov.
10 That will have orders, a list of key events, contact
11 information, and any additional information you may need.
12 Today, we also added details, step-by-step case filing
13 instructions.  So, please review those and follow them to
14 the letter when you are filing cases because it eliminates
15 a lot of headaches for my clerk's office.  The website will
16 be updated regularly, so please continue to check it.  And,
17 please, check the website and review all information before
18 you reach out to chambers.
19     Should you need to contact chambers, my main line
20 is 618-482-9172.  My career law clerk, Michele Parrish,
21 will be working with me on the case.  As you met, Deana
22 Brinkley is my Courtroom Deputy Clerk.  And Stephanie
23 Rennegarbe is my normally-assigned court reporter, but
24 others may appear from time to time.  Now, Michele, Deana,
25 and Stephanie's information is on the website.

1       Today, Chris Dohack LaBuwi is filling in for
2  Stephanie.  She is Judge Yandle's normally-assigned court
3  reporter, so her information is under Judge Yandle's
4  portion of the webpage.  But I will just tell you, her
5  e-mail is Christine_Dohack@ilsd.uscourts.gov, should anyone
6  want to reach out for this transcript.  And her phone
7  number is 618-439-7725.  Again, everyone else's contact
8  information is on the website.
9       We have also established a dedicated e-mail
10 address, paraquatmdl@ilsd.uscourts.gov.  So, instead of
11 sending it to my proposed document folder, you can submit
12 any questions, documents, et cetera, that pertain to this
13 MDL to that address.
14      Now, serving in leadership in this case will
15 require significant time and dedication.  By serving this
16 MDL, you are committing to the level of excellence that
17 your clients deserve, and one another as officers of the
18 court.
19      So, that is all that I had to take up today.  I do
20 look forward to working with everyone.  We'll get these
21 dates entered, so that you all have them.  Like I said, I'm
22 working hard on selecting leadership, coming up to speed on
23 the issues, and I'll get an order out just as soon as we
24 can.  And I'll see everyone on July 23rd, again, for the
25 next status.

```
 1          So, thanks, everyone.  Have a good afternoon.
 2          (Court adjourned at 2:17 p.m.)
 3
 4
 5
 6
 7
 8                      REPORTER'S CERTIFICATE
 9          I, Christine Dohack LaBuwi, RDR, CRR, Official
10   Court Reporter for the U.S. District Court, Southern
11   District of Illinois, do hereby certify that I reported
12   with mechanical stenography the proceedings contained in
13   pages 1-11; and that the same is a full, true, correct and
14   complete transcript from the record of proceedings in the
15   above-entitled matter.
16
17          DATED this 24th day of June, 2021,
18
19                  s/Christine Dohack LaBuwi, RDR, CRR
                    _____
20                  Christine Dohack LaBuwi, RDR, CRR
21
22
23
24
25
```