## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| This Document Relates to All Cases | MDL No. 3004 |

# PROTECTIVE ORDER

**ROSENSTENGEL, Chief Judge:**

As directed in Case Management Order No. 5 (Doc. 203), lead counsel for the parties have proposed the following protective order. Having reviewed the terms, the Court **APPROVES** the parties' proposal and **ORDERS** as follows:

## I.    Purpose and Limitations

1.    The Parties agree and are entering into this Stipulated Protective Order with a goal toward moving this case forward in a speedy, collaborative, and efficient manner, while also balancing the public interest in access to information concerning the matters addressed in this litigation.

2.    Disclosure and discovery activity in this action and related actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order"). The

Parties acknowledge that this Order governs discovery in *In Re: Paraquat Products Liability Litigation*, No. 3:21-md-03004-NJR. This order shall apply to all cases currently pending in MDL No. 3004 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto.

3.     The Parties have attempted to utilize and adopt the September 11, 2018 Protective Order (as subsequently amended) from the *Hoffmann* Litigation to the extent possible in drafting this Order, with necessary clarifications and changes to make it suitable for MDL litigation.

4.     This Order is binding on all Parties and their counsel in all cases currently pending and subsequently made part of these MDL proceedings, and shall govern each case in the proceedings. The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material to be kept confidential, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c), and the judicial opinions interpreting such Rules.

5.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

6.      This Order shall not abrogate or diminish any statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.

7.      The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## II.    Definitions

8.      <u>Action</u>: This pending lawsuit, *In Re: Paraquat Products Liability Litigation*, No. 3:21-md-03004-NJR, including any amendments thereto, and all cases that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

9.      <u>Challenging Party</u>: Party that challenges the designation of information or items under this Order.

10.     <u>Confidential Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or other federal or state laws, rules, or regulations, which may include:

(a) Information protected from disclosure by statute or regulation;

(b) Information that constitutes a trade secret in accordance with the federal Defend Trade Secrets Act, the Uniform Trade Secrets Act, or state trade secrets statutes;

(c) Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(d) Information that includes material protected by federal, state, or foreign data protection laws or other privacy obligations, including, but not limited to:

- The Health Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A and E of Part 164;

- The EU General Data Protection Regulation (Regulation (EU) 2016/679);

- The UK Data Protection Act of 2018 (c. 12 (U.K.));

- The Brazilian General Data Protection Law, Federal Law no. 13,709/2018 (August 15, 2018);

- The Law of the People's Republic of China on Guarding State Secrets (promulgated by the Standing Committee of the Nat'l People's Cong., amended on April 29, 2010, effective on October 1, 2010);

- The Cybersecurity Law of the People's Republic of China (promulgated by the Standing Committee of the Nat'l People's Cong., effective on June 1, 2017);

- The Data Security Law of the People's Republic of China (promulgated by the Standing Committee of the Nat'l People's Cong., will take effect on September 1, 2021);

- The Draft Personal Information Protection Law (Bill for Second Deliberation) (promulgated by the Standing Committee of the Nat'l People's Cong., April 29, 2021 draft for public comment);

- The Singapore Personal Data Protection Act of 2012 (No. 26 of 2012) (October 15, 2012);

- The Swiss Federal Act on Data Protection of 19 June 1992;

- Swiss Federal Act on the Amendment of the Swiss Civil Code of 30 March 1911; Part Five: The Code of Obligations;

(e) Personally identifiable information ("PII"), including: Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past present, or future payment for the provision of health care to an individual; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; or the personal email addresses or other contact information of company board members, executives, and employees; and/or

(f) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing Party.

However, Confidential Information shall not include:

i. Any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order. This includes any public information posted by a Party that subsequently is made unavailable by removal from the public's view (e.g., deleted or closed social media posts); and/or

ii. Any information known to the Receiving Party prior to the disclosure or lawfully obtained by the Receiving Party after the disclosure from a

source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

As described in Section V below, Confidential Information shall be affixed with a "Confidential - Paraquat Litigation" designation, consistent with how such materials were marked in the *Hoffmann* Litigation.

11.    "Confidential - Attorney Eyes Only" Information or Items: Information that is so extremely sensitive in nature the disclosure of such material will put the Producing Party at a significant competitive disadvantage, and such that protecting the information cannot be avoided by less restrictive means than designation as "Confidential - Attorney Eyes Only." This includes current or past product formulas, ingredients, specifications, recipes, and manufacturing processes or technologies. This also includes information previously produced by Syngenta from Kynetec USA, Inc., pursuant to the July 1, 2019 Stipulated Amendment to Protective Order in the *Hoffmann* Litigation.

