# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION,** | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| **This Document Relates to All Cases** | |

## DECLARATION OF JOSEPH ORLET IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PRODUCTION OF *HOFFMANN* EXPERT MATERIALS

Pursuant to 28 U.S.C. § 1746, I, Joseph Orlet, declare as follows:

1. I am an attorney employed by Husch Blackwell and a member of the State Bar of Illinois. I have appeared as counsel in this action for Chevron U.S.A. Inc. I submit this declaration in support of Defendants' Objections To Production Of *Hoffmann* Expert Materials. I have personal knowledge of the facts set forth below and could competently testify upon these matters if called upon to do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of the protective order entered by the Circuit Court in *Hoffmann, et al. v. Syngenta, et al.*, No. 17-L-517, Cir. Ct., 20th Jud. Cir., St. Clair Cnty., Ill. (the "*Hoffmann* Litigation").

3. Attached hereto as Exhibit 2 is a true and correct copy of a letter dated July 28, 2021, received from Stephen M. Tillery regarding production of materials from the *Hoffmann* Litigation. Certain confidential information in the letter has been redacted.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of August, 2021 in St. Louis, Missouri.

                                                    /s/ Joseph Orlet
                                                  Joseph Orlet

# Exhibit 1

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| THOMAS HOFFMANN, DIANA HOFFMANN, JERRY MILLS, RONALD NIEBRUEGGE, MARY NIEBRUEGGE, JOHN HOPKINS, FREEMON SCHMIDT, BETTY SCHMIDT, JAMES HEMKER, JUDITH HEMKER, CARROLL ROWAN, and MARY ROWAN,<br>　　　Plaintiffs,<br>v.<br>SYNGENTA CROP PROTECTION, LLC, SYNGENTA AG, CHEVRON PHILLIPS CHEMICAL COMPANY LP, and GROWMARK INC.,<br>　　　Defendants. | No. 17-L-517 |



FILED
ST. CLAIR COUNTY
SEP 1 1 2018
50　　CIRCUIT CLERK

**PROTECTIVE ORDER**

This Protective Order ("Order") shall govern the use and dissemination of information and documents disclosed or produced in this action and designated as Confidential Information.

1. The terms "document" and "documents," as used in this Order, have the same meaning as in the Illinois Supreme Court Rules.

2. Any party to this action or other person or entity who discloses or produces any information or document in this action (the "Designating Party" or "Producing Party") may designate as "Confidential Information:": (a) any document or information that contains a Trade Secret, (b) any document or information whose publication or release to the public is barred or prohibited by

any state or federal law, (c) personal tax and medical records, or (d) any other documents that are not in the public domain and are so proprietary or competitively sensitive that their public disclosure would likely cause competitive injury. This latter category includes business plans, pricing plans, customer lists, marketing strategies, regulatory strategies, supply chains, manufacturing strategies, budgets, and account balances which have been kept confidential.

3.  The term "Trade Secret" as used in this order means any information or document or portion thereof that constitutes or contains a trade secret under the law of the State of Illinois; i.e., any "technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2(d).

4.  The designation of any document as "Confidential Information" shall be made by affixing on the document containing such information, and upon each page so designated if practicable, a legend that in substance states: "CONFIDENTIAL – PARAQUAT LITIGATION", and shall otherwise be made in a manner consistent with the relevant provisions of the Court's order regarding the

preservation and production of documents and electronically stored information. The preferred location for the legend is the lower left side of the page, but the producing party may select another appropriate location as may be needed to avoid obscuring any portion of a particular document.

5. Any party to this action or other person or entity may make a preliminary designation of the testimony in a deposition as "Confidential Information" by stating that fact on the record at the deposition. Within fourteen (14) calendar days (or the next business day if the 14th day falls on a weekend or holiday) after receiving the edited (not rough) deposition transcript, the Designating Party shall notify the court reporter, counsel of record for all parties, and counsel (if any) who appeared at the deposition for any non-party deponent, of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential Information and amend the cover page to reflect that these specific designations have been made. Counsel of record for all parties and counsel (if any) who appeared at the deposition for any non-party deponent may have immediate access to the deposition transcript, but until the page and line designations have been made, shall treat the entire transcript as Confidential Information.

