IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

This Order addresses Defendants' Status Report Regarding *Hoffmann* Discovery Materials filed on August 30, 2021 (Doc. 319), and Plaintiffs' Response to Defendants' Objections to Production of *Hoffmann* Expert Materials filed on September 1, 2021 (Doc. 325).

Before the *In re: Paraquat Products Liability Litigation* MDL was formed, similar cases involving paraquat were pending for several years in St. Clair County, Illinois, before the Honorable Kevin Hoerner. *Hoffmann, et al. v. Syngenta Crop Protection, LLC, et al.*, No. 17-L-517, was one of the St. Clair County cases and was set for trial in May 2021. To date, the *Hoffmann* matter remains pending.

This Court was aware of the status and history of the *Hoffmann* case soon after receiving the assignment of the MDL. In order to move the MDL in an expeditious manner, on July 23, 2021, the Court entered Case Management Order No. 5 and ordered the production of certain *Hoffmann* materials. Thereafter, the Court was informed that Stephen Tillery, counsel for Mr. Hoffmann, objected to the production of certain documents pertaining to the *Hoffmann* matter. On August 19, 2021, the Court issued Case

Management Order No. 6, ordering the parties to meet and confer on the objection raised to production of certain categories of materials. The parties did not resolve the dispute; therefore, the Court directed the parties to brief the issues.

The Court has reviewed the submissions and exhibits submitted by all parties and the applicable law. The Court finds that Plaintiffs are not requesting, nor will the Court order, the production of Mr. Tillery's proprietary thoughts or any attorney work product completed by any party in *Hoffmann*. More specifically, the Court will **not** order the production of any counsel's notes, outlines, summaries, or compilations that were neither served nor disclosed in a public forum.

Nevertheless, for the reasons stated in Plaintiffs' response brief, the Court hereby **ORDERS** the following to be transmitted to Plaintiffs by September 10, 2021:

1. **Discovery**. To the extent not already produced, Defendants shall produce all written discovery requests and responses exchanged in *Hoffmann*.

2. **Deposition transcripts**. Defendants are ordered to produce all non-expert witness deposition transcripts and exhibits.

3. **Expert reports**. Defendants are ordered to produce all expert reports prepared by either party, subject to the limitation below.

4. **Pleadings**. To the extent not already produced, all pleadings in *Hoffmann*, including those filed under seal, are hereby ordered to be produced.

All production of *Hoffmann* materials in the MDL shall be produced within the confines of the Protective Order negotiated and entered by the Court on August 11, 2021. (Doc. 218).

Any materials identified above that contain specific biographical or identifying information of plaintiffs in *Hoffmann* (or other paraquat cases pending in St. Clair County)

shall be withheld, subject to the application of the protective order entered by the Court in *Hoffmann*.

Finally, counsel for Mr. Hoffmann and counsel for Defendants are **DIRECTED** to file a motion before Judge Hoerner in the Circuit Court of St. Clair County, Illinois, on or before **September 10, 2021**, regarding documents related to Mr. Tillery's proprietary thoughts, or any work product completed by any party in *Hoffmann* that is governed by the *Hoffmann* protective order.

**IT IS SO ORDERED.**

DATED:   September 3, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**