IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No.: 3:21-md-3004-NJR<br><br>MDL No. 3004 |
| This Document Relates to All Cases | ) | |

### PLAINTIFFS' MOTION FOR ALTERNATE SERVICE OF PROCESS ON DEFENDANT SYNGENTA AG

Plaintiffs, pursuant to Federal Rule of Civil Procedure 4(f), request entry of an Order authorizing alternate service of process on Swiss Defendant Syngenta AG.

#### INTRODUCTION

This Court may authorize Plaintiffs to use alternate service under the applicable federal rules. For defendants located outside the United States, Federal Rule of Civil Procedure 4(f) authorizes service by alternate means, including email, at the Court's discretion. Under the present circumstances, service of Defendant Syngenta AG via email, via its domestic subsidiary and/or domestic counsel of record is proper and justified under the circumstances, where Syngenta AG has been aware of and involved in this litigation for several years, has been served via The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") in at least one action pending in this MDL, and previously has waived service in three actions pending in this MDL.

#### ARGUMENT

I. **Federal Rule of Civil Procedure 4(f)(3) authorizes service via email on Syngenta AG's domestic subsidiary and/or its U.S. based counsel.**

Rule 4(f)(3) of the Federal Rules of Civil Procedure allows the Court to authorize service of process by any "means not prohibited by international agreement as may be directed by the court," so long as the alternative method of service authorized by the Court is "reasonably

calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Zelasko v. Comerio*, 2008 U.S. Dist. LEXIS 53316, at *3 (S.D. Ill. Jul. 14, 2008); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, at *5-8 (S.D.N.Y. Mar. 13, 2007); *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court[;]'" in exercising such discretion, courts have consistently held that a plaintiff "is **not** required to first attempt service through [the Hague Convention] under Rule 4(f)(1) before asking th[e] Court to allow alternate means." *Monco v. Zoltek Corp.*, 2018 U.S. Dist. LEXIS 111697, at *11 (N.D. Ill. Apr. 24, 2018) (emphasis added); *see also Brockmeyer*, 383 F.3d at 805. Instead, the court has discretion to allow alternate service if "specific facts and circumstances regarding the Foreign Defendants warrant the use of an alternative method." *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 U.S. Dist. LEXIS 55430, at *7 (N.D. Cal. Apr. 11, 2017).

"Alternative service is neither a last resort nor extraordinary relief" but rather is one of several options available for service of process on a defendant located outside the United States. *1025 W. Addison St. Apts. Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, 2021 U.S. Dist. LEXIS 99131, at *22 (N.D. Ill. May 26, 2021) (internal quotation and citation omitted).  Each provision of Rule 4(f) stands on equal and independent footing, and a plaintiff is not required to exhaust service under one provision before seeking service under Rule 4(f). *See Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, 2017 U.S. Dist. LEXIS 98374, at *2 (N.D. Ohio Jun. 26, 2017) (noting that "courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)"

and a plaintiff "is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3).").

Alternative service of process by email is proper where, as here, the proposed method of service is not prohibited by international agreement. Syngenta AG has been on notice of personal injury cases relating to the use of paraquat and subsequent development of Parkinson's disease for nearly four (4) years and has, throughout that period of time, been represented by the same counsel. There is no doubt that service of process via email upon Syngenta AG's U.S. based counsel satisfies due process. *See Rio Props. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002) ("To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."). Syngenta would receive adequate notice by being served at the same email addresses that have been used to receive discovery requests and regular correspondence concerning these cases for years.

> **a. Service of process via email is not prohibited by international agreement.**

Although the Hague Convention applies with respect to service on Syngenta AG in Switzerland, the Hague Convention does not prohibit service by email, even where the country (such as Switzerland) in which the defendant is located has objected to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail. *Parsons v. Shenzen Fest Tech. Co.*, 2021 U.S. Dist. LEXIS 35903, at *7 (N.D. Ill. Feb. 26, 2021) (permitting email service on foreign defendant); *Gang Li v. Dolar Shop Rest. Grp., LLC*, 2019 U.S. Dist. LEXIS 156851, at *4-5 (E.D.N.Y. Sept. 13, 2019) ("I agree with the reasoning of the courts that have found email service not prohibited [where a country has objected to other forms of service permitted by Article 10 of the Hague Convention]"); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331

(S.D.N.Y. Nov. 27, 2015) ("China's objection to service by postal mail does not cover service by email, and these forms of communication differ in relevant respects. Email communications may be more reliable than long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked."); *FTC v. Pecon Software Ltd.*, 2013 U.S. Dist. LEXIS 111375, at *4-5 (S.D.N.Y. Aug. 7, 2013) (holding that India's objection to Article 10 of the Service Convention did not prevent service by email pursuant to Rule 4(f)(3) and stating that "[n]umerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10"); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (allowing service on defendants in India by electronic mail because India's "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email pursuant to Rule 4(f)(3) on defendants located in countries that had objected to Article 10 of Service Convention).

