IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# CASE MANAGEMENT ORDER NO. 8

**ROSENSTENGEL, Chief Judge:**

The Court **ORDERS** that the following procedures shall govern the filing of motions under Federal Rule of Civil Procedure 12(b)(6) by Defendants Syngenta Crop Protection, LLC, and Syngenta Corporation ("Syngenta") and Chevron U.S.A., Inc. ("Chevron").

1. **Current Actions.** Current Actions are pending actions in which a defendant was served with the complaint on or before August 11, 2021. Defendants shall raise any defenses and objections under Federal Rule of Civil Procedure 12(b)(6) by motion, which shall collectively address the Current Actions. Syngenta and Chevron may file separate motions, and each may join or incorporate by reference the other's motion. In keeping with the Court's Order entered on its electronic docket August 12, 2021, Defendants' Rule 12(b)(6) motion(s) shall be filed on or before **September 13, 2021**. Plaintiffs shall file responses on or before **October 13, 2021**, collectively responding to each 12(b)(6) motion. Defendants shall file replies, if appropriate, on or before **October 27, 2021**. The parties may attach to their filings one or more appendixes specifically identifying the legal rules, defenses, and objections that apply to particular actions. The parties' filings shall otherwise conform to the format and page limits in Local Rule 7.1. Except as provided herein, Defendants will not be required to answer or otherwise respond to Current Actions until after the Court rules on the Rule 12(b)(6) motions.

2. **Future Actions.** Future Actions are pending or future actions, including cases filed in or transferred to this Court, in which a defendant had not yet been served with a complaint on

or before August 11, 2021. For all Future Actions, Defendants' deadlines for answering or responding those complaints are stayed. Within 21 days of the Court's ruling on Defendants' initial 12(b)(6) motions, the parties shall submit a joint report about the effect of the Court's ruling on the remaining actions. At that time, the Court will set additional deadlines for answering and otherwise responding to the operative claims in all remaining actions. Nothing in these procedures will alter Defendants' discovery obligations as set forth in other orders.

3. **Defenses Preserved.** Defendants shall not include in their initial consolidated motions defenses or objections other than those asserted under Rule 12(b)(6). Likewise, the inclusion of a complaint in this MDL, whether such complaint was or will be filed originally or directly in the Southern District of Illinois, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district or in the district where a complaint was originally filed. Nothing in this Order shall operate to waive or be construed as a waiver of any defendant's rights to file a motion to dismiss or motion to transfer based on improper venue, *forum non conveniens*, lack of personal jurisdiction, the requirements of 28 U.S.C. §1407, *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), or any defense or objection other than under Rule 12(b)(6). Such defenses are specifically preserved and not waived.

**IT IS SO ORDERED.**

DATED: September 10, 2021

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**