IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Applies To: | Motion to Dismiss |
| All Current Actions. *See* CMO No. 8. | |

**DEFENDANT CHEVRON U.S.A. INC.'S
CONSOLIDATED PARTIAL MOTION TO DISMISS**

Defendant Chevron U.S.A. Inc. ("Chevron") files this motion under Federal Rule of Civil Procedure 12(b)(6) and CMO No. 8, ECF No. 347. This motion applies to all Current Actions as defined by CMO No. 8, which are also listed below. The motion seeks to dismiss (i) claims barred by statutes of repose or statutes of limitations based on the allegations in the Complaints; (ii) public nuisance claims; and (iii) claims against Chevron that arise from alleged paraquat exposure long after the time when Plaintiffs admit that Chevron ceased distributing the product. These claims are specifically identified in the appendix accompanying this motion. Defendants will also submit a proposed order identifying all of the counts that are subject to dismissal under this motion and the Syngenta Defendants' motion to dismiss, which Chevron joins.

As set forth in detail in the accompanying memorandum, Chevron moves as follows:

1. The Court should dismiss claims that are barred under the statutes of repose of Illinois, Indiana, Tennessee, Iowa, Georgia, North Carolina, and Connecticut, all of which extinguish products liability (or certain forms of such liability) a fixed number of years following the sale of the product.

2. The Court should dismiss claims that are barred under the statutes of limitations of Alabama, Maine, Michigan, Mississippi, Nebraska, and New York, all of which treat claims as accruing for limitations purposes no later than the time of injury, regardless of the plaintiff's knowledge of the alleged causal link between that injury and the defendant's conduct.

3. The Court should dismiss warranty claims that are barred under the statutes of limitations of Alabama, Arizona, Connecticut, Illinois, Indiana, Kentucky, Louisiana, Maryland, Minnesota, Mississippi, Missouri, Nebraska, New York, North Dakota, Oklahoma, Pennsylvania, Tennessee, Texas, Virginia, Washington, and Wisconsin, as well as statutory consumer protection claims under Louisiana, Michigan, and Minnesota law, all of which treat such claims as accruing for limitations purposes at the time of sale, regardless of the plaintiff's knowledge of the alleged breach.

4. The Court should dismiss all public nuisance claims for the following reasons:

    a. Courts do not recognize public nuisance claims based on the mere sale of lawful products, absent other allegations of wrongdoing that Plaintiffs do not allege here.

    b. Under the law of all relevant states, public nuisance claims require alleged interference with a public right, and Plaintiffs have not and cannot allege such an interference here.

    c. Under the laws of Florida, Idaho, Iowa, Indiana, Michigan, Minnesota, Missouri, New York, Oklahoma, Pennsylvania, and Tennessee, a plaintiff can state a public nuisance claim only against a defendant who was in control of the allegedly nuisance-causing instrumentality at the time of the alleged injury, and Plaintiffs have not and cannot so allege here.

5. The Court should dismiss all claims against Chevron that arise from alleged paraquat exposures on or after 1990, because Plaintiffs admit that Chevron ceased distributing paraquat in 1986, and it is implausible that exposures postdating 1990 were caused by products Chevron sold. For the same reason, the Court should dismiss claims against Chevron that are barred by statutes of repose or limitations given that, by Plaintiffs' admission, Chevron did not sell any paraquat after 1986.

6. The Court should dismiss all derivative claims, *e.g.*, for loss of consortium or for punitive damages, in cases where all of the primary claims are subject to dismissal under this motion or the motion to dismiss filed by the Syngenta Defendants.

This motion applies to "Current Actions" as defined by CMO No. 8, meaning cases in which a defendant was served with the complaint on or before August 11, 2021. Those are:

- Hemker v. Syngenta Crop Protection, LLC, No. 3:21-pq-547
- Piper v. Syngenta Crop Protection, LLC, No. 3:21-pq-548
- Runyon v. Syngenta Crop Protection, LLC, No. 3:21-pq-549
- Kearns v. Syngenta Crop Protection LLC, No. 3:21-pq-550
- Durbin v. Syngenta Crop Protection LLC, No. 3:21-pq-551
- Barrat v. Syngenta Crop Protection LLC, No. 3:21-pq-552
- Holyfield v. Chevron U.S.A. Inc., No. 3:21-pq-553

