IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: PARAQUAT PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | Case No.: 3:21-md-3004-NJR |
| | ) | |
| This Document Relates to All Cases | ) | MDL No. 3004 |
| | ) | |

CASE MANAGEMENT ORDER NO. 9
ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND

ROSENSTENGEL, Chief Judge:

I.    APPLICATION AND SCOPE OF ORDER

Due to the nature of this particular litigation, this Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

A.    Governing Principles – The Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); see also Manual for Complex Litigation § 14.121.

### B.      Application

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the coordinated proceeding known as In re: Paraquat Products Liability Litigation, MDL 3004. This Order further applies to all cases now pending, or later filed in, transferred to, or removed to, this Court, or to any attorney who signs the "Participation Agreement" attached hereto as **Exhibit A**.

## II.    CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK

The Court hereby adopts the following protocol, which shall govern all common benefit work and expenses in this action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for attendance at court hearings. The recovery of any common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Lead Counsel, counsel appointed by the Court to Plaintiffs' Executive Committee ("PEC") in the July 6, 2021, Order, or other counsel who have signed the Participation Agreement and are authorized by Lead Counsel to perform Common Benefit Work (along with attorneys and staff of their respective firms, if authorized by Lead Counsel). "Lead Counsel" are the three individuals appointed as Co-Lead Counsel in the Court's July 6, 2021, Order.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted;

(c) not duplicative; and (d) reasonable in the determination of Lead Counsel and the Court or its designee. The Court may appoint a fee committee per subsequent order. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Any counsel intending to seek payment of common benefit attorneys' fees and/or reimbursement of common benefit costs and expenses agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

Any counsel seeking reimbursement for fees and expenses for work in this action will submit to Lead Counsel and Special Master Ellis monthly common benefit time and expense submissions. Special Master Ellis will oversee the auditing of all time and costs submitted by any firm or person seeking consideration or reimbursement. Special Master Ellis shall report to the Court periodically. The ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. All Participating Counsel shall only submit time and expenses for common benefit consideration if such time and expenses have been approval by Lead Counsel. If Participating Counsel are unsure of whether or not the time and expenses to be submitted have been approved by Lead Counsel, then Participating Counsel should seek approval in advance of submitting time and expenses as to whether

Lead Counsel consider and approve of such work to be common benefit work or expenses.

### A.   Compensable Common Benefit Work

"Common Benefit Work" and "Common Benefit Expenses" include all work done and expenses incurred that inure to the common benefit of Plaintiffs in this MDL. Examples of compensable and non-compensable work include, but are not limited to:

1.   **Pleadings and Briefs**: When authorized by Lead Counsel, factual and legal research and preparation specifically for pleadings and motions that relate to all cases in the MDL—for example, dismissals, consolidation, *Daubert*, choice of law, and summary judgment—will be deemed compensable if for the common benefit of all claimants. Although several attorneys may work on a brief, expert motions and responses, or other complex filings, they should only do so based on a specific assignment from Lead Counsel or their authorized PEC designee(s). Mere review of other attorneys' work without being specifically asked to work and/or meaningfully participate in the substance of an assignment shall not be compensable. Pleadings and briefs that do not relate to all cases in the MDL shall not be compensable unless authorized by Lead Counsel and of value to the MDL and for the common benefit of all claimants.

2.   **Bellwethers**: When specifically directed and authorized by Lead Counsel: (i) communication with clients for the purposes of identifying suitable bellwether candidates; (ii) factual and legal research necessary to select the appropriate bellwethers; and (iii) prosecution of the selected bellwether cases.

3.    **Discovery and Document Review:** Only discovery and document review authorized by Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to review documents that have not been assigned to them by Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with document review should contain sufficient detail to allow those reviewing the time entry generally to ascertain what was reviewed. For example, indicating the custodian, search query, and/or number of document folders reviewed is the type of description needed.

4.    **Depositions**: Lead Counsel shall exercise discretion, judgment, and prudence to limit the number of attorneys authorized to participate in any given deposition to be commensurate with the nature of that deposition to avoid over-staffing and inefficiencies. Time and expenses for Participating Counsel not designated as one of the attorneys authorized to ask questions, defend a deposition, or otherwise attend the deposition by Lead Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel will not be compensated in any fee application to the Court.

