## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | Case No.: 3:21-md-3004-NJR MDL No. 3004 |
| This Document Relates to All Cases | ) | |

### MDL 3004 COMMON BENEFIT PARTICIPATION AGREEMENT

THIS AGREEMENT is made this _____ day of _____, 20___, by and between

the Plaintiffs' Executive Committee ("PEC") appointed by the United States District Court for the

Southern District of Illinois in MDL 3004 and _____

**[Name of the Attorney and their Law Firm Executing the Agreement on behalf of themselves**

**and their Law Firm]** (the "Participating Counsel").

WHEREAS, the United States District Court for the Southern District of Illinois (MDL

3004) has appointed the following to serve as members of the PEC to facilitate the conduct of

pretrial proceedings in the federal actions relating to injuries associated with exposure to the

pesticide paraquat:

| Attorney | Firm | Leadership |
|---|---|---|
| Sarah Shoemake Doles | Carey Danis & Lowe | Co-Lead Counsel/ MDL Liaison/ PEC |
| Khaldoun Baghdadi | Walkup Melodia Kelly & Schoenberger | Co-Lead Counsel/PEC |
| Peter Flowers | Meyers & Flowers | Co-Lead Counsel/PEC |
| David Cates | Cates Mahoney | PEC/Illinois State Court Liaison |
| Amy Eskin | Schneider Wallace | PEC/California State Court Liaison |
| Chad Finley | TorHoerman Law | PEC |
| Marlene Goldenberg | Goldenberg Law, PLLC | PEC |
| Eric Kennedy | Weisman Kennedy & Berries | PEC |
| Leslie LaMacchia | Pulaski Law Firm PLLC | PEC |

Page 1 of 6

| Roopal Luhana | Chaffin Luhana | PEC |
|---|---|---|
| LaRuby May | Levin Papantonio Thomas Mitchell Rafferty & Proctor | PEC |
| Julia Merritt | Beasley Allen Crow Methvin Portis & Miles | PEC |
| Alicia O'Neill | Watts Guerra | PEC |
| Amanda Williamson | Heninger Garrison Davis LLC | PEC |
| Diandra "Fu" Debrosse | DiCello Levitt Gutzler | PEC |

WHEREAS, the PEC, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of paraquat-related injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel wants to acquire the Common Benefit Work Product and establish a framework for an amicable, working relationship with the PEC for the mutual benefit of their clients, and for those attorneys who perform work authorized, audited, and approved as common benefit to seek common benefit compensation;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I.   SCOPE OF AGREEMENT

### A.   Purpose

1.     This Participation Agreement incorporates by reference any Order of the Court regarding assessments and common benefit time and expenses and incorporates fully herein all defined terms from such Order(s).

2.     This Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product.  Any Participating Counsel who execute this Participation Agreement are entitled to receive the Common Benefit Work Product

created by those attorneys who also have executed, or have been deemed to have executed, the Participation Agreement.

3.      The intent of this Participation Agreement is to establish, secure, and supervise a fund to promote the purposes and policies of the common benefit doctrine and provide a source for equitable payment of services rendered and costs incurred for the benefit of plaintiffs.

4.      The PEC anticipates that this Court may enter a Coordination Order that contemplates work sharing between the PEC and counsel in other actions involving the same subject matter as the MDL pending in other courts that agree to be bound by the same Coordination Order (the "Coordinated Actions"). Plaintiffs' attorneys with any cases filed in a Coordinated Action shall, to the extent they utilize the Common Benefit Work Product, be subject to and deemed to have signed this Participation Agreement for all cases they have filed in any jurisdiction, and all unfiled or, if applicable, tolled cases.

**B.  <u>Rights and Obligations of Participating Counsel</u>**

5.      Upon execution of this Participation Agreement, the Co-Leads or their PEC designee(s) will provide access to Participating Counsel the Common Benefit Work Product including access to the document depository as well as all the coding and summarizing of the documents in the depository, access to all deposition transcripts and summaries, deposition cuts for the purpose of trial, medical literature library, legal briefing and research, and, as deemed appropriate by PEC leadership, expert witness work product.

