IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# CASE MANAGEMENT ORDER NO. 10
## PLAINTIFF ASSESSMENT QUESTIONNAIRE (PAQ) IMPLEMENTATION

This Case Management Order ("CMO") governs the implementation of the Plaintiff Assessment Questionnaire ("PAQ") in this MDL with respect to: (1) online platform for data management; (2) service, document production, authorizations, and verifications; (3) deadlines; (4) guidelines to determine substantial completeness; (5) reservation of objections; (6) failure to serve and materially deficient submissions; (7) confidentiality; (8) admissibility; (9) rules applicable to authorizations and document production; (10) procurement of information; (11) acceptance of authorizations; and (12) Plaintiff Fact Sheet (PFS) and Defendant Fact Sheet (DFS).

This Order applies to all parties and their counsel in: (a) all actions transferred to *In re*: Paraquat Products Liability Litigation ("MDL 3004") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Orders dated June 8, 2021, June 17, 2021, June 21, 2021, June 24, 2021, and July 7, 2021, and (b) to all related actions directly filed in or removed to this Court.

**I.     Online Platform**

The Court hereby appoints Postlethwaite & Netterville (P&N) to serve as the administrator of the online platform for the exchange and management of the data submitted with respect to the PAQ. The parties are directed to utilize P&N's portal ("the Portal"), available at https://www.paraquatmdlportal.com/, to fulfill Plaintiffs' discovery obligations and also to coordinate with P&N, either directly or through Special Master Ellis. P&N shall work with the parties to compile all necessary data. Submitting the responsive discovery to the Portal shall constitute effective service.

**II.    Plaintiff Assessment Questionnaire**

Pursuant to CMO 7, the Court approved the PAQ that, in addition to seeking responses to questions, includes document requests and three (3) written authorizations for the release of records ("Authorizations"). Each Plaintiff shall produce to Defendants, via the Portal, a completed PAQ in electronic format, executed Authorizations, and documents responsive to the requests in the PAQ ("Responsive Documents") pursuant to the terms of this Order. The PAQ verification shall be signed by the Plaintiff by either wet ink or electronic signature.

The effect of a Plaintiff's response to the questions contained in the PAQ shall be considered the same as interrogatory responses, and where documents are requested, responses to requests for production under the Federal Rules of Civil Procedure.

**III.   PAQ Deadlines**

1.     Cases filed on or before the date of the entry of this Order: For cases directly filed in this judicial district and entered on the MDL 3004 docket on or before entry of

this Order and for cases the JPML transfers to MDL 3004 on or before entry of this Order, each Plaintiff must complete and serve upon Defendants a PAQ, the applicable executed Authorizations, and Responsive Documents by November 23, 2021. A case shall be deemed transferred to MDL 3004 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

2. Cases filed or transferred after the date of the entry of this Order: For cases directly filed in this judicial district and entered on the MDL 3004 docket after entry of this Order, each Plaintiff must complete and serve upon Defendants a PAQ, the applicable executed Authorizations, and Responsive Documents within thirty (30) days after the complaint has been entered on the docket. For cases the JPML transfers to MDL 3004 after entry of this Order, each Plaintiff must complete and serve upon Defendants a PAQ, the applicable executed Authorizations, and Responsive Documents within thirty (30) days after the case has been transferred to this Court.

### IV. Substantial Completeness of the PAQ

PAQ submissions must be substantially complete, which means a Plaintiff must:

a. Answer all questions in the PAQ to the best of his or her ability and/or recollection, taking into account the Plaintiff's physical and mental condition at the time that the Plaintiff or the representative is completing the PAQ. (Plaintiff may answer questions in good faith by indicating "not applicable" or "I do not recall");

b. Include a signed Verification (found at section XXV of the PAQ);

  c. Provide the applicable executed Authorizations; and

  d. Produce Responsive Documents (found at Section XXIII of the PAQ) to the extent such documents are in the Plaintiff's possession, custody, or control.

## V. Objections Reserved to the PAQ

All objections to the admissibility of information contained in the PAQ are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Plaintiff from withholding or redacting information based upon a recognized privilege. Information or Responsive Documents withheld or redacted on the basis of a recognized privilege shall be recorded in a privilege log that is provided to the Defendants within thirty (30) days of the service of the completed PAQ and production of Responsive Documents.

## VI. Failure to Serve PAQ or Service of Materially Deficient PAQ

  1. Notice by Defendant(s) of Overdue or Materially Deficient Discovery: Any Plaintiff or Representative who fails to comply with their PAQ obligations under this Order will be subject to having their claims dismissed. If a Plaintiff or Representative does not serve upon Defendant(s) a substantially complete PAQ within the deadlines set forth herein or if a Plaintiff or Representative serves upon Defendants a PAQ that a Defendant considers to be materially deficient, then Defendant(s) may send Plaintiff's counsel a Notice of Overdue PAQ or a Notice of Materially Deficient Discovery.

