IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) | Case No. 3:21-md-03004-NJR |
| | ) | MDL No. 3004 |
| This Document Relates to All Cases | ) | |

STATUS CONFERENCE

BE IT REMEMBERED AND CERTIFIED that heretofore on the 29th day of October, 2021, HONORABLE NANCY J. ROSENSTENGEL, United States District Judge, presiding, the following proceedings were recorded by mechanical stenography via videoconference; transcript produced by computer.

Karen E. Waugh, CSR, RPR, CRR
IL CSR #084-003688
750 Missouri Avenue
East St. Louis, IL 62201
618-482-9176



karen_waugh@ilsd.uscourts.gov

APPEARANCES:

FOR PLAINTIFF:

WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
By Mr. Khaldoun A. Baghdadi

CAREY DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
By Ms. Sarah Shoemake Doles

MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
By Mr. Peter J. Flowers

FOR DEFENDANTS:
(Syngenta)

KIRKLAND & ELLIS
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
By Mr. Ragan Naresh

KIRKLAND & ELLIS
300 North LaSalle
Chicago, IL 60654
By Mr. Bradley H. Weidenhammer

(Chevron)

JONES DAY
250 Vesey Street
New York, NY 10281
By Mr. Leon F. DeJulius, Jr.
By Ms. Sharyl A. Reisman

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
By Ms. Megan Scheiderer

SPECIAL MASTER:

LAW OFFICE OF RANDI ELLIS
By Ms. Randi Ellis

(Court convened at 10:01 a.m.)

COURTROOM DEPUTY: Counsel, we are now on the record in Case No. 21-md-3004, In re: Paraquat Products Liability Litigation v. Syngenta Crop Protection, LLC, et al., for a status conference.

THE COURT: All right. Well, good morning, everyone. People still keep coming into the meeting, but it's ten o'clock and I want to get started.

So I just want to report that as of this morning, there are 393 cases that have been filed in the district, so that's good. They're coming in slowly. I encourage any cases out there that need to get filed, but I appreciate that there's some -- apparently some good vetting going on before they are filed.

So the first thing I want to talk about in the status conference is the coordination order with state courts and cases pending in other jurisdictions, so, Mr. Baghdadi, could you give me a report on that?

MR. BAGHDADI: Certainly. Good morning, Your Honor. Khaldoun Baghdadi for plaintiffs. The -- We appreciate the Court entering the recent coordination order, and now the plan is to see that we have cooperative and coordinated by and across the various jurisdictions so that we're not stepping on one another for the purposes of discovery. The idea is to respect state and federal comity, but at the same time not

redo discovery, and afford every jurisdiction the opportunity to participate. Speaking specifically to California, the plan is to circulate and provide other California counsel, those in the JCCP, the opportunity to weigh in and if they have any objections, and then hopefully submit it as a joint stipulation and proposed order to Judge Weil, obviously with his insight and input if he has any changes that he would like, but the basic idea is to not take multiple depositions, to avoid having to do that, but giving folks who have cases the opportunity and chance to participate. So that's what's happening on the California front, and I understand we're trying to do that in additional jurisdictions as well, Your Honor.

THE COURT: Okay. So, Mr. Flowers, I think you're working with the Cook and Vermilion County, Illinois, cases. What do you have to report on that?

MR. FLOWERS: Good morning, Your Honor. Pete Flowers on behalf of the plaintiffs. I spoke with the firms representing the Illinois state filed cases in Vermilion and Cook County. They both generally agreed to follow the coordination process. I actually was just emailing back with defense right now as to how to do that, and they're going to put together some sort of draft order and deal directly with those two firms. So it seems like we're on the same path as the California.

THE COURT: Okay. That sounds good. And then I know -- And Mr. Baghdadi used the word cooperation. That's what I'm trying to stress with the state court, that we just want to cooperate, and I'm not telling them what to do, but just cooperate on these matters so there's not duplication.

Mr. Naresh, what else can you add with respect to other jurisdictions?

MR. NARESH: Good morning, Your Honor. Ragan Naresh for Syngenta. To echo what Mr. Flowers and Mr. Baghdadi said, we're working with them in those jurisdictions. I'll reach out to the counsel in the Illinois state court cases. I'm also reaching out to the counsel in the Washington State cases and will be doing so in the Pennsylvania cases as well, so essentially, wherever there are state court cases, we do desire and share the desire to cooperate to avoid duplication, so we will be doing what we can to try to get everybody to cooperate in these depositions.

THE COURT: Okay. Sounds good. So everyone keep working on that. I appreciate that.

Another thing that we accomplished since the last status was the PAQ implementation and Case Management Order No. 10. I know on behalf of the plaintiff, Ms. Doles is making every effort to get the information out about the portal and the webinars. I understand there's even one later today. I just really stress the important nature of these

PFQs -- PAQs -- sorry -- that they need to be completed, taken seriously, and that's how we're going to get information about the cases. So also, it's important that we get the medical records. I've told Ms. Ellis if there's any problem -- I know there have been delays with COVID on getting records, but if there are problems, we can certainly enter a show cause order to get those put at the top of someone's list to get them produced. So be very proactive on that and provide complete information so that we don't waste a lot of time trying to get updated information.

