IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

## CASE MANAGEMENT ORDER NO. 11: DISMISSAL OF CP CHEM, PHILLIPS 66, CHEVRON CORPORATION, and CASES AGAINST CHEVRON U.S.A. INC. ALLEGING EXPOSURES AFTER 1990

**ROSENSTENGEL, Chief Judge:**

On October 29, 2021, Defendant Chevron U.S.A. Inc. filed a Stipulation Regarding Proper Parties (the "Stipulation") (Doc. 478) representing the following:

1. Chevron U.S.A. Inc. assumed all liabilities of Chevron Chemical Company LP and Chevron Chemical Company arising from their paraquat business activities, including alleged activities of design, registration, manufacture, formulation, testing, packaging, labeling, distribution, and/or sale of paraquat products in the United States and that Defendants Chevron Phillips Chemical Company LP, Chevron Phillips Chemical Company LLC, Phillips 66, Phillips 66 Company, and Chevron Corporation hold no liability for those paraquat activities; rather, Chevron U.S.A. Inc. is the proper party relating to allegations involving the above-listed activities with respect to paraquat. (See Doc. 478 at ¶1).

2. Chevron Chemical Company (for which Chevron U.S.A. Inc. assumed all liabilities with respect to its paraquat business) stopped distributing paraquat and transferred all paraquat registrations to a non-Chevron entity in 1986. (See

Doc. 478 at ¶2).

The Court has been advised that Plaintiffs' Co-Lead Counsel have reviewed the Stipulation and agree that Chevron Phillips Chemical Company LP, Chevron Phillips Chemical Company LLC, Phillips 66, Phillips 66 Company, and Chevron Corporation should be dismissed without prejudice from the member cases listed in Appendix A to the Stipulation, and that Chevron U.S.A. Inc. should be dismissed without prejudice from the member cases alleging exposure beginning in 1990 or later, which are listed in Appendix B to the Stipulation.

As a result of the Stipulation and the Court being so advised, and to avoid unnecessary litigation on the aforementioned issues at this time, Chevron Phillips Chemical Company LP, Chevron Phillips Chemical Company LLC, Phillips 66, Phillips 66 Company, and Chevron Corporation shall be dismissed by counsel for plaintiff(s) without prejudice from the member cases listed in Appendix A to the Stipulation, and Chevron U.S.A. Inc. shall be dismissed by counsel for plaintiff(s) without prejudice from the member cases listed in Appendix B to the Stipulation, within five days days of entry of this Order, unless good cause can be shown within five days of entry of this Order why such defendants should not be dismissed.

For all cases later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re: Paraquat Products Liability Litigation*, MDL 3004, that either (1) name Chevron Phillips Chemical Company LP, Chevron Phillips Chemical Company LLC, Phillips 66, Phillips 66 Company, or Chevron Corporation as Defendants, or (2) name Chevron U.S.A. Inc. while alleging paraquat

exposure beginning in 1990 or later, the Court shall, upon Chevron's motion, **dismiss** without prejudice those defendants or claims no sooner than five days after such motion is filed, unless good cause can be shown within five days why such defendants or claims should not be dismissed.

    **IT IS SO ORDERED.**

    **DATED:**   November 1, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**