IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) Case No. 3:21-md-3004-NJR ) ) |
| This Document Relates to Case Nos.: 22-cv-03183, and 22-cv-03185. | ) MDL No. 3004 ) |

### PLAINTIFFS' MOTION TO REMAND TO CALIFORNIA STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs Guy Doss (22-cv-03185), and Lisa Kent (22-cv-03183) herby move to remand their cases back to California state court, because the Court lacks subject matter jurisdiction. As discussed below, this case does not present a federal question and though the parties are diverse, the forum defendant rule prohibits Defendants from properly removing Plaintiffs' cases to federal court. Accordingly, the Court should grant the motion and decline to retain jurisdiction over these cases.

### FACTUAL BACKGROUND

Plaintiffs Doss and Kent, like many of the Plaintiffs in the Paraquat MDL, have brought suit alleging that Defendants' misconduct with respect to the weedkiller Paraquat has resulted in great harm to them; specifically, it caused each of them to develop Parkinson's Disease. Here, Plaintiffs Doss and Kent elected to file their suits, sounding in tort, in California state court on May 26, 2022. The next day, on May 27, 2022, a summons was issued by the California state court. And on June 1, 2022, Defendants filed their Notice of Removal, claiming that Defendant Chevron—a California citizen—had not yet been served.

1

Plaintiffs now seeks to remand their cases to California state court, since this case does not present a federal question and the forum defendant rule prohibits Defendants from properly removing Plaintiffs' cases to federal court.

**LEGAL STANDARD**

A defendant may remove a civil action from state court when a district court has original jurisdiction over the action. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 n.2 (2019) (citing 28 U.S.C. § 1441(a)). District courts shall have original jurisdiction over all civil actions arising under federal law, as well as over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. §§ 1331, 1332(a)(1). Even where the statutory requirements for diversity jurisdiction under § 1332(a) are met, however, the "forum-defendant" rule disallows removal based on diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The party invoking federal jurisdiction has the burden of establishing that it exists. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate a "reasonable probability" that subject-matter jurisdiction exists). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577

F.3d 752, 758 (7th Cir. 2009)).

Here, Plaintiffs' claims do not arise under federal law and the forum-defendant rule should prevent Defendants from removing these actions to federal court.

## **LEGAL ARGUMENT**

As discussed in greater detail below, federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation and citation omitted). Thus, to defeat the instant motion, Defendants must show either that (1) Plaintiffs' claims arise under federal law; or (2) are from different states and removal is not prohibited by the forum-defendant rule. But neither circumstance is met, here, and both actions should be remanded to California state court.

**A.     Plaintiffs' claims do not arise under federal law.**

By statute, federal district courts have been granted authority to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at 257 (quoting 28 U.S.C. § 1331). An action can "arise under" federal law in two ways. *Id.*

First, a case arises under federal law when a federal statute provides for the cause of action asserted. *Id.* In rare circumstances, however, even a claim based on state law can be deemed to "arise under" federal law. Under this second category of cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S.

308, 314 (2005)). If all four requirements are met, jurisdiction is proper in federal court, since the case arises under federal law.

Here, Plaintiffs' claims are all based on violations of state tort law. *See* Plaintiffs' Complaints, attached hereto as Exhibit A and B. While they may factually involve the violation of certain federal laws, there is no substantial federal question presented.

Not only has Congress determined there is no private right of action under FIFRA, but it also has established that FIFRA's requirements do not affect state law causes of action. *See Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 442 (2005) ("Nothing in the text of FIFRA would prevent a State from making the violation of a federal labeling or packaging requirement a state offense, thereby imposing its own sanctions on pesticide manufacturers who violate federal law."). And the Supreme Court has previously noted that the express absence of a private right of action is relevant evidence as to the issue of jurisdiction. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005)).

Indeed, as applied to FIFRA, specifically, other Courts have recently observed that "FIFRA does not preempt state-law tort or contract actions simply because they bear on a product subject to federal registration and labelling requirements." *In re Roundup Products Liability Litigation*, No. 16-MD-02741-VC, 2017 WL 3129098, at *1 (N.D. Cal. July 5, 2017) (citing *Bates*, 544 U.S. at 449-54). In *Roundup*, the court cited *Gunn* in holding that FIFRA itself "forecloses" the possibility of a colorable *Grable* theory:

4

> FIFRA intentionally preserves parallel state-law actions, along with any state- specific variations in liability that aren't inconsistent with federal law. Against that backdrop, there cannot possibly be a 'substantial' interest in hearing disputes of this kind in a federal forum—and certainly no interest consistent with the balance of state and federal judicial power as Congress has envisioned it.

*Id.* (internal citation omitted).

Such a result is also consistent with jurisdictional rulings in drug and medical device cases, which only fall within the ambit of federal jurisdiction because the parties are diverse (not because the cause of action arises under federal law). Put simply, Plaintiffs claim Defendants violated numerous state-law duties and, thus, are liable to each of them for damages; there is no question of federal law presented. Accordingly, this case does not arise under federal law and the Court lacks subject matter jurisdiction.

**B.   While the Parties are diverse, the forum-defendant rule prevents Defendants from (properly) removing this case.**

Since there is no federal question, the only other basis for jurisdiction (and justification for removal) is diversity. That is, Plaintiffs' action must be between citizens of different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). As to the amount in controversy, both Mr. Doss and Ms. Kent allege serious personal injuries, including the development of Parkinson's disease—an incurable, progressive disorder of the nervous system—so there can be no legitimate dispute that the amount in controversy exceeds $75,000.

As to citizenship, Guy Doss is a citizen of North Carolina and Lisa Kent is a citizen of Arizona. In both cases, Defendants argued that the forum-defendant rule

5

did not apply to Defendant Chevron—a California citizen—because it had not been served yet. *See e.g.*, Kent Notice of Removal at ¶20.

### 1. Snap removal should not be allowed here and both cases should be remanded.

The purpose of the so-called "forum-defendant" rule is clear and well-settled; while diverse defendants might need to be protected from bias in local courts, that concern is not applicable to cases where a defendant is sued in its home state. *See Morris Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). Accordingly, a defendant corporation sued in its home state (also called a "forum defendant") is not permitted to remove an otherwise removable state court action to federal court.

Here, Defendant Chevron both in these removal notices and in countless other pleadings has admitted that it is a citizen of California. *See e.g.*, Kent Removal Notice at ¶16. As such, it is a forum defendant in California, barring removal by *any* defendant.

As this Court is aware, and recently considered in deciding remand motions brought by several Plaintiffs whose cases were removed from Delaware state court to the MDL, here, Defendants seek to twist the applicable statutes and for this Court to sanction the removal of Plaintiffs' Complaints since the notices were filed before Chevron was technically served. Indeed, in granting the Delaware motions to remand, *see* MDL No. 3004, Doc. 2289, this Court joined the better-reasoned

6

decisions in this circuit, this District, and in prior MDLs,[1] which have all rejected this rationale since it is contrary to Congress' clear intent, the statutory language, and settled rules of statutory construction.

Plaintiffs *Kent* and *Doss* on in a similar situation, here. They have elected to prosecute their cases in California state court and should be permitted to do so since a "plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *See D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

Accordingly, Plaintiffs' motion to remand should be granted.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully requests that their cases be remanded back to California state court and for any other relief the Court deems just and proper.

Dated: August 30, 2022                    Respectfully Submitted,

*/s/ Laura J. Baughman*                    .
Laura J. Baughman
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
lbaughman@martinbaughman.com

---

[1] Indeed, as recently as a few days ago, the Court in the NEC Infant Formula MDL, which is pending in the Northern District of Illinois, reached a similar result. *See* opinion, attached hereto as Exhibit C.

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I electronically filed Plaintiffs' Motion to Remand to California State Court for Lack of Subject Matter Jurisdiction with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

*/s/ Laura J. Baughman*          .
Laura J. Baughman
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
lbaughman@martinbaughman.com
