IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | |
| **This Document Relates to:** *Boldt v. Chevron U.S.A. Inc., et al.*, 3:21-pq-579-NJR *Bowers v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1568-NJR *Catton v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1732-NJR *Dachsteiner v. Syngenta AG, et al.*, 3:22-pq-1551-NJR *Dall OBO Dall v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1384-NJR *Dillow v. Chevron U.S.A. Inc., et al.*, 3:21-pq1613-NJR *Durbin v. Chevron U.S.A. Inc., et al.*, 3:21-pq-551-NJR *Feith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1158-NJR *Fodness v. Chevron U.S.A. Inc., et al.*, 3:21-pq- 1524-NJR *Frank v. Chevron U.S.A. Inc., et al.*, 3:21-pq -744-NJR *Hawkins OBO Hawkins v. Chevron U.S.A. Inc., et al.*, 3:21-pq-635-NJR *Hitchcock v. Chevron U.S.A. Inc., et al.*, 3:22-pq-57-NJR *Kirchoff v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1052-NJR *Kistner v. Chevron U.S.A. Inc., et al.*, 3:21-pq- 1678-NJR *Kowalczyk v. Syngenta AG, et al.*, 3:22-pq-118-NJR *Muentnich v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1239-NJR *Smith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-627-NJR *Spence v. Chevron U.S.A. Inc., et al.*, 3:22- | Case No. 3:21-md-3004-NJR MDL No. 3004 |

pq-351-NJR
*Walter v. Chevron U.S.A. Inc., et al.*, 3:22-pq-1003-NJR
*Zumdahl v. Chevron U.S.A. Inc., et al.*, 3:22-pq-76-NJR

## MOTION TO ENFORCE

In Case Management Order (CMO) No. 12, the Court established a protocol for the selection of trial cases. (Doc. 587). Pursuant to that protocol, Plaintiffs submitted eight cases for early trial selection, and Defendants submitted eight cases for early trial selection. In all sixteen early trial selection cases, the parties waived their rights to have the cases remanded for trial and consented to bellwether trials before the Honorable Nancy J. Rosenstengel, Chief Judge, in the Southern District of Illinois. (See Doc. 803, *citing generally* 28 U.S.C. Sec. 1407; *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998)).

Thereafter on April 13, 2022, the Court, with the parties' input, narrowed the sixteen early trial selection cases to six cases for further case-specific discovery and full trial work up. (See Docs. 1317 and 1739). In its April 13th Order, the Court concluded that "in addition to the six cases selected for further case-specific discovery, the Court will begin reviewing all member cases filed in the MDL for additional Plaintiffs to be deposed. The Court's forthcoming selections will be provided by separate order." (Doc. 1317, p. 2).

On August 17, 2022, the Court issued its Order Selecting Additional Cases for Limited Discovery, identifying twenty cases for "limited discovery," which is defined therein "as the completion of a Fact Sheet and Plaintiff's deposition." (Doc. 2184, p. 2). The Order provides that "[f]urther discovery may be permitted upon agreement of the parties or with leave of Court." (Id. at p. 3).

On Thursday, August 25, 2022, Defendants notified Plaintiffs that they intended to serve subpoenas on certain third-party entities in advance of the depositions ordered by the Court's August 17th Order, and on Friday, August 26, 2022, Plaintiffs received notification that Defendants started serving third-party subpoenas. On Monday, August 29, 2022, Plaintiffs objected to service of third-party subpoenas because the parties had not agreed nor had the Court granted leave for further discovery beyond the Plaintiff Fact Sheet (PFS) and Plaintiff's deposition. Plaintiffs sought Defendants' confirmation that the third-party subpoenas would be withdrawn as violative of the Court's Order. (See email exchange Re: Paraquat – Third Party Subpoenas attached hereto as Ex. 1).

On August 30, 2022, the parties corresponded regarding their differing interpretations of the Court's Order, and Special Master Ellis was included on the exchange. On September 1, 2022, Defendants wrote that "[a]bsent further guidance," they would continue serving the subpoenas. Special Master Ellis then asked Defendants to provide additional details relating to the subpoenas. In response, Defendants set forth three categories of entities being subpoenaed: (i) state licensing/permitting agencies; (ii) entities that allegedly supplied paraquat to Plaintiffs; and (iii) entities where Plaintiffs worked where they allege use/exposure to paraquat. (See Ex. 1).

On September 2, 2022, Defendants sent an email to Plaintiffs and Special Master Ellis to follow up on their email sent the previous day, stating: "Given the short turnaround time to obtain records for the upcoming depositions, Defendants will begin serving these subpoenas directed to: (i) state licensing/permitting agencies, (ii) entities that allegedly supplied paraquat to Plaintiffs, and (iii) entities where Plaintiffs worked where they allege use/exposure to paraquat." Shortly thereafter on September 2nd, Special Master Ellis responded that in consultation with the Court, third party subpoenas directed to "(1) state licensing/permitting agencies; (2) entities that allegedly

supplied paraquat to Plaintiffs, and (3) entities where Plaintiffs worked where they allege use/exposure to paraquat" would be allowed for the twenty newly selected Plaintiffs. In response to Special Master Ellis's inquiry whether any clarification was needed, Plaintiffs stated that they would be filing an appropriate motion with the Court in order to make a record. (See Ex. 1).

To date, Defendants have served over fifty separate subpoenas, one of which relates to thirteen Plaintiffs. In that particular subpoena, which is directed to University of Illinois Extension, Defendants seek information relating to thirteen Plaintiffs' licenses, trainings, examinations, study materials and records of suggested study materials, and continued education materials for the use or sale of restricted use pesticides and paraquat. (See Subpoena attached hereto as Ex. 2). It is notable that of the thirteen Plaintiffs identified in the subpoena, only three Plaintiffs claim in their Plaintiff Assessment Questionnaire (PAQ) and/or PFS to be licensed in Illinois. More broadly, it appears that Defendants are seeking licensing information (identified by Defendants as category (i) information) for any/every Plaintiff to have alleged *exposure* without regard to whether Plaintiff claims to have ever had a license.

So far, twelve subpoenas have been issued to Plaintiffs' employers (identified by Defendants as category (iii) entities), despite the fact that an Employment Authorization is required to be submitted with Plaintiffs' PAQs. Those authorizations were negotiated by the parties, with input from Special Master Ellis, and approved by the Court. Defendants have not made a showing why a separate subpoena is required beyond what is provided by the authorization which, in most cases, would have been provided long ago.[1]

Plaintiffs' request in this motion is simple: Defendants – and all parties for that matter – should follow the rules. If Defendants want additional discovery, i.e., third-party discovery, they

---

[1] Fourteen of the twenty selected cases were filed in 2021.

should have to seek agreement of Plaintiffs or leave of Court as directed in the Court's August 17th Order. Defendants did not do so here. Rather, they started serving subpoenas and then sought approval for doing so when Plaintiffs objected.

Plaintiffs respectfully move this Court to enforce its August 17th Order requiring agreement of the parties or leave of Court <u>before</u> any discovery beyond the PFS and Plaintiff's deposition is issued. Plaintiffs ask that the Order be enforced by ordering Defendants to withdraw the subpoenas that have been served to date. Plaintiffs further ask that, if the parties are unable to reach agreement, any request for leave of Court be made on the record and that both sides have the opportunity to be heard before leave is granted.

Should the Court deny Plaintiffs' motion, Plaintiffs respectfully request that the Court allow any challenges to specific subpoenas to be made in this Court. Plaintiffs should not be forced to challenge subpoenas in various courts because Defendants chose to serve discovery without seeking leave where having been specifically ordered to do so.

Dated:  September 9, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS' CO-LEAD COUNSEL**

　　　　　　　　　　　　　　　　　　　　　　　<u>/s/ *Sarah Shoemake Doles*</u>
　　　　　　　　　　　　　　　　　　　　　　　Sarah Shoemake Doles
　　　　　　　　　　　　　　　　　　　　　　　LEVIN, PAPANTONIO, RAFFERTY,
　　　　　　　　　　　　　　　　　　　　　　　PROCTOR, BUCHANAN, O'BRIEN,
　　　　　　　　　　　　　　　　　　　　　　　BARR & MOUGEY, P.A.
　　　　　　　　　　　　　　　　　　　　　　　316 South Baylen Street, Suite 600
　　　　　　　　　　　　　　　　　　　　　　　Pensacola, FL 32502
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (850) 435-7011
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (850) 436-6011
　　　　　　　　　　　　　　　　　　　　　　　sdoles@levinlaw.com

        Khaldoun A. Baghdadi
        WALKUP, MELODIA, KELLY &
        SCHOENBERGER
        650 California Street, 26th Floor
        San Francisco, CA 94108
        415-981-7210
        kbaghdadi@walkuplawoffice.com

        Peter J. Flowers
        MEYERS & FLOWERS, LLC
        225 West Wacker Drive, Suite 1515
        Chicago, IL 60606
        630-232-6333
        pjf@meyers-flowers.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

        /s/ *Sarah Shoemake Doles*
        Sarah Shoemake Doles
        LEVIN, PAPANTONIO, RAFFERTY,
        PROCTOR, BUCHANAN, O'BRIEN,
        BARR & MOUGEY, P.A.
        316 South Baylen Street, Suite 600
        Pensacola, FL 32502
        Telephone:  (850) 435-7011
        Facsimile:  (850) 436-6011
        sdoles@levinlaw.com