# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

This document relates to:

*Boldt v. Chevron U.S.A. Inc., et al.*, 3:21-pq-579-NJR
*Bowers v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1568-NJR
*Catton v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1732-NJR
*Dachsteiner v. Syngenta AG, et al.*, 3:22-pq-1551-NJR
*Dall OBO Dall v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1384-NJR
*Dillow v. Chevron U.S.A. Inc., et al.*, 3:21-pq1613-NJR
*Durbin v. Chevron U.S.A. Inc., et al.*, 3:21-pq-551-NJR
*Feith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1158-NJR
*Fodness v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1524-NJR
*Frank v. Chevron U.S.A. Inc., et al.*, 3:21-pq-744-NJR
*Hawkins OBO Hawkins v. Chevron U.S.A. Inc., et al.*, 3:21-pq-635-NJR
*Hitchcock v. Chevron U.S.A. Inc., et al.*, 3:22-pq-57-NJR
*Kirchoff v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1052-NJR
*Kistner v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1678-NJR
*Kowalczyk v. Syngenta AG, et al.*, 3:22-pq-118-NJR
*Muentnich v. Chevron U.S.A. Inc.*, et al., 3:21-pq-1239-NJR
*Smith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-627-NJR
*Spence v. Chevron U.S.A. Inc., et al.*, 3:22-pq-351-NJR

Case No. 3:21-md-3004-NJR

MDL No. 3004

Hon. Judge Nancy J. Rosenstengel

| | |
|---|---|
| *Walter v. Chevron U.S.A. Inc., et al.*, 3:22-pq-1003-NJR | ) ) |
| *Zumdahl v. Chevron U.S.A. Inc., et al.*, 3:22-pq-76-NJR | ) ) |
| | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE

In a transparent effort to prevent Defendants from exploring the claims of the twenty additional Plaintiffs selected for discovery, Plaintiffs have filed a meritless Motion to Enforce. ECF 2348. The motion should be denied. This Court, through Special Master Randi Ellis, has already permitted Defendants to serve third-party subpoenas "directed to: (1) state licensing/permitting agencies; (2) entities that allegedly supplied paraquat to Plaintiffs, and (3) entities where Plaintiffs worked where they allege use/exposure to paraquat." ECF 2348-01 ("Pls.' Ex. 1") at 4. That is exactly what Defendants have done, and Plaintiffs have identified no legitimate reason for halting the third-party subpoenas at this time.

### BACKGROUND

On August 17, the Court selected twenty additional cases for limited discovery, with depositions of selected Plaintiffs to be completed by Monday, October 17. *See* ECF 2184 at 3 (60-day deadline for depositions). Defendants promptly notified Plaintiffs eight days later, on August 25, that they intended to serve subpoenas on certain third parties with information directly relevant to these Plaintiffs' allegations. Pls.' Ex. 1 at 19. For example, among the third parties were (a) Helena, the employer where Plaintiff Daniel Kowalczyk worked when he was allegedly exposed to paraquat, *see* Ex. A (2/17/22 D. Kowalczyk Plaintiff Assessment Questionnaire ("PAQ")) at 31; (b) Wabash Valley FS, the entity that allegedly supplied paraquat to Plaintiff Edward Spence, *see* Ex. B (3/28/22 E. Spence PAQ) at 29; and (c) the Minnesota Department of Agriculture, a state permitting/licensing agency, *see* Pls.' Ex. 1 at 19.

2

Given the limited time available to collect records before Plaintiffs' depositions and having heard no response from Plaintiffs, Defendants started to serve third-party subpoenas on August 26. *See* Pls.' Ex. 1 at 17. Only thereafter, on August 29, did Plaintiffs respond for the first time and object to Defendants serving any third-party subpoenas at all. *Id.* at 15. The next day, Defendants offered to meet and confer. *Id.* at 13. Plaintiffs refused, and instead asked Special Master Ellis to "provide guidance on next steps she want[ed the parties] to take." *Id.* at 11.

Special Master Ellis then requested more information about the subpoenas at issue, *id.* at 9, and Defendants explained they sought information to "assist in examining whether plaintiffs used paraquat (and how much), refreshing recollections, and ensuring accurate testimony," *id.* at 7. Defendants were transparent with respect to the entities on whom they intended to serve subpoenas: (1) state licensing/permitting agencies; (2) entities that allegedly supplied paraquat to Plaintiffs, and (3) entities where Plaintiffs worked where they allege use/exposure to paraquat. *Id.* Defendants further explained that obtaining "the relevant records now (prior to the deadline for conducting the depositions of these 20 Plaintiffs), [would] mitigate against needing a second deposition of these Plaintiffs down the line." *Id.* Finally, Defendants identified the third parties they intended to subpoena at that time. *Id.*

On September 2, Special Master Ellis informed the parties she had discussed this issue with the Court. *Id.* at 4. Special Master Ellis conveyed that the Court would "allow for third party subpoenas with respect to the selected plaintiffs' set for depositions" as to subpoenas directed at the three types of entities described by Defendants. *Id.* With that directive, Defendants restarted serving third-party subpoenas later the same day, including those they had previously noticed to Plaintiffs, and all falling within the scope of the Court's guidance as conveyed by Special Master Ellis. To date, no third party has objected to or moved to quash a subpoena.

## ARGUMENT

The Court and Special Master Ellis properly rejected Plaintiffs' objections to the third-party subpoenas once before and should do so again for three reasons.

*First*, as the Court has already recognized, these third-party subpoenas seek relevant materials and address the core elements of Plaintiffs' claims. In particular, Defendants seek documents that will either corroborate or undermine Plaintiffs' claims of paraquat exposure. For instance, Defendants seek licensing and paraquat-purchase records. In the cases being developed for trial, the fact and extent of exposure—if there was any—have been mistaken, misstated, or greatly exaggerated by Plaintiffs. The Court was explicit in its purpose for selecting these cases for discovery—to "provide representative data about [additional] Plaintiffs, determine whether Plaintiffs' claims are plausible and substantiated, and expose non-meritorious claims." ECF 2184 at 1. The third-party subpoenas at issue here will allow Defendants to do just that, including, for instance, by refreshing recollections and otherwise ensuring Plaintiffs testify accurately about their exposure history. Obtaining this information before the Plaintiffs' depositions will mitigate the need to depose them again.

*Second*, Plaintiffs have no legitimate objection to these subpoenas, which are directed to third parties. Plaintiffs have not argued (and cannot argue) that the subpoenas have been served contrary to Special Master Ellis's (and the Court's) guidance. Indeed, the subpoenas plainly fall within the scope of third-party discovery authorized by the Court, through Special Master Ellis, on September 2. And "[a]s a general rule, a party can move to quash a subpoena issued to a nonparty only if the party has a claim of privilege, privacy, or other personal right with regard to the documents sought." *Piercy v. Wilhelmi*, No. 16-MC-43-NJR, 2016 WL 9176539, at *2 (S.D. Ill. June 17, 2016) (Rosentengel, J.). Plaintiffs have made no attempt to make the required showing

4

to quash any of the subpoenas served by Defendants. Tellingly, no third party has moved to quash any of the subpoenas either.

*Finally*, the arguments Plaintiffs do advance in their motion are meritless. Plaintiffs were informed of Defendants' intent, yet chose not to lodge any objection for four days. Given the tight schedule, such delay was unwarranted. And as soon as Plaintiffs made their objection, Defendants refrained from serving additional subpoenas until Special Master Ellis (and the Court) confirmed that Defendants had permission to proceed. Special Master Ellis conveyed the Court's directives on the scope of permissible discovery, and Defendants' subpoenas fall squarely within those bounds.

Plaintiffs' additional arguments also miss the mark. For instance, Plaintiffs suggest that Defendants have acted improperly by serving over fifty subpoenas. ECF 2348 at 4. Over fifty subpoenas for twenty Plaintiffs is hardly surprising. And all of those subpoenas were served in accordance with the Special Master's guidance. Plaintiffs specifically object to the subpoena directed to the University of Illinois Extension, asserting that it relates to thirteen Plaintiffs and requests a variety of records. *Id.* Again, it is unsurprising that this state agency in charge of pesticide-license training might have records with respect to thirteen Plaintiffs.

Plaintiffs similarly object that Defendants sent twelve subpoenas directed to Plaintiffs' employers. *See* ECF 2348 at 4. Plaintiffs incorrectly claim that these are duplicative of records sought by Defendants' record collections vendor using Employment Authorizations signed by Plaintiffs. *Id.* The Employment Authorizations allow collection of records limited to those that verify employment, while the subpoenas issued by Defendants are broader, seeking records directly related to Plaintiffs' alleged use or exposure to paraquat. These subpoenas are properly directed to "entities where Plaintiffs worked where they allege use/exposure to paraquat." Pls.'

5

Ex. 1 at 4.  It bears noting that neither the Employment Authorizations nor the subpoenas burden Plaintiffs in any way, and Plaintiffs have not argued otherwise.

      Plaintiffs should not be permitted to frustrate basic third-party discovery that will advance the resolution of this litigation and shed light on the merits of their claims—or the lack thereof. Plaintiffs have articulated no legal basis for halting Defendants' subpoenas, which seek relevant discovery within the scope of the Special Master's directives, and Plaintiffs' motion should therefore be denied.

Dated September 19, 2022        Respectfully Submitted,

*/s/ Ragan Naresh*
Ragan Naresh, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 389-5000
Leslie M. Smith, P.C., #6196244
Bradley H. Weidenhammer, P.C. #6284229
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000

*Counsel for Defendants Syngenta Crop Protection LLC and Syngenta AG*

Steven N. Geise  
JONES DAY  
4655 Executive Drive, Suite 1500  
San Diego, CA 92121  
Tel.: (858) 314-1200  
Fax: (844) 345-3178  
sngeise@jonesday.com  

Joseph C. Orlet  
Bryan Hopkins  
Megan Ann Scheiderer  
HUSCH BLACKWELL LLP  
190 Carondelet Plaza, Suite 600  
St. Louis, MO 63105  
Tel.: (314) 480-1500  
Fax: (314) 480-1505  
joseph.orlet@huschblackwell.com  
bryan.hopkins@huschblackwell.com  
megan.scheiderer@huschblackwell.com  

*/s/ Sharyl A. Reisman*  
Leon F. DeJulius, Jr.  
Traci L. Lovitt  
Sharyl A. Reisman  
JONES DAY  
250 Veasey Street  
New York, NY 10281  
Tel.: (212) 326-3939  
Fax: (212) 755-7306  
lfdejulius@jonesday.com  
tlovitt@jonesday.com  
sareisman@jonesday.com  

Jihan E. Walker  
JONES DAY  
77 West Wacker Drive, Suite 3500  
Chicago, IL 60601  
Tel.: (312) 782-3939  
Fax: (312) 782-8585  
jihanwalker@jonesday.com  

*Counsel for Defendant Chevron U.S.A. Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2022, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will provide notice to all users of record.

*/s/ Ragan Naresh*
Ragan Naresh