IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | |
| **This Document Relates to:** *Boldt v. Chevron U.S.A. Inc., et al.*, 3:21-pq-579-NJR *Bowers v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1568-NJR *Catton v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1732-NJR *Dachsteiner v. Syngenta AG, et al.*, 3:22-pq-1551-NJR *Dall OBO Dall v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1384-NJR *Dillow v. Chevron U.S.A. Inc., et al.*, 3:21-pq1613-NJR *Durbin v. Chevron U.S.A. Inc., et al.*, 3:21-pq-551-NJR *Feith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1158-NJR *Fodness v. Chevron U.S.A. Inc., et al.*, 3:21-pq- 1524-NJR *Frank v. Chevron U.S.A. Inc., et al.*, 3:21-pq -744-NJR *Hawkins OBO Hawkins v. Chevron U.S.A. Inc., et al.*, 3:21-pq-635-NJR *Hitchcock v. Chevron U.S.A. Inc., et al.*, 3:22-pq-57-NJR *Kirchoff v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1052-NJR *Kistner v. Chevron U.S.A. Inc., et al.*, 3:21-pq- 1678-NJR *Kowalczyk v. Syngenta AG, et al.*, 3:22-pq-118-NJR *Muentnich v. Chevron U.S.A. Inc., et al.*, 3:21-pq-1239-NJR *Smith v. Chevron U.S.A. Inc., et al.*, 3:21-pq-627-NJR *Spence v. Chevron U.S.A. Inc., et al.*, 3:22- | Case No. 3:21-md-3004-NJR MDL No. 3004 |

pq-351-NJR
*Walter v. Chevron U.S.A. Inc., et al.*, 3:22-pq-1003-NJR
*Zumdahl v. Chevron U.S.A. Inc., et al.*, 3:22-pq-76-NJR

### **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE**

Plaintiffs filed a simple, straightforward motion asking this Court to enforce its Order Selecting Additional Cases for Limited Discovery (Doc. 2184) requiring agreement of the parties or leave of Court <u>before</u> any discovery beyond the PFS and Plaintiff's deposition is allowed. (See Doc. 2348). Defendants' response contains all of the arguments expected in a motion for leave without addressing the fact that they took an act-now-ask-for-forgiveness-later approach rather than seeking permission first as directed by the Court's Order.

To the extent Defendants contend they sought agreement from Plaintiffs, their initial email stating "we intend to serve subpoenas on the following entities by the end of this week" was sent on a Thursday, included over eighty-five (85) email recipients, identified twelve (12) entities to be served with subpoenas, and did not specify to which of the twenty (20) cases selected for limited discovery the subpoenas related. (Doc. 2348-1, pp. 17-20). The following day, Friday, without a response from Plaintiffs, Defendants emailed four subpoenas to over 85 recipients, stating "Please see the attached, which we will start serving." (Id. at 16-17). Again, the email did not specify to which plaintiffs these subpoenas applied. Plaintiffs lodged their objection to the third-party subpoenas on Monday based on the fact no agreement had been reached nor was leave of Court granted. (Id. at 13-16). On Tuesday, Defendants responded that they disagreed with Plaintiffs reading of the Court's Order, were "happy to meet and confer," but given the tight timelines set forth in the Court's order, we plan to continue noticing and serving subpoenas this week." (Id. at 11-13). The same day, in light of the fundamental disagreement regarding the requirements of the

Order and the fact that Defendants specifically stated they would continue serving subpoenas over Plaintiffs' objection, Plaintiffs included Special Master Ellis on the exchange. (Id. at 9-11). Defendants' assertion that Plaintiffs refused to meet and confer is disingenuous. (See Doc. 2395, p. 3).

In their response, Defendants, for the first time, describe specific subpoenas and the parties to whom they relate:

> For example, among the third parties were (a) Helena, the employer where Plaintiff Daniel Kowalczyk worked when he was allegedly exposed to paraquat, see Ex. A (2/17/22 D. Kowalczyk Plaintiff Assessment Questionnaire ("PAQ")) at 31; (b) Wabash Valley FS, the entity that allegedly supplied paraquat to Plaintiff Edward Spence, see Ex. B (3/28/22 E. Spence PAQ) at 29; and (c) the Minnesota Department of Agriculture, a state permitting/licensing agency, see Pls.' Ex. 1 at 19.

(Doc. 2395, p. 2). In two of the three examples given, Defendants now describe the basis for the subpoena. By contrast, previously, Defendants simply identified entities they intended to subpoena without identifying the connection to any specific Plaintiff. As noted in Plaintiff's Motion to Enforce with respect to the subpoena directed to University of Illinois Extension, only three (3) of the thirteen (13) Plaintiffs identified in the subpoena claim in their PAQ or PFS to be licensed in Illinois. (See Doc. 2348, p. 4, Ex. 2). Therefore, Defendants lack a basis as to ten (10) of those Plaintiffs. But these are issues that could have been discussed amongst the parties, including the specific lawyers most familiar with their clients' claims, had Defendants provided sufficient specificity and sought Plaintiffs' agreement before serving the subpoenas.

With respect to the employment subpoenas, they request information relating to *other* employees beyond Plaintiffs. For example, the subpoena directed to Plaintiff Kistner's employer seeks all documents "sufficient to show for each instance of mixing, loading, application, or use

of Agricultural Chemicals, *including but not limited to Paraquat*, performed at Herman Kistner Farm:"

> (b) User information, including but not limited to: name(s) of Person(s) involved in mixing, loading, applying, or using Agricultural Chemicals; supervisor name(s); name(s) of any other Person(s) present; and for each instance of mixing, loading, applying, or using Restricted Use Pesticides, name of the Person or entity holding the license to use Restricted Use Pesticides, issuing state for license to use Restricted Use Pesticides, and license number;

(See Subpoena attached hereto as Exhibit 1, p. 6, emphasis added). While Defendants represented to Special Master Ellis that the "subpoenas relate *directly* to Plaintiffs' claims of exposure to paraquat," (See Doc. 2348-1, emphasis added), the subpoena seeks information beyond paraquat and beyond Plaintiff's exposure to it.

Plaintiff's respectfully request that the Court enforce its Order Selecting Additional Cases for Limited Discovery defining "limited discovery" as "the completion of a Fact Sheet and Plaintiff's deposition" and requiring agreement of the parties or leave of Court <u>before</u> any discovery beyond the PFS and Plaintiff's deposition is permitted. (See Doc. 2184, pp. 2, 3).

Dated:  September 20, 2022                    Respectfully submitted,

**PLAINTIFFS' CO-LEAD COUNSEL**

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7011
sdoles@levinlaw.com

Khaldoun A. Baghdadi
WALKUP, MELODIA, KELLY &
SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Telephone: (630) 232-6333
pjf@meyers-flowers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone:  (850) 435-7011
Facsimile:  (850) 436-6011
sdoles@levinlaw.com