12.    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

13.    Designating Party: Party or Non-Party that designates information or tangible items that it produces in disclosures or in responses to discovery as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only."

14. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

15. <u>Expert</u>: A person who has been retained by a Party or its counsel to serve as an expert witness or as an undisclosed consultant in this Action (as well as his or her employees and support staff).

16. <u>*Hoffmann* Litigation</u>: The case captioned *Hoffmann, et al. v. Syngenta, et al.*, No. 17-L-517, Cir. Ct., 20th Jud. Cir., St. Clair Cnty., Ill.

17. <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action. In-House Counsel does not include any Outside Counsel retained by a Party to this Action.

18. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

19. <u>Outside Counsel</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and/or have appeared in this Action on behalf of that Party or are affiliated and/or associated with a law firm which has appeared on behalf of that Party, and

their support staff, who have access to documents designated "Confidential - Attorney Eyes Only" for use in this Action.

20. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel (and their support staffs).

21. <u>Producing Party</u>: Party or Non-Party that produces Disclosure or Discovery Material in this Action.

22. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

23. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only."

24. <u>Receiving Party</u>: A Party that received Disclosure or Discovery Material from a Producing Party.

## III. Scope

25. The protections conferred by this Order apply to not only Protected Material (as defined above), but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic

communications, testimony or presentation by Parties or their Counsel that might reveal Protected Material.

26.     This Order and its protections apply for pre-trial purposes only. This Order does not govern the use of Protected Materials at trial. The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

## IV.    Duration

27.     Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court from time to time deem appropriate.

## V.     Designating Protected Material

28.     Except as specified in Paragraphs 29 or 30 below, each Party or Non-Party that designates information or items as "Confidential - Paraquat Litigation"

or "Confidential - Attorney Eyes Only" under this Order must make good-faith reasonable efforts to limit any such designation to material that qualifies under the appropriate standards. Designations that are clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) are prohibited.

29.   To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review. In so doing, the Producing Party may designate those collections of documents that by their nature contain Confidential Information or Items with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. A Producing Party may also utilize a filter or other software to make confidentiality designations without a detailed document-by-document confidentiality review. Any Receiving Party may, however, challenge these designations in accordance with the process laid out in Section VI, below.

30.   The Syngenta Defendants and the Chevron Defendants have previously made voluminous productions of documents in the *Hoffmann* Litigation. For various reasons, many of those productions were made without detailed confidentiality review, and confidentiality designations were done in accordance with paragraph 29, above. The Parties agree that in re-

producing those documents in this litigation, neither Syngenta nor Chevron is under any obligation to conduct a detailed confidentiality review of those documents, and they may be produced with the same confidentiality designations they bore in the *Hoffmann* Litigation. Any Receiving Party may, however, challenge those designations in accordance with the process laid out in Section VI, below.

31. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

32. Designation in conformity with this Order requires:

   (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" to each page of a paper or electronic document that contains protected material or to the cover page of bound or grouped material.

   (b) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be treated as "Confidential - Attorney Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" legend to each page of a paper or electronic document that contains Protected Material.

(c)     A Party may designate documents produced by a Non-Party as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of documents by the Non-Party.

(d)     For testimony given in deposition or in other pretrial proceedings, in the event that a Producing Party designates some or all of a witness's deposition or other testimony as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only," the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party within thirty (30) days of receipt of

the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as "Confidential - Attorney Eyes Only," pending the deadline. After the 30-day period, if no Party has designated some or all of that deposition transcript as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" under this Protective Order, the entire deposition, or those portions of the deposition not designated as Confidential Information, will no longer be considered Confidential Information.

(e)     For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). With respect to documents produced in native format, the ESI Protocol to be entered in this Action shall govern the form and method for marking such documents as Protected Information. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party

shall make a good faith effort to notify the Receiving Party of the fact that confidential information is being produced.

33.   Disclosure of "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" Information does not waive the confidential status of such Information. In the event that Protected Information is disclosed without a marking or designation of it as such, the Producing Party may thereafter assert a claim or designation of confidentiality, and promptly provide replacement information or items with the appropriate designation (and, if applicable, using the same Bates number as the original production). Thereafter, the Receiving Party must immediately return or destroy the original Protected Information and all copies of the same, and make no use of such Information.

## VI.   Challenging Confidentiality Designations

34.   Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

35.   The Challenging Party shall object to the propriety of the designation of specific material as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order. The parties shall

thereafter, within twenty-one (21) days or as otherwise agreed, meet and confer in an effort to resolve any disagreements. At the conclusion of that twenty-one day period, the Challenging Party shall provide a list of the designations that remain at issue ("Disputed Designations"). Counsel may agree to reasonable extensions.

36.    Within fourteen (14) days of receipt of the Disputed Designations, the Designating Party shall file a motion with the Court seeking relief. The Challenging Party shall file a response brief, if any, within fourteen (14) days thereafter. Consistent with local rules, no reply brief shall be filed except in exceptional circumstances. SDIL–LR 7.1(g). The burden of persuasion in any such dispute shall be on the Designating Party. Unless the Designating Party has expressly waived the confidentiality designation or until the Court has ruled on the disputed at-issue designation, all Parties shall continue to afford the material in question the level of protection designated by the Producing Party.

## VII.    Access to and Use of Protected Materials

37.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting or defending this litigation, including any appeal(s), so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must

comply with the provisions of Section XV below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Outside of the context of this litigation, or pursuant to a protective order entered between the parties in a pending state court action, no Party or their representative, agent, or independent contractor may contact any person whose identity or contact information is ascertained from any Protected Material, including through telephone, text messaging, social media, and/or Internet message boards.

38.     Deponents and witnesses (and their counsel, if applicable) during a deposition or hearing may be shown or examined on any information, document or thing designated Protected Material if such person has signed the Acknowledgment and Agreement to Be Bound (Exhibit A). However, the following witnesses may be shown or examined on Protected Materials:

(a)     Any individual named in Paragraph 40 below;

(b)     if it appears from the face of the document that the witness authored or received or reviewed a copy of it, or knew the information described therein;

(c)     the witness was employed by or served as a consultant to the Producing Party (i) at the time the information, document or thing was created or (ii) at any time, so long as the deponent/witness's scope of employment or consultancy encompassed subject matters

addressed in the Protected Material sought to be shown or examined on;

(d)    the witness is a current employee of the Producing Party (or is the Producing Party);

(e)    the witness is a relative of a plaintiff; or

(f)    the witness is being produced to testify pursuant to Fed. R. Civ. P. 30(b)(6).

39.    Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This paragraph does not apply to the deponent.

40.    A Receiving Party may disclose any information or item designated "Confidential - Paraquat Litigation" only to:

(a)    The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The Parties to the litigation, including Plaintiffs and Defendants, including current or former directors, officers, employees (including In-House Counsel), agents, contractors, and representatives of the

Parties to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action;

(c)     Experts retained by the Producing Party and their staff;

(d)     Experts retained by the Receiving Party and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(f)     Court reporters, videographers, and their staff;

(g)     Professional jury or trial consultants, and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h)     Deponents and witnesses (and their counsel, if applicable) during a deposition, hearing, or deposition preparation consistent with Paragraph 38, above;

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     Any other person as to whom the Designating Party has consented to disclosure in advance;

(k)     Special masters or discovery referees appointed by the Court;

(l)     Mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and/or

(m)     Such other persons as may be ordered by the Court, after the Designating Party has had an opportunity to be heard.

41.     A Receiving Party's Outside Counsel may disclose any information or item designated "Confidential - Attorney Eyes Only" only to:

(a)     Employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Defendants' directors, officers, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

(c)     Experts retained by the Producing Party and their staff;

(d)     Experts retained by the Receiving Party and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(f)     Court reporters, videographers, and their staff;

(g)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h)     Deponents and witnesses (and their counsel, if applicable) during a deposition, hearing, or deposition preparation consistent with Paragraph 38, above;

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     Persons who prepared, received, or reviewed the "Confidential - Attorney Eyes Only" Information prior to its production;

(k)     Any other person as to whom the Designating Party has consented to disclosure in advance;

(l)     Special masters or discovery referees appointed by the Court;

(m)     Mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and/or

(n)     Such other persons as the parties may agree or may be ordered by the Court.

## VIII.  Information Filed with the Court

42.     The fact that information or material has been designated as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" is not

determinative of whether such information is, in fact, entitled to be deemed as such.

43.     <u>Filing by the Designating Party</u>: The Designating Party may file designated Protected Material under seal or in redacted form per Local Rule 5.1(d) provided that contemporaneous with the filing, the Designating Party submits a separate motion and supporting declaration demonstrating good cause why the Protected Material meets the Seventh Circuit's standards for maintaining the designated Protected Material under seal or in redacted form. Within 10 days of the filing of this separate motion, a Receiving Party may challenge the Designating Party's motion to maintain the Protected Material under seal or in redacted form. Consistent with local rules, no reply brief shall be filed except in exceptional circumstances. SDIL–LR 7.1(g).

44.     <u>Filing by a Receiving Party</u>: A Receiving Party shall file provisionally under seal or with redactions per Local Rule 5.1(d) any material designated by a Designating Party as Protected Material. The Designating Party shall then have 10 days after the Receiving Party's filing to submit a separate motion and supporting declaration demonstrating good cause why the Protected Material should be maintained under seal or in redacted form. Within 10 days of the filing of this separate motion, a Receiving Party may challenge the sealing or redaction. Consistent with local rules, no reply brief shall be filed except in exceptional circumstances. SDIL–LR 7.1(g).

45.     The time frames set forth above may be extended by agreement of the parties or Court order in individual instances.

46.     The process set forth above does not apply to motions regarding confidentiality designation disputes, which are governed by Section VI above.

## IX.     Security of Protected Material

47.     Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.

48.     If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with reasonable assurance that the breach shall not recur; and (3) provide sufficient information about the breach so that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party and/or law enforcement in investigating any such security incident.

X.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

49.   If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" the Receiving Party must:

(a)   Within two (2) days if compliance is due in less than ten (10) days, or at least seven (7) business days before compliance is due in more than ten (10) days, notify in writing the Outside Counsel for the Designating Party (by email, if possible) unless prohibited by law from doing so. Such notification must include a copy of the subpoena or court order;

(b)   Within two (2) days if compliance is due in less than ten (10) days, or at least seven (7) business days before compliance is due in more than ten (10) days, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

50.   If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information

designated in this Action as "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or violate any applicable state or federal law, rules, or regulations.

## XI. Party's Own Information

51.     The restrictions on the use of "Confidential - Paraquat Litigation" or "Confidential - Attorney Eyes Only" Information established by this Protective Order are applicable only to the use of the Information received by a Party from another Party or from a Non-Party.

52.     Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information lawfully obtained by such Party or witness independently of the discovery proceedings in these actions, whether or not such documents, material or information are also obtained through discovery proceedings in these actions.

## XII. A Non-Party's Protected Material Sought to be Produced in this Litigation

53.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential - Paraquat Litigation"

or "Confidential - Attorney Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

54.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, then the Party shall (i) promptly notify in writing the requesting party and the Non-Party; (ii) provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (iii) make the information requested available for inspection by the Non-Party.

55.     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce such information before determination by the Court.

## XIII.  Unauthorized Disclosure of Protected Material

56.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not

authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This shall not limit any remedies that the Designating Party may have for disclosure of Protected Material.

## XIV.   Miscellaneous

57.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order. Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon Plaintiffs' Co-Lead Counsel and Defendants' Liaison Counsel, with such writings to be filed with the Court if so directed. The Parties expressly reserve all rights to seek further protection.

58.   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this Order.

59.     Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

60.     Entering into, agreeing, and/or complying with the terms of this Order shall not: (a) operate as an admission by any Party that any particular documents, material, or information contain(s) or reflect(s) currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

61.     Neither the existence of this Order nor any of its terms shall in any manner burden the right of any Defendant to assert defenses available under Federal Rules of Civil Procedure 8, 9, or 12 or otherwise challenge the sufficiency of any claim under the applicable laws. This Order and its terms

are expressly limited to this matter and shall not be used as evidence or considered in any other matter filed against any Defendant as a waiver to assert defenses of any kind including, but not limited to, choice of law, jurisdiction and venue. Neither the existence of this Order nor any of its terms shall in any manner burden the right of any Defendant to assert defenses of any kind including, but not limited to, those available under Federal Rule of Civil Procedure 12(b) in any unrelated matter. All such defenses are expressly reserved by the Defendants.

62.    Nothing in this Order shall require a Party to violate any applicable public records access, disclosure, or retention laws.

63.    Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.

64.    In the event that any person or Party violates the terms of this Protective Order by disclosing personal information relating to an individual third party, or in the event that any person or Party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching Party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

XV.   **Final Disposition**

65.    Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final disposition of this Action (as defined by paragraph 27, above) each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that must be preserved as government records or in compliance with other statutory, regulatory or legal authorities. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon the written request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within a reasonable time after receiving the request that (1) identifies by bates number listing all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, lead counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials

contain protected material.

**IT IS SO ORDERED.**

**DATED:   August 11, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Southern

District of Illinois on _____, in the case of *In re: Paraquat Products Liability Litigation*,

Case No. 3:21-MD-3004-NJR. I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Southern District of Illinois for the purpose of enforcing the terms of this Protective

Order, even if such enforcement proceedings occur after the termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____