6.  Confidential Information that has been produced in this litigation may be disclosed only to:

   a.  The parties to this litigation, including Plaintiffs and Defendants, including any current or former officers, directors, employees, agents and representatives of the parties to the extent that such person(s) are assisting in the prosecution or defense of this action;

   b.  This Court and its personnel.

   c.  Outside counsel (including staff persons employed by such counsel) retained by a party for this litigation, regardless of whether they are counsel of record who have entered an appearance before this Court, provided that any such outside counsel and staff execute the Confidentiality Acknowledgement and Consent Form ("Acknowledgement"), attached hereto as Exhibit A, prior to any disclosure to such outside counsel or staff, and that a copy of such signed Acknowledgement is retained by counsel for the party who retained such outside counsel;

   d.  In-house counsel of a party to this litigation (including staff persons employed by such counsel). In-house counsel for a Defendant may have access to Confidential Information produced by a Plaintiff, but not to Confidential Information produced by another Defendant;

   e.  Third party experts, vendors or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute the Confidentiality Acknowledgement and Consent Form ("Acknowledgement"), attached hereto as Exhibit A, prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Acknowledgement is retained by counsel for the party who retained such an expert or consultant. Disclosure of Confidential material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial;

   f.  Any potential, anticipated or actual fact witness and his or her counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purpose of trial preparation, factual investigation, or discovery. If any such fact witness is not a current employee of any party or is a former employee of any party but is not represented by party counsel, such persons must execute the

Acknowledgement prior to disclosure, and a copy of such signed Acknowledgement must be retained by counsel for the party making the disclosure;

      g.      The author, addressee or recipient of the document or any other person who, from the face of the document, reviewed or had access to such document (not including a person who received the document solely in the course of the litigation);

      h.      Stenographers or court reporters who record testimony taken at any time or place in the course of this litigation or persons operating video recording equipment of and at such testimony;

      i.      Any mediator or third party appointed by the Court or jointly selected by the parties for settlement purposes;

      j.      Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Protective Order; and

      k.      Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

7.      If a party wishes to disclose Confidential Information to any person not described in paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure within seven days, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

8.      Where any Confidential Information or information derived from Confidential Information is included in any court filing, the parties shall comply with the applicable Illinois Supreme Court and Circuit Court Rules for the filing of

materials under seal, and such filing shall be marked "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" and placed in a sealed envelope marked with the caption of the case, filed with the Clerk of the Court and/or Court and held under seal.

9. Except to the extent authorized in and subject to paragraphs 16 and 18 of this Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case and/or any appeal thereof.

10. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the information and documents from which it was made or derived.

11. Any party may object to a designation made under this Order by notifying the Designating Party in writing of that objection and specifying the designated information or document or portion thereof to which the objection is made. The parties shall, within fifteen (15) days of service of the written objection, confer in good faith concerning any such objection. If the objection is not resolved, either party may file a motion asking the Court to resolve the dispute. If no motion is filed within 30 days after the objection is served, the information or document shall be deemed to be Confidential Information, unless otherwise agreed by the parties. If a motion is filed, the information or document or portion thereof subject

to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any information or document or portion thereof which is re-designated or ceases to be subject to the protection of this Order either by agreement of the parties or an order by the Court, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

12. Upon any challenge to the designation of any information or document or portion thereof as Confidential Information, the Designating Party shall bear the burden of establishing that the relevant document or information qualifies for confidential protection under this Order. In the event the Court finds a lack of good faith in the designation of any information or document or portion thereof as Confidential Information, or the challenge thereto, the Court may award attorney's fees and costs to opposing counsel in connection with such designation or challenge.

13. Inadvertent failure to designate any information or document or portion thereof as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim and the basis for it is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the prompt

return to the Designating Party, sequestration, or destruction of the specified information or document and any copies that the receiving party has, and for the substitution, where appropriate, of properly labeled copies; the receiving party must not disclose the information or document or portion thereof until the claim is resolved, must take reasonable steps to retrieve it if the party disclosed it before being notified, and may promptly present it to the court under seal for a determination of the claim. The producing party must preserve the information or document until the claim is resolved. In the case of inadvertently produced privileged and/or work product documents, the relevant procedures set forth in the Court's order regarding the preservation and production of documents and electronically stored information shall apply.

14. Nothing in this Order shall be deemed to restrict in any manner the use by any Designating Party of any of its own information and documents.

15. If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Order, counsel for such party shall within two (2) days if compliance is due in less than ten (10) days, or at least seven (7) business days before compliance is due if compliance is due in more than ten (10) days, notify the Designating Party in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to

take appropriate steps to protect it. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date for compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the Confidential Information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

16. This Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is Confidential Information.

17. This Order is not intended to govern the use of Confidential Information at any trial of this action. Questions about the protection of Confidential Information during trial will be presented to the Court and any Designating Party prior to or during trial as each party deems appropriate.

18. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Order, notwithstanding the termination of this action.

19. Within one hundred twenty (120) days after conclusion of this action, including the exhaustion of all appeals, all Confidential Information produced in this litigation (other than Confidential Information filed with the court or used as deposition exhibits) shall be returned to the Designating Party or shall be destroyed. However, documents that constitute or contain information protected by the attorney-client privilege or work product doctrine that incorporate Confidential Information of a Designating Party need not be returned to the Designating Party but shall be destroyed within the same time frame. Counsel for any party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action.

20. All discovery produced by any party to this action and all depositions taken in the following cases and designated as Confidential Information in any of such cases shall be deemed to have been produced in this action and shall be subject to this order:

    a. Holiday Shores Sanitary District v. Syngenta Crop Protection, Inc. and Growmark, Inc., Madison County, Illinois, Cause No. 2004-L-710;

    b. City of Greenville, Illinois, et al. v. Syngenta Crop Protection, Inc. and Syngenta AG, U. S. District Court for the Southern District of Illinois, Cause No. 10-cv-188-JPG-PMF;

c. Doe, James, et al. v. Syngenta Crop Protection, LLC, Syngenta AG, Growmark, Inc., M&M Service Company, Hamel Seed & Farm Supply, Inc., and St. Clair Service Company, St. Clair County, Illinois, Cause No. 13-L-425.

IT IS SO ORDERED

Dated: 9/11/18

Judge

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| THOMAS HOFFMANN, DIANA HOFFMANN, JERRY MILLS, RONALD NIEBRUEGGE, MARY NIEBRUEGGE, JOHN HOPKINS, FREEMON SCHMIDT, BETTY SCHMIDT, JAMES HEMKER, JUDITH HEMKER, CARROLL ROWAN, and MARY ROWAN,<br>    Plaintiffs,<br>v.<br>SYNGENTA CROP PROTECTION, LLC, SYNGENTA AG, CHEVRON PHILLIPS CHEMICAL COMPANY LP, and GROWMARK INC.,<br>    Defendants. | No. 17-L-517 |

### EXHIBIT A: CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, being duly sworn, on oath state:

    1.    I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential Information may be provided to me and that such access is pursuant to the terms, conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

    2.    I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information. If I fail to abide by the terms of

this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court.

Dated:

_____<br>Signature

_____<br>Printed Name

No. 17-L-517
Page 2 of 2

# Exhibit 2

July 28, 2021

Mr. Joseph Orlet                                    Ms. Leslie Smith
Husch Blackwell LLP                                 Kirkland & Ellis LLP
190 Carondelet Plaza                                300 North LaSalle
Suite 600                                           Chicago, IL  60654
St. Louis, MO  63105                                Lsmith@kirkland.com
Joseph.Orlet@huschblackwell.com

      RE:    Hoffmann et al., v Syngenta et al.

Dear Mr. Orlet and Ms. Smith:

      Thank you for notifying us of Judge Rosenstengel's Case Management Order #5 ("CMO #5"), entered July 23, 2021 in the paraquat MDL.  The *Hoffmann* plaintiffs object to CMO #5's apparent requirement that you submit to a document repository documents that our clients, the plaintiffs in the pending *Hoffmann* action, designated as confidential under the protective order in that case.  It is my understanding that this specific issue was not raised or discussed at the case management conference held in the MDL on Friday, July 23, 2021, and I believe Judge Rosenstengel would not have entered such a blanket order had she been made aware of the relevant facts.

      As you know, on September 11, 2018, the St. Clair County Circuit Court entered a protective order to help facilitate discovery in *Hoffmann*.  Pursuant to that order, each of the parties designated numerous documents as confidential. We have not had time to prepare a list of every document we designated confidential on behalf of our clients in *Hoffmann*, but at the very least, that list includes the plaintiffs' deposition testimony, medical records and bills, and financial information, which are personal, private, and of no relevance to the litigation in the MDL. That list also includes plaintiffs' expert

reports—all of which are proprietary to this firm, incorporate attorney work product and this firm's trade secrets, and are protected by common-law copyright—and the related deposition testimony of the plaintiffs' experts.

Paragraph 6 of the *Hoffmann* protective order lists the persons to whom "Confidential" information can be disclosed. The parties and counsel in the federal MDL pending before Judge Rosenstengel are not included on that list, and thus disclosure to them of the *Hoffmann* plaintiffs' confidential documents would violate the state court protective order. The protective order expressly contemplates that if a party desires to disclose information other than in accordance with the order, the motion shall be made to the Circuit Court of St. Clair County. *See Hoffmann* Protective Order 9-11-18, at ¶16.

*Hoffmann* is still pending and the protective order, as subsequently modified, is still in effect. I am aware of no authority that would permit Judge Rosenstengel to require you or anyone else to violate a protective order entered by another judge in a pending case. In fact, it appears to be settled law that a party seeking relief from a protective order in a pending matter must seek that relief from the court that issued the protective order.[1] In short, if the parties and counsel in the federal MDL want access to materials in the *Hoffmann* action that plaintiffs designated confidential pursuant to the protective order entered in *Hoffmann*, they need to seek relief from Judge Hoerner, not Judge Rosenstengel.

None of the materials at issue are in the public record as of yet, because the *Hoffmann* case has yet to be tried. To the extent any of these materials were filed with the Circuit Court of St. Clair County, they were filed under seal and remain under seal pursuant to the procedure set forth in the protective order. ███████████████████████████████████████████████████████████████████████

---

[1] See, e.g., *State Auto. Mut. Ins. Co. v. Davis*, 2:06-CV-00630, 2007 WL 2670262, at *2 (S.D.W. Va. Sept. 7, 2007) ("in the interests of fairness, preserving the reliability of protective orders, and upholding the principle of comity, the court declines to order production of documents covered by the protective order in *Bailey v. Davis…*. Any request to modify an order entered by the Circuit Court of Nicolas County should be addressed to that court."); *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) (observing "this Court is without authority to alter the Protective Order entered by another court by ordering production of any documents within the scope of the Protective Order" and ordering procedure for parties to follow including returning to the original judge who entered the protective order for relief from it); *Ohio Willow Wood Co. v. ALPS S., LLC*, 2:05-CV-1039, 2010 WL 3470687, at *2 (S.D. Ohio Aug. 31, 2010), *aff'd and adopted*, 2:05-CV-1039, 2011 WL 1043474 (S.D. Ohio Mar. 18, 2011) ("While courts may vacate protective orders issued by another court where the case has been closed or otherwise dismissed, … when the other matter is ongoing, courts have held that any request necessitating the modification of the protective order be directed to the issuing court.").

██████████████████████████████████████████
██████████████████ For obvious reasons, my clients in the state court *Hoffmann* action would be seriously prejudiced if these materials were disclosed in the federal MDL prior to trial of their own case.

And there was very good reason why we designated the materials at issue "Confidential" in the first place. For example, two of plaintiffs' experts (a specific causation expert and a life-care planner) spent substantial portions of their reports discussing the personal, private medical information and anticipated future medical treatment and expenses of each of the *Hoffmann* plaintiffs. One of the most fundamental rights under our Constitution is "the right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information—information that most people are reluctant to disclose to strangers." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010). The right can be overcome only upon proof of a strong public interest in access to or dissemination of the information. *Id.* No such showing was made to Judge Rosenstengel, and yet her broad order would require the production of thousands of pages of personal medical information of my clients in the federal MDL. Again, it seems unlikely Judge Rosenstengel would have ordered such production had she known they contained private medical information of terminally ill clients in a pending matter.

With respect to all of the expert reports, ████████████████████████████
██████████████████████████, some of which incorporate our theories of the case, work product, and trade secrets – a fact reflected in our stipulation regarding the non-production of draft expert reports and expert communications. In my opinion, the attorney work product reflected in these reports are trade secrets under Illinois law, and although of necessity have been disclosed to the *Hoffmann* defendants, have been kept confidential from the rest of the world pursuant to the protective order. Further, I believe my firm has a common law copyright interest in the expert materials that would be destroyed by disclosure without compensation. As one court observed:

> In a society where knowledge is so valuable, there is something unfair about the courts permitting their processes, such as the issuance of a subpoena, to destroy that market in order to take for free the product of an individual's diligence, research, and expertise. Additionally, a technocratic society should not create a means to evade the protection a copyright provides, lest it deter creativity and imagination. The Founding

> Fathers may have written with quill pens, but they appreciated that the protection of copyrights was crucial "[t]o promote the Progress of Science and useful Arts...." U.S. Const. art I, § 8. Courts should not eviscerate copyright protection simply because someone shows up with a subpoena rather than a checkbook.

*Statutory Comm. of Unsecured Creditors v. Motorola, Inc.*, 218 F.R.D. 325, 326 (D.D.C. 2003). It would be beyond unfair to allow other plaintiffs' lawyers a free ride at my firm's expense before these materials are made public at a trial in the *Hoffmann* action.

In addition, we also object to your disclosure of your own experts' reports and reliance materials to the extent they include our specific work product in terms of material summarized from thousands of pages of depositions. Should you need more specific references we are happy to go through those defense reports and identify specific testimony and documents. In this condensed time frame for response we have not been able to do this.

For these reasons, we ask that you make Judge Rosenstengel aware of our objections to the production of these materials in the federal MDL and ask her to modify CMO #5 to the extent it infringes upon our rights and/or the St. Clair County Circuit Court's protective order in *Hoffmann*. To the extent you continue to be under Order to disclose the plaintiff's documents after disclosing our objections, I ask that you notify me immediately so that I may present our objections to the Court.

Sincerely,

Stephen M. Tillery

SMT/ld