Service in Switzerland requires the translation of the complaint, civil cover sheet, and summonses. See Switzerland – Central Authority & Practical Information (https://www.hcch.net/en/states/authorities/details3/?aid=276). After translation, the documents must be transmitted to Switzerland's Central Authority for service, a process which takes *months* and perhaps even longer due to the ongoing COVID-19 pandemic. See id. Contrary to the designs of Federal Rule of Civil Procedure 1, such service will result in extensive delay and expense for all claimants seeking to participate in this coordinated proceeding. *See Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 542-3 (1987) ("A

rule of first resort [to the Hague Convention] in all cases would therefore be inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts").

### b. Service of process via email is reasonably calculated to provide notice to Syngenta AG.

"By design, Rule 4(f)(3) was adopted in order to provide a modern flexibility and discretion to the federal courts in today's digital age in dealing with questions of alternative methods of service of process in foreign countries." *Philip Morris*, 2007 U.S. Dist. LEXIS 19780, at *8 (internal quotations and citation omitted). "Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts." *Broadfoot v. Diaz (In re International Telemedia Assocs.)*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000). Thus, courts have fashioned a variety of different methods of service, including service by email. *See, e.g., Prediction Co. LLC v. Rajgarhia*, 2010 U.S. Dist. LEXIS 26536, at *1-5 (S.D.N.Y. Mar. 22, 2010) (allowing service by email address previously used by defendant to communicate with plaintiff); *Philip Morris*, 2007 U.S. Dist. LEXIS 19780, at *9-10 (allowing service by email and fax).

Service by email is particularly appropriate and constitutionally permissible where, as here, a defendant is a multi-national corporation engaged in extensive online operations and email communications. *See, e.g., McCluskey v. Belford High Sch.*, 2010 U.S. Dist. LEXIS 62608, at *9-10 (E.D. Mich. June 24, 2010) (concluding that service via email was appropriate where the defendants relied on email to conduct their business). "The current global pandemic provides further reason [] that service via email satisfies due process, as it is the most efficient method to accomplish service." *Grp. One Ltd. v. GTE GmbH*, 2021 U.S. Dist. LEXIS 84335, at *41 (E.D.N.Y. Feb. 3, 2021). "[C]ompared to postal mail, emails are more reliable." *Id*. Thus, email

service has the greatest likelihood of reaching Syngenta AG, particularly considering the challenges posed by the ongoing COVID-19 global pandemic.

Syngenta AG is well-aware of litigation pending against it for paraquat-related injuries. It has been involved in related litigation in Illinois state court since 2017. It was served via the Hague Convention, and domestic counsel at Kirkland & Ellis entered appearances on behalf of Syngenta AG beginning in 2018. *See Hoffmann v. Syngenta Crop Protection LLC*, 17-L-0517 (Ill. Cir. Ct., 20th Jud. Cir.), Proof of Service dated Oct. 24, 2017, Entries of Appearance filed 2018-2021 (attached hereto as Exhibits A and B, respectively). Likewise, service was effected on Syngenta AG via the Hague Convention in multiple cases pending in California state court. *See e.g., Cathey v. Syngenta AG,* Case No. C19-00666 (Sup. Ct., Contra Costa County, California); *Eskelsen v. Syngenta AG,* Case No. CGC-575004 (Sup. Ct., San Francisco County, California); *Champion v. Syngenta et. al,* Case No. CGC-19-575011 (Sup. Ct., San Francisco County, California); *Mansfield v. Syngenta et. al*, Case No. C19-00669 (Sup. Ct., Contra Costa County, California) (Returns of Service attached hereto as Exhibits C-F, respectively).

Saliently, Syngenta AG was served via the Hague Convention in *Holyfield v. Syngenta AG*, case number 3:21-pq-00533-NJR (S.D. Ill.), while the case was pending in the Eastern District of Missouri. Syngenta AG thereafter joined in the motion to dismiss filed by the other Syngenta Defendants and participated in the action, which now is pending in MDL 3004. *See Holyfield*, Case No. 3:21-pq-00533-NJR Return of Service dated Aug. 31, 2020 and Syngenta AG's Notice of Joinder dated Oct. 19, 2020 (attached hereto as Exhibits G and H, respectively). Additionally, Syngenta AG previously waived service through its domestic counsel at Kirkland & Ellis in three (3) actions currently pending in this MDL. *See Hemker v. Syngenta Crop Protection LLC*, No. 3:21-pq-00547-NJR, Doc. 7 (S.D. Ill. Mar. 22, 2021) (attached hereto as Exhibit I); *Piper v.*

*Syngenta Crop Protection LLC*, No. 3:21-pq-00548-NJR, Doc. 7 (S.D. Ill. Mar. 22, 2021) (attached hereto as Exhibit J); *Runyon v. Syngenta Crop Protection LLC*, No. 3:21-pq-00549, Doc. 7 (S.D. Ill. Mar. 22, 2021) (attached hereto as Exhibit K).

There can be no question that Syngenta AG has notice of the claims asserted in MDL 3004. Requiring every claimant in this coordinated proceeding to serve Syngenta AG under the Hague Convention thwarts the purposes noted in Rule 1 to secure the just, speedy, and inexpensive determination of every action and proceeding, as well as the purpose behind 28 U.S.C. § 1407 to promote the just and efficient conduct of such actions.

### c. Email service upon Syngenta AG's U.S. based counsel who also represent its wholly-owned domestic subsidiary is justified.

Service on a subsidiary of a foreign corporation can be permissible as an independent means of accomplishing service, where that subsidiary is an agent. *See, e.g. In re Cathode Ray Tube Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384 (N.D. Cal. Sept. 3, 2008) (service of foreign defendant through domestic subsidiary and counsel); *In re LDK Solar Sec. Litig.*, 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. Jun. 12, 2008) (authorizing service on local subsidiary); *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 707-08 (1988) (Hague Convention need not be used to serve process on a foreign corporation when service can be made on a U.S. subsidiary with a sufficiently close relationship to overseas parent); *Zisman v. Sieger,* 106 F.R.D. 194, 199-200 (N.D. Ill. 1985) (service accomplished within United States on local agent of foreign defendant renders Hague Service Convention inapplicable). Defendant Syngenta Crop Protection LLC is a named defendant in every case currently pending in MDL 3004; it is a wholly-owned subsidiary of Syngenta AG. See Syngenta AG U.S. Securities and Exchange Commission Form 20-F, p. 35 (Feb. 12, 2015) (https://www.sec.gov/Archives/edgar/data/1123661/000095010315001201/dp52748_20f.htm)

(last visited Aug. 18, 2021) (noting Syngenta AG's "100%" ownership of Syngenta Crop Protection LLC).

Not only is Syngenta Crop Protection LLC a wholly-owned subsidiary of Syngenta AG, but they also are represented by the same U.S. based counsel in this MDL and related state court litigation. Federal courts have held that a defendant does not have to authorize service on U.S. based counsel. *1025 W. Addison St.*, 2021 U.S. Dist. LEXIS 99131, at *22. "Courts have allowed service upon a foreign defendant's U.S. counsel to prevent further delays in litigation and, in fact service upon a foreign defendant's United States-based counsel is a common form of service under Rule 4(f)(3)." *Id.* at *25 (internal quotation and citation omitted); *see also Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 U.S. Dist. LEXIS 55430, at *11 (N.D. Cal. Apr. 11, 2017) ("Service upon a foreign defendant's counsel based in the United States is a common form of substituted service under Rule 4(f)(3) and it comports with due process."); *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 U.S. Dist. LEXIS 71269, at *44 (N.D. Cal. Jul. 1, 2011) (same); *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 129870, at *4 (E.D. Pa. Dec. 7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."). Nothing in the Hague Convention prohibits such service. *Richmond*, 2011 U.S. Dist. LEXIS 71269, at *44, *citing RSM Production Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 58194, at *3 (S.D.N.Y. Aug. 10, 2007).

As noted above, Syngenta Crop Protection LLC and Syngenta AG are represented by the same counsel in the *Hoffmann* matter in Illinois state court, where Syngenta AG was served using the Hague Convention; in the JCCP proceedings in California state court, where Syngenta AG has been served using the Hague Convention; in the *Holyfield* case currently pending in MDL 3004, in which Syngenta AG was served using the Hague Convention; and in the *Hemker*, *Piper*, and

*Runyon* cases, in which both Syngenta Defendants waived service of process in this MDL. Under these circumstances, service of process on Syngenta AG via email on its domestic subsidiary Syngenta Crop Protection LLC and/or its shared U.S. based counsel satisfies the requirements of Rule 4(f)(3) and comports with due process.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and authorize alternate service of process on the Defendant Syngenta AG.

Dated: September 3, 2021                           Respectfully submitted,

*/s/ Sarah Shoemake Doles*
Sarah Shoemake Doles
**CAREY DANIS & LOWE**
8235 Forsyth Blvd., Suite 1100
Saint Louis, Missouri 63105
(314) 725-7700
(314) 721-0905-0905 (Facsimile)
sdoles@careydanis.com

Khaldoun A. Baghdadi
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
650 California Street, 26th Floor
San Francisco, California 94108
(415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
**MEYERS & FLOWERS, LLC**
225 West Wacker Drive, Suite 1515
Chicago, Illinois 60606
(630) 232-6333
(630) 845-8982 (Facsimile)
pjf@meyers-flowers.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically filed Plaintiffs' Motion for Alternate Service of Process on Defendant Syngenta AG with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

Respectfully submitted,

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
CAREY, DANIS & LOWE
8235 Forsyth Boulevard, Suite 1100
Saint Louis, MO 63105
Telephone: (314) 725-7700
Facsimile: (314) 721-0905
sdoles@careydanis.com
Illinois Bar Number 6239179