- Rakoczy v. Syngenta Crop Protection, LLC, No. 3:21-pq-554
- Albanese v. Syngenta AG, No. 3:21-pq-555
- O'Connor v. Syngenta AG, No. 3:21-pq-556
- Turner v. Syngenta Crop Protection LLC, No. 3:21-pq-558
- Denes v. Syngenta AG, No. 3:21-pq-563
- Majors v. Syngenta AG, No. 3:21-pq-566
- Richter v. Syngenta Crop Protection, LLC, No. 3:21-pq-571
- Gieseke v. Syngenta Crop Protection, LLC, No. 3:21-pq-576
- Tenneson v. Syngenta Crop Protection LLC, No. 3:21-pq-589
- Crawford v. Syngenta Crop Protection, LLC, No. 3:21-pq-590
- Miller v. Syngenta Crop Protection, LLC, No. 3:21-pq-591
- Hill v. Syngenta Crop Protection, LLC, No. 3:21-pq-594
- Walkington v. Syngenta AG, No. 3:21-pq-601
- Holmes v. Syngenta AG, No. 3:21-pq-602
- Gray v. Syngenta Crop Protection LLC, No. 3:21-pq-603
- Moen v. Syngenta Crop Protection LLC, No. 3:21-pq-605
- Rutherford v. Syngenta Crop Protection LLC, No. 3:21-pq-606
- Nunnery v. Syngenta AG, No. 3:21-pq-607
- Van Pelt v. Syngenta AG, No. 3:21-pq-608
- Ruscoe v. Syngenta AG, No. 3:21-pq-609
- Strickland v. Syngenta Crop Protection LLC, No. 3:21-pq-611
- Hays v. Syngenta Crop Protection, LLC, No. 3:21-pq-612
- Otten v. Syngenta Crop Protection LLC, No. 3:21-pq-613
- Adams v. Syngenta Crop Protection LLC, No. 3:21-pq-614
- McCarty v. Syngenta Crop Protection LLC, No. 3:21-pq-616
- Hensgens v. Syngenta AG, No. 3:21-pq-617
- Barr v. Syngenta AG, No. 3:21-pq-618
- Copas v. Syngenta Crop Protection LLC, No. 3:21-pq-619
- Haresnape v. Syngenta AG, No. 3:21-pq-621
- Dietrich v. Syngenta Crop Protection, LLC, No. 3:21-pq-622
- Vacchino v. Syngenta AG, No. 3:21-pq-623
- Larsen v. Syngenta Crop Protection, LLC, No. 3:21-pq-624
- Werking v. Syngenta AG, No. 3:21-pq-625
- Glassburn v. Syngenta Crop Protection, LLC, No. 3:21-pq-626
- Smith v. Syngenta Crop Protection, LLC, No. 3:21-pq-627
- Ward v. Syngenta AG, No. 3:21-pq-628
- Ayres v. Syngenta Crop Protection, LLC, No. 3:21-pq-629
- Galasso v. Syngenta AG, No. 3:21-pq-630
- Parson v. Syngenta Crop Protection, LLC, No. 3:21-pq-631
- Brown Jefferson v. Syngenta AG, No. 3:21-pq-632
- Dove v. Syngenta AG, No. 3:21-pq-633
- Landis v. Syngenta Crop Protection, LLC, No. 3:21-pq-634
- Hawkins v. Syngenta Crop Protection LLC, No. 3:21-pq-635
- Henderson v. Syngenta Crop Protection LLC, No. 3:21-pq-636

- Elmore v. Syngenta Crop Protection, LLC, No. 3:21-pq-638
- Supenia v. Syngenta Crop Protection, LLC, No. 3:21-pq-639
- Gamwell v. Syngenta Crop Protection, LLC, No. 3:21-pq-640
- Trower v. Syngenta Crop Protection, LLC, No. 3:21-pq-641
- McDonald v. Syngenta Crop Protection, LLC, No. 3:21-pq-642
- Kirk v. Syngenta Crop Protection, LLC, No. 3:21-pq-643
- Richmond v. Syngenta Crop Protection, LLC, No. 3:21-pq-644
- McDonald v. Syngenta Crop Protection, LLC, No. 3:21-pq-645
- Cates v. Syngenta Crop Protection, LLC, No. 3:21-pq-646
- Morrow v. Syngenta Crop Protection LLC, No. 3:21-pq-647
- Pilgreen v. Syngenta Crop Protection, LLC, No. 3:21-pq-648
- Self v. Syngenta Crop Protection, LLC, No. 3:21-pq-649
- West v. Syngenta Crop Protection, LLC, No. 3:21-pq-650
- Nichols v. Syngenta Crop Protection LLC, No. 3:21-pq-652
- Gaddis v. Syngenta Crop Protection, LLC, No. 3:21-pq-653
- Smith v. Syngenta Crop Protection, LLC, No. 3:21-pq-654
- Wilson v. Syngenta Crop Protection, LLC, No. 3:21-pq-655
- Crane v. Syngenta Crop Protection LLC, No. 3:21-pq-656
- Friday v. Syngenta Crop Protection LLC, No. 3:21-pq-657
- Rysavy v. Syngenta Crop Protection, LLC, No. 3:21-pq-659
- Adams v. Syngenta AG, No. 3:21-pq-660
- Normand v. Syngenta AG, No. 3:21-pq-661
- Nelson v. Syngenta AG, No. 3:21-pq-662
- Ingram v. Syngenta AG, No. 3:21-pq-663
- Passino v. Syngenta AG, No. 3:21-pq-665
- Edwards v. Syngenta Crop Protection, LLC, No. 3:21-pq-666
- Mettetal v. Syngenta AG, No. 3:21-pq-668
- Jones v. Syngenta AG, No. 3:21-pq-669
- Milling v. Syngenta Crop Protection, LLC, No. 3:21-pq-671
- Amatucci v. Syngenta AG, No. 3:21-pq-672
- Wurster v. Syngenta Crop Protection LLC, No. 3:21-pq-677
- Sweeten v. Syngenta Crop Protection, LLC, No. 3:21-pq-687
- Danforth v. Syngenta Crop Protection, LLC, No. 3:21-pq-690
- Frank v. Syngenta Crop Protection LLC, No. 3:21-pq-691
- Zaugg v. Syngenta Crop Protection LLC, No. 3:21-pq-694
- Byrnes v. Syngenta Crop Protection LLC, No. 3:21-pq-695
- Lovelady v. Syngenta AG, No. 3:21-pq-704
- Andersen v. Syngenta AG, No. 3:21-pq-713
- Eiland v. Syngenta AG, No. 3:21-pq-714
- Willyard v. Syngenta AG, No. 3:21-pq-715
- Bakken v. Syngenta Crop Protection LLC, No. 3:21-pq-722
- Thompson v. Syngenta Crop Protection LLC, No. 3:21-pq-731
- Heath v. Syngenta Crop Protection, LLC, No. 3:21-pq-734
- Bequette v. Syngenta Crop Protection LLC, No. 3:21-pq-752

- Walker v. Syngenta Crop Protection LLC, No. 3:21-pq-763
- Rowan v. Syngenta AG, No. 3:21-pq-778
- Willey v. Syngenta AG, No. 3:21-pq-784
- Morrow v. Syngenta Crop Protection LLC, No. 3:21-pq-785
- Taylor v. Syngenta Crop Protection LLC, No. 3:21-pq-786
- Thibodeaux v. Syngenta Crop Protection LLC, No. 3:21-pq-788
- Causey v. Syngenta Crop Protection LLC, No. 3:21-pq-790
- Burnette v. Syngenta Crop Protection, LLC, No. 3:21-pq-822
- Adams v. Syngenta Crop Protection LLC, No. 3:21-pq-828
- Tippey v. Syngenta Crop Protection LLC, No. 3:21-pq-829
- Barber v. Syngenta Crop Protection LLC, No. 3:21-pq-830
- Altman v. Syngenta Crop Protection, LLC, No. 3:21-pq-832
- Douglas v. Syngenta Crop Protection, LLC., No. 3:21-pq-833
- Halloran v. Syngenta AG, No. 3:21-pq-834
- Stanton v. Syngenta Crop Protection, LLC, No. 3:21-pq-835
- Fuller v. Syngenta Crop Protection, LLC, No. 3:21-pq-836
- Branscum v. Syngenta Crop Protection, LLC, No. 3:21-pq-838
- Branscum v. Syngenta Crop Protection, LLC, No. 3:21-pq-839
- Shea v. Syngenta Crop Protection LLC, No. 3:21-pq-840
- Bankston v. Syngenta Crop Protection, Inc., No. 3:21-pq-843
- Fillinghim v. Syngenta AG, No. 3:21-pq-846
- Bergmann v. Syngenta AG, No. 3:21-pq-847
- Odom v. Syngenta Crop Protection LLC, No. 3:21-pq-849
- Parker v. Chevron U.S.A., Inc., No. 3:21-pq-880

| | |
|---|---|
| September 13, 2021 | Respectfully submitted, |
| | |
| Steven N. Geise | /s/ Leon F. DeJulius, Jr. |
| JONES DAY | Leon F. DeJulius, Jr. |
| 4655 Executive Drive, Suite 1500 | Traci L. Lovitt |
| San Diego, CA 92121 | Sharyl A. Reisman |
| Telephone: (858) 314-1200 | JONES DAY |
| Fax: (844) 345-3178 | 250 Vesey Street |
| sngeise@jonesday.com | New York, NY 10281 |
| | Telephone: (212) 326-3939 |
| Joseph C. Orlet | Fax: (212) 755-7306 |
| Bryan Hopkins | lfdejulius@jonesday.com |
| Megan Ann Scheiderer | tlovitt@jonesday.com |
| HUSCH BLACKWELL LLP | sareisman@jonesday.com |
| 190 Carondelet Plaza, Suite 600 | |
| St. Louis, MO 63105 | Jihan E. Walker |
| Telephone: (314) 480-1500 | JONES DAY |
| Fax: (314) 480-1505 | 77 West Wacker Drive, Suite 3500 |
| Joseph.Orlet@huschblackwell.com | Chicago, IL 60601 |
| Bryan.Hopkins@huschblackwell.com | Telephone: (312) 782-3939 |
| Megan.Scheiderer@huschblackwell.com | Fax: (312) 782-8585 |
| | jihanwalker@jonesday.com |

*Counsel for Chevron U.S.A. Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2021, the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Leon F. DeJulius, Jr.*
Leon F. DeJulius, Jr.

*Counsel for Chevron U.S.A. Inc.*