5.    **Discovery Responses**: Only those attorneys designated by Lead Counsel or their designees to review and summarize discovery requests served on Plaintiffs and prepare responses are working for the common benefit and their time will be considered Common Benefit Work. Time spent reviewing discovery requests and preparing responses for the benefit of counsel's own clients is not considered Common Benefit

Work unless it is at Lead Counsel's direction and for a bellwether case after the case is selected as a bellwether.

6.      **Periodic MDL Status Conferences and/or Hearings:** Only counsel who will address the Court, or who have been asked to attend by the Court, Lead Counsel, or PEC members, may record their time and expenses as Common Benefit Work and Common Benefit Expenses. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients and are free to attend or listen to periodic status conferences. Mere telephonic or in-person attendance at a status conference, however, will not be considered compensable Common Benefit Work, and expenses incurred in relation thereto will not be considered Common Benefit Expenses.

7.      **Leadership Meetings or Calls**: PEC members may submit common benefit time for participation in leadership communications and meetings that are germane to all members of the PEC and are necessary to fulfill their court-appointed obligations. During leadership phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by Lead Counsel.

8.      **Expert-Related Work**: If a Participating Counsel retains an expert without the knowledge and approval of Lead Counsel and any expert committee, time and expenses attributable to that expert may not be approved as Common Benefit Work. Work with experts retained for the common benefit of plaintiffs, on the other hand, shall

be considered Common Benefit Work if performed with the authorization of Lead Counsel.

9.      **Attendance at Seminars**: Except as approved by Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, HarrisMartin, and similar seminars, and/or Continuing Legal Education programs) shall not qualify as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses. For any such expenses (excluding registration fees, which are not compensable) to be compensable, any individual Participating Counsel must be attending and/or presenting on behalf of the PEC at the request of Lead Counsel. Time spent preparing to present at any legal conference and seminar on behalf of the PEC and at the request of Lead Counsel may be compensable if in accordance with this Order to add value to the MDL. Only Participating Counsel specifically tasked with attending and/or presenting on behalf of the PEC at the request of Lead Counsel and intended for the purpose of meaningfully participating in the substance of a particular matter of value to the MDL and for the common benefit of all claimants can submit such time or expenses. Time and expense for supporting staff and other unnecessary attorneys shall not be compensable unless specifically authorized by Lead Counsel.

10.      **Review of Court Filings and Orders**: Counsel, especially Participating Counsel, have a duty to keep themselves apprised of the progress of the case, especially to the extent that a particular matter uniquely affects their client. However, an attorney who chooses to review pleadings and attend court hearings, even though not assigned common benefit responsibility for the matters being briefed or heard, are hereby advised

that their time spent on such matters shall not be compensable as Common Benefit Work. Only PEC members and those attorneys working on assignments authorized by Lead Counsel that require them to review, analyze, or summarize particular filings or Orders in connection with their assignments are doing so for the common benefit.

11. **Emails and Correspondence**: Except for the PEC members and their authorized attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable Common Benefit Work unless germane to an assignment authorized by Lead Counsel and performed by the attorney or party that is directly related to that assignment. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

12. **Case Specific Work**: No time or expenses for work specific to a particular individual case shall be considered time and expense for the common benefit unless the case is specifically designated by the Court as a bellwether trial case for the common benefit of the MDL or the case-specific work is authorized in writing by Lead Counsel and being worked up for the common benefit. The mere reference to a case as a "bellwether" or work being performed on such a case is not automatically compensable common benefit. Lead Counsel, with guidance from the Court as set forth herein and elsewhere, will take into account whether a case is truly intended to be and is being worked up for trial for the common benefit of all claimants in the MDL versus being part of a wave or discovery pool ordered to be worked up as part of simply being a case on the MDL (or relevant state court) docket. As the litigation advances, it is anticipated that

the Court will enter an order providing further guidance on common benefit time and expenses for case-specific work, including any true bellwether trial cases for the common benefit as well as authorized state court cases, where applicable.

     **13.**    **Other Non-Compensable Work**: The following types of work will not be compensated: time not authorized by Lead Counsel, duplicative time, excessive amounts of time spent on a particular task, work performed by a person more senior than reasonably necessary for the task (which may not be compensated or may be compensated at a reduced rate), time spent on internal firm management, and time spent preparing and reviewing time and expenses submissions or responding to questions concerning time and expenses submissions. While all attorneys have an obligation to stay informed about the litigation so that they can best represent their respective clients, review of emails and court filings, attendance at status conference, participation in conference calls, and similar activities will not be considered Common Benefit Work solely because such activities are undertaken to keep counsel informed about the litigation.

     It is not the intent of the Court to micromanage the work of Participating Counsel. However, the foregoing examples, amongst other areas not specifically set forth herein, can be grounds for unnecessary and duplicative work. The Court will rely on the efficacy of the procedures set forth herein and the enforcement of same by Lead Counsel and/or their authorized designee(s) to ensure that the compensable work done is meaningful and adds value to the common benefit for all claimants in this MDL and the overall

outcome of the case. Participating Counsel, and all other counsel, are subject to their time being eliminated or reduced if this Order is not followed.

### B.    Common Benefit Timekeeping Protocols

1.    **Recording Requirements:** All time must be accurately and contemporaneously maintained. Any counsel intending to seek payment of common benefit attorneys' fees and reimbursement of common benefit costs and expenses shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments), along with a description of the particular activity (such as "conducted deposition of John Doe").

Descriptions must bear sufficient detail to identify the precise task and how it relates to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable.

Lead Counsel and Special Master Ellis will provide detailed instructions on the categories to be utilized and guidelines for application of the categories. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission. Lead Counsel and Special Master Ellis will provide further guidance through memorandum to counsel as needed. Time submissions for each category must sufficiently detail the work being performed and any necessary authorization, where

required. Merely identifying a category with no specific details about the work being performed will be scrutinized and may not compensated.

All work, no matter the category, must be performed for the purpose of meaningfully participating on the substance of a particular matter, adding value to the MDL and for the common benefit of all claimants.

**2.      Document Analysis:** Lead Counsel has or will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. A document analysis system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality of analysis by other firms. Lead Counsel will establish further parameters regarding the use and compensation of attorneys for document review and other tasks, which will be addressed in a subsequent order.

**C.      Common Benefit Expenses Protocol**

**1.      Shared Costs:** "Shared Costs" are costs that will be paid out of the Common Benefit Fund administered by Lead Counsel. PEC Counsel shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' Shared Costs. The timing and amount of each assessment will be determined by Lead Counsel, and each assessment will be paid within fourteen (14) days as instructed by Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in the Court's July 6, 2021, Order, or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to cases selected as

bellwether cases that will be for the common benefit (e.g., related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Lead Counsel prior the cost being incurred. All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

    a.   Court, filing, and service costs related to common issues;

    b.   Costs for transcripts of court hearings;

    c.   Court reporter and interpreter costs for depositions;

    d.   Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

    e.   Common benefit administrative expenses (e.g., expenses for courtroom equipment or technology, service costs for court filings and discovery documents, costs related to hosting Lead Counsel and PEC meetings and/or conference calls, etc.);

    f.   Legal, tax, accountant, or financial institution fees relating to the Fund;

    g.   Expert witness and consultant fees and expenses for experts approved by Lead Counsel whose opinions and testimony would be for the common benefit;

    h.   Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

i.  Research by outside third-party vendors, consultants, and/or attorneys approved by Lead Counsel;

j.  Translation costs, approved by Lead Counsel;

k.  Investigative services, approved by Lead Counsel;

l.  Reimbursements of assessments paid by Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Lead Counsel in the event no further litigation-related payments will be needed from the Fund.

Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Lead Counsel and, as appropriate, a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

2.  **Held Costs:** "Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to future bellwether cases at the discretion of Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be subject to the travel and administrative limitations set forth in this Order.

3.    **Travel Limitations:** Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

a.   **Airfare**: For routine domestic flights, only the price of a non-refundable coach fare seat or its equivalent will be reimbursed. Any unusual circumstances must be approved by Lead Counsel.

b.   **Hotel**: Reasonable hotel room charges for the average available room rate of a reasonable business hotel (such as the Hilton, Hyatt, or Marriott chains in the specific location) will be reimbursed unless otherwise approved by Lead Counsel. Unusually high hotel charges may be reviewed by Lead Counsel and disallowed.

c.   **Meals**: Meal expenses must be reasonable. In no event shall the total reimbursed exceed $124 for itemized daily meal and incidental expenditures (the itemized meal and incidental expenditure rate for Federal Judges). Expenses for alcohol may not be claimed.

d.   **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

e.   **Automobile Rental**: Automobile rentals must be reasonable for the date and location of the rental and shall not exceed the cost for a "standard" type rental. Unusually high car rental charges may be reviewed by Lead Counsel and disallowed.

    f.   **Mileage**: Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

    **4.**    **Non-Travel Limitations:** Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Lead Counsel, all non-travel reimbursements are subject to the following limitations:

    a.   **Long Distance, Conference Call, and Cellular Telephone Charges**: Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

    b.   **Shipping, Overnight Courier, and Delivery Charges**: All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    c.   **Postage Charges**: Common benefit postage charges are to be reported at actual cost.

    d.   **In-House Photocopy**: The maximum charge for common benefit in-house copies is $0.15 per page.

    e.   **Computerized Research – LexisNexis, Westlaw, or Bloomberg**: Claims for LexisNexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

    **5.**    **Expense Reporting Protocol:** No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

    Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? The same applies for hotels, taxis, car services, tips, meals, and any other travel-related expenses. Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.

    Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request"—it means each firm must provide receipts monthly

along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of expenses on the invoice that are not claimed in this action may be redacted.

     **D.**    **Protocols for Submission of Time and Expenses**

     1.    **Submissions:** Lead Counsel and Special Master Ellis will establish a unique web-based portal to receive all potential Common Benefit time and expenses. Protocols and guidelines will be provided to all users approved by Lead Counsel.

     **2.**    **Deadlines:** All time and expense submissions must be timely submitted by the 15th day of each month, in accordance with the guidelines set forth herein and as provided by Lead Counsel and Special Master Ellis.

     The first submission is due on **December 15, 2021**, and should include all time and expense from inception of work on paraquat-related litigation through November 30, 2021. Lead Counsel and Special Master Ellis will assess and determine whether pre-MDL formation work submitted warrants inclusion as common benefit work. After this first submission, each monthly submission will be due on the 15th of each month and should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., a submission due January 15, 2022, should contain all common benefit time and expenses incurred from December 1, 2021, through December 31, 2021).

     Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick

expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Lead Counsel.

      **E.**     **Review of Time and Expense Submissions**

Lead Counsel and Special Master Ellis will conduct a monthly and annual review of submitted time and expenses records to ensure they are reasonable and shall reasonably and promptly notify submitting counsel if time or expenses are deemed not reasonable or non-compliance with this Order or any other guidelines set forth. Failure of Lead Counsel or Special Master Ellis to notify submitting counsel of unreasonable or non-compliant submissions shall not automatically deem any submitted time or expense reasonable and reimbursable as the Court retains ultimate jurisdiction to approve any time and expense submitted pursuant to this Order.

Lead Counsel and Special Master Ellis shall take particular care to ensure compliance with the procedures set forth in this Order and that excessive or duplicative work is not being performed by any Participating Counsel. Lead Counsel or the Special Master shall have the power to discount or eliminate non-compliant or unnecessary hours or expense. Lead Counsel and Special Master Ellis shall report to the Court each month regarding the status of submissions and reviewed time and expenses. This shall

include failure of certain Participating Counsel to submit time and expenses as provided in this Order.

F.    **Common Benefit Fee and Expense Assessment Amounts**

At this time, the Court will not set the Common Benefit Fee and Expense Assessment. The Court instructs Plaintiffs' Lead Counsel in consultation with the PEC to apply for an actual assessment at a time to be determined in the future.

G.    **Obligations of Defendants**

In the event any Defendant in this litigation resolves any case involving the Paraquat litigation, its attorneys shall immediately notify Special Master Ellis of such resolution and all pertinent information relating to the resolution, including the amount of same. Special Master Ellis can then determine whether any funds from the resolution shall be held back for the Common Benefit Fee and Expense Assessment.

**IT IS SO ORDERED.**

**DATED:  October 13, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**