6.      Upon execution of this Participation Agreement, Participating Counsel agree to bind themselves and their firm(s), regardless if such firm associations change from time to time, to the Participation Agreement and agree that the Southern District of Illinois shall have

exclusive jurisdiction over any disputes related to assessment and common benefit time and expenses.

7.      Upon execution of this Participation Agreement, Participating Counsel agree that any clients who they represent that will benefit from access to Common Benefit Work Product are bound by the Participation Agreement and agree that the Southern District of Illinois shall have exclusive jurisdiction over any disputes related to assessment and common benefit time and expenses.

## II.   AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

8.      Subject to the terms of this Participation Agreement and all relevant court orders pertaining to assessments and common benefit time and expenses, all Plaintiffs and their attorneys who either agree or have agreed —for a monetary consideration —to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to paraquat-related claims or cases acknowledge they are subject to an assessment of the Gross Monetary Recovery.

### A.  Gross Monetary Recovery Defined

9.      "Gross Monetary Recovery" includes any and all amounts paid to Plaintiffs by Defendants through a settlement or pursuant to a judgment. Gross Monetary Recovery (a) excludes court costs that are to be paid by the defendant; and (b) includes the present value of any fixed and certain payments to be made in the future.

### B.  Assessment Amount

10.     Co-Lead Counsel are unable to estimate  the assessment amount at this time given the stage of the litigation.  Co-Lead Counsel, in consultation with PEC and all signors to this

agreement, shall recommend an assessment amount to the Court at a later date when there is a full understanding of the amount of work and cost necessary to create the Common Benefit Work Product.

11.     The proposed assessment amounts are subject to the right of Co-Lead Counsel or their PEC designee(s) to request reallocation of the total assessment between fees and expenses at the time the application for disbursement is made or for modifications of the assessment for good cause shown.

12.     This assessment represents a hold back pursuant to *In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006), and shall not be altered in any way unless each of the following occurs: (1) the PEC is consulted and provided an opportunity to be heard at a formally announced meeting prior to the filing of any motion to change the assessment amount; (2) the PEC approves the proposed change to the assessment by a majority vote of the PEC; (3) a noticed motion (including notice to Defendants' Liaison Counsel) with an opportunity to be heard is granted by the Court as to its common benefit order, (4) all Participating Counsel receive emailed and/or mailed communication of such motion and (5) this Court, upon good cause shown, amends this Order.

## C.  Covered Claims or Cases

13.     Counsel who sign (or who are deemed to have signed) this Participation Agreement agree that the assessment shall apply to all cases filed in MDL 3004, to all cases filed in other jurisdictions, and to all of their unfiled cases.

14.     Any Plaintiff's attorney who wishes to benefit from and/or acquire any Common Benefit Work Product but does not have a paraquat case in MDL 3004, may receive such work product upon execution of this Participation Agreement.

15.     In the event a Signor to this Agreement resolves any case with any Defendant through settlement and/or trial, they shall immediately report the resolution to Special Master Randi Ellis for a determination of what amount, if any, shall be held back from the gross recovery to pay any potential Court-ordered assessment.

**D.  Contingency Fee Agreement**

16.     Both the PEC and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PEC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PEC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders.

**AGREEMENT TO BE BOUND**

Dated: _____, 20___          _____
                                          [attorney signature]
                                          Attorney Name:
                                          Firm Name:

I hereby agree to be a **Participating Counsel** as defined in this Participation Agreement and certify that I am signing this Participation Agreement voluntarily. I also certify that I have the authority and power to bind my law firm into this Participation Agreement.

**ON BEHALF OF THE PLAINTIFFS' EXECUTIVE COMMITTEE:**

Dated: _____, 20___          _____
                                          Sarah Shoemake Doles
                                          *Plaintiffs' Co-Lead/Liaison Counsel*