  2. Request for Review by Special Master Ellis:  If a Plaintiff or Representative fails to serve upon Defendant(s) a substantially complete PAQ or fails to correct the alleged PAQ material deficiency(ies) within thirty (30) days after receipt of the Notice of

Overdue PAQ or the Notice of Materially Deficient Discovery, any Defendant may request review of the deficiency by Special Master Ellis. A Plaintiff or Representative subject to such request shall have ten (10) days from the date of the Defendant's request to file a response in the form of (a) a substantially complete PAQ or deficiency responses that purport to cure the material deficiency(ies) that are served upon the Defendants through the Portal or (b) an opposition to the Defendant's request demonstrating good and justified cause for failure to comply with this Order. Requests for review and responses shall be facilitated through the Portal.

      3.     If the Special Master finds that the Plaintiff or Representative served a substantially complete PAQ or corrects the alleged PAQ material deficiency(ies) and serves the Defendant through the Portal, the Plaintiff's PAQ shall be deemed complete. If the Special Master finds that the Plaintiff has failed to cure all deficiencies, the Special Master shall provide a Report and Recommendation to the Court regarding the failure to cure the deficiency within thirty (30) days. Thereafter, the Court may enter a Show Cause Order and may order additional time for Plaintiff to cure any deficiencies or may dismiss the Plaintiff's Complaint Without Prejudice.

      4.     Plaintiffs' Lead Counsel and the members of the Plaintiffs' Executive Committee have no obligation to notify counsel for Plaintiffs whom they do not represent of Defendants' notices of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

**VII.   Confidentiality of Data**

      Information any Plaintiff provides pursuant to a PAQ is deemed confidential, will

only be used for purposes related to this litigation, and may be disclosed only as permitted by the Protective Order.

**VIII. Scope of Depositions and Admissibility of Evidence**

Nothing in the PAQ shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in responses to the PAQ shall be governed by the Federal Rules and no objections are waived by virtue of any Plaintiff's PAQ response.

**IX. Rules Applicable to Authorizations and Document Production**

As set forth above, any agreed Authorizations together with copies of such records, to the extent that those records or copies thereof are in a Plaintiff's possession, custody, or control, shall be provided with the PAQ at the time that the Plaintiff is required to serve upon Defendants pursuant to this Order.

In addition to the addressed Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations. Undated Authorizations constitute permission for Defendants to date (and where applicable, re-date) Authorizations before sending to records custodians provided Defendants give notice and a courtesy copy of such authorization used to Plaintiff's counsel before each use. Should Plaintiffs provide Authorizations that are undated, this shall not constitute a deficiency or be deemed a substantially incomplete PAQ.

If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that

Authorization, the Defendants shall notify Plaintiff's counsel and provide that custodian with a copy of this order. Upon notification, Plaintiff's and Defendants' counsel shall work together in good faith with the Court to resolve the records issue as expeditiously as possible.

## X.     Discovery Affected by this Order.

This Order applies to the procurement of information and materials from entities (including, but not limited to, physicians, healthcare providers, pharmacies, former and present employers, and all branches of the military) relating to the Plaintiff completing a PAQ.

## XI.    Duty to Accept Court-Approved Authorizations

The HIPAA Compliant Medical Authorization and the Employment Records Authorization attached to this Order have been approved for use in all claims affected by this Order, and the "HIPAA Compliant Medical Authorization" is HIPAA compliant. Accordingly:

- a. All physicians, healthcare providers, financial institutions, any federal, state, and/or local government agencies, and any other entity asked to produce medical or employment records relating to a claimant (collectively, "Entities") must accept the Authorization Forms as valid for all claims affected by this Order;
- b. Entities may not request or insist on different forms or terms different from the Authorization Forms;

    c. When signed either electronically or with wet ink signature by a Plaintiff or Plaintiff's personal representative in claims affected by this Order, the Authorization Forms must be relied on by all Entities to authorize the release of all records, including all medical and employment records;

    d. No facility-specific or different form may be required by any person or entity for the production of any records relating to claims affected by this Order;

    e. A photocopy or .pdf image of the Authorization Forms must be accepted by all entities;

    f. No original signatures may be required on the Authorization Forms for the production of any records by any facility, pharmacy, or other entity; and

    g. Any Authorization Forms dated after the entry of this Order will be effective for the production of any records relating to a Plaintiff for the duration of this litigation.

The Defendants or their designees shall have the right to contact agencies, companies, firms, institutions, providers, or other records custodians to follow up on record copying or production.

Counsel for each Plaintiff will have the right to obtain copies of all documents Defendants receive pursuant to Authorizations provided by that Plaintiff. The Parties will meet and confer regarding the process and terms of Defendants providing copies of documents obtained.

XII. **Plaintiff Fact Sheet and Defendant Fact Sheet**

The parties shall continue to meet and confer with Special Master Ellis to revise the PFS as needed and create a DFS in connection with bellwether or trial selection discovery.

XIII. **PAQ Reports and Portal Administration**

P&N shall provide ongoing administration and maintenance of the Portal and database(s). P&N will work with the parties to develop customized reporting available directly through the Portal as well as ad hoc reports and as requested by Special Master Ellis, the parties, and the Court.

P&N will provide initial training and ongoing support for Plaintiffs' Counsel, Defendants, and other portal users as approved by Special Master Ellis. Questions regarding portal access, PAQ submission, or technical issues should be directed to P&N at Info@ParaquatMDLPortal.com.

**IT IS SO ORDERED.**

DATED:  October 27, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**