Now, I am going to try to -- I've been trying to get as much information on the website as possible, so we are going to provide some more information about the portal and the webinars, so that'll be on the website hopefully later today, Monday at the latest. So we're trying to keep everything on the website. If you're looking for something that you think should be there and isn't, I -- you can reach out to my law clerk and we'll -- if it's something we can put out there, we will.

So moving on, then, I understand that the parties are working on a stipulation to address Chevron post-1990 and Chevron Chemical entities, and this'll be the subject of the next case management order, I believe. So, Ms. Doles, what do you have to report on that?

MS. DOLES: Good morning, Your Honor. Sarah Doles on

behalf of the plaintiffs. We are working with counsel for Chevron on those two issues that you outlined. The one issue is additional Chevron entities that have been named aside from Chevron USA, Inc. We are working on a stipulation as to the proper party for the Chevron entities, that being Chevron USA, Inc. We're also working on a stipulation with Chevron USA, Inc., regarding those cases, the member cases with allegations involving exposure starting in 1990 or later. So we have reached out to counsel whose cases are at issue, so they should know that this is coming. If they have any questions, they can certainly reach out to me, but we expect to have that stipulation stipulate to -- for those issues, dismissals without prejudice, so hopefully we'll have that stipulation done -- should be finished by the end of the day today and be in place for you to issue the next CMO.

THE COURT: Okay. Thank you. So, again, that will be on the website, and I just encourage anyone looking to file cases to review that before you do so.

Then discovery, another great thing we got accomplished since the last status is implementation of the ESI protocol. I understand that discovery, that's underway as well, and the parties are working to narrow 30(b)(6) topics and assign deponents to be deposed early next year. So keep working on that, and my hope is that by the next status conference, which again is December 3rd, we will have a

draft -- or a scheduling order pretty much ready to enter, and also having moved forward on the bellwether selection protocol. I think the next two months are going to be very intensive fact-finding months, so I just encourage you all to keep working well together to get that information out there. I guess, Mr. Flowers, I'll pick on you. Anything else that you wish to report on those issues?

MR. FLOWERS: No, Your Honor. We're making progress, I think, as a group, and will continue to hopefully do that and be deep into the discovery world soon and bring any problems to you that we have.

THE COURT: Okay. Thank you. So the motions to dismiss, we're looking at those. I'll be getting you an order just as soon as I can on that.

So I mentioned that the next status conference is December 3rd at 10 a.m. The next we have scheduled January 7th at 10 a.m., and then I'm going to go ahead and set the next one, so that everyone has it on their calendar, on February 4th, also at 10 a.m. For the time being, I'm going to keep doing these by Zoom. I'm hopeful there will come a time where we can be in person, but it just seems very efficient at this point to continue to do them by Zoom and that they're not taking very long at this point.

So I look to -- by the next status conference we'll have -- the PAQs are due by November 23rd for any pending

cases, so we'll have that information. We'll have some discovery completed, should have the Rule 30(b)(6) depositions scheduled, and like I said, I'll be looking for close to final scheduling order and a protocol for bellwether selection. I know -- I really appreciate leadership working well together and everyone working on their cases. I'm pushing Ms. Ellis to keep this on track, so we're still looking at a year from now for a trial date.

So, Ms. Doles, I'll just reach out to you, then. Anything else on behalf of plaintiffs that we should talk about that I've forgotten?

MS. DOLES: Nothing on behalf of plaintiffs, Your Honor. Thank you.

THE COURT: All right. Mr. Naresh, anything?

MR. NARESH: No, Your Honor. Thank you.

THE COURT: All right. Mr. DeJulius or whoever for Chevron?

MR. DEJULIUS: No, Your Honor. Thank you.

THE COURT: Okay. Well, I will see you all, then, December 3rd at 10 a.m. It's going to be a -- We've got the holidays coming up. Let's keep pushing through, get that -- the PAQs in, and we'll try to keep everything up to date on the website.

MR. BAGHDADI: Thank you very much, Your Honor.

THE COURT: All right. Have a good weekend,

everyone.

(Court adjourned at 10:12 a.m.)

-oOo-

REPORTER'S CERTIFICATE

I, Karen E. Waugh, CSR, RPR, CRR, Official Court Reporter for the U.S. District Court, Southern District of Illinois, do hereby certify that I reported with mechanical stenography the proceedings contained in pages 1 - 11; that the same is a full, true, correct and complete transcript from the record of proceedings in the above-entitled matter.

DATED this 29th day of October, 2021.

/s/Karen E. Waugh, CSR, RPR, CRR