**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
|  | MDL No. 3004 |
| This Document relates to: | Motion to Strike |
| All Current Actions. |  |

**DEFENDANT CHEVRON U.S.A. INC.'S EMERGENCY MOTION TO STRIKE**
**PLAINTIFFS' MOTIONS TO COMPEL AND FOR SANCTIONS,**
**AND MOTION TO STAY CURRENT RESPONSE DEADLINE**

Defendant Chevron U.S.A. Inc. ("Chevron") respectfully moves to strike MDL Plaintiffs' ("Plaintiffs") Motion to Compel and Motion for Sanctions filed on September 20, 2022.  *See* ECF No. 2407.  There is a clearly established process in this case for resolving discovery disputes: the parties are expected to meet and confer in a good faith effort to reach agreement and, in the event the parties are at an impasse, they are to raise the dispute with Special Master Ellis.  *See* Coordination Order, ECF No. 462 at ¶¶ 25-26.  Rather than following that process – the process the parties have been following since the Special Master was appointed – Plaintiffs' motion instead seeks to transform an ordinary discovery dispute into a personal attack on one of Chevron's lawyers.  Plaintiffs never sent a request to Chevron for the documents they were seeking (either before the deposition or after) and Plaintiffs never attempted to meet and confer to resolve the issues presented in their motion.  In fact, Plaintiffs failed to contact Chevron after the deposition to notify Chevron that there was an issue needing resolution.  Instead, Plaintiffs attempt to bypass entirely the ordinary meet and confer process and Special Master Ellis and come directly to this Court.

Plaintiffs' motion is thus procedurally improper twice-over and should be struck from the docket. Chevron further respectfully requests that the Court refer this matter to Special Master Ellis for resolution, and requests that the Court stay Chevron's current response date to Plaintiffs' motion until the instant motion is resolved.

## Background

1.          Mr. Richard Cavalli is a retired former employee of Chevron Corporation (formerly Standard Oil Company of California) who worked as a toxicologist from approximately 1967 to 1999, at which time he retired. Exh. A, Dep. Tr. Of Richard Cavalli at 11:6-8. Mr. Cavalli worked on paraquat-related toxicology issues until Chevron exited the paraquat business in 1986. Exh. B, Disclosure of Non-retained Expert Richard Cavalli at 1.

2.          On July 29, 2022, Plaintiffs served a Notice of Deposition of Mr. Cavalli. Chevron cross noticed his deposition for the JCCP on August 1, 2022. Given Mr. Cavalli's age (81 years old) and condition, the parties agreed to conduct the deposition over two days, with a maximum of 3.5 hours per day. The deposition went forward on August 22 and August 23, 2022.

3.          Mr. Cavalli's testimony was ordinary fact testimony based on his personal recollection of events in the 1960s, 1970s and 1980s when Chevron sold paraquat. Among other things, he testified about what he and others knew about paraquat, his general recollections about studies conducted prior to 1986, and reasons why Chevron did not believe additional studies were needed at the time. Mr. Cavalli did not offer any opinions regarding paraquat's current safety, did not keep up with the science of toxicology after he retired from Chevron in 1999, did not keep up with the literature regarding paraquat after 1986 or review any studies conducted after Chevron left the paraquat business in 1986, and did not purport to offer any expert opinions.

2

4.        Nonetheless, because Mr. Cavalli had worked as a toxicologist, Chevron informed Plaintiffs of its intent to disclose Mr. Cavalli as a non-retained expert on August 3, 2022, out of an abundance of caution so as to avoid any dispute with Plaintiffs regarding whether he was properly noticed.  Exh. C, Email from S. Reisman to Plaintiffs' Leadership Counsel dated Aug. 3, 2022.

5.        On August 15, 2022, Plaintiffs requested that Chevron serve a formal Rule 26 disclosure for Mr. Cavalli.  On August 18, Chevron served a Disclosure of Non-Retained Expert Richard Cavalli, again noting that it was providing this disclosure and information "out of an abundance of caution in the event the Court determines that his testimony falls within the scope of Federal Rule of Evidence 702."  Exh. C, Email chain between Chevron's Counsel and Plaintiffs' Counsel regarding the Disclosure.

6.        In its disclosure, Chevron explained:

> Mr. Cavalli has not been retained or specially employed to provide expert testimony in this case and is not a CUSA employee whose duties involve or involved providing expert testimony. Mr. Cavalli will provide testimony as to his state of mind and understanding of paraquat while working as a toxicologist at Chevron who addressed toxicological issues related to paraquat until Chevron exited the paraquat business in 1986. As Mr. Cavalli has not had job responsibilities related to paraquat since 1986, he will not provide any testimony regarding the science or the state of scientific knowledge related to paraquat after 1986.

*Id.* at 2.

7.        Plaintiffs did not object to Chevron's disclosure.  Nor did Plaintiffs request from Chevron's counsel, at any time, the documents Mr. Cavalli reviewed before the deposition or request that Mr. Cavalli bring the documents with him to the deposition. Nor did Plaintiffs assert that Chevron had waived privilege with respect to communications with Mr. Cavalli by virtue of disclosing him as a non-retained witness.

8.         On August 23, 2022, at the deposition, Plaintiffs' counsel asked Mr. Cavalli for "a list [of] … the documents, paper documents, that you reviewed in preparation for your deposition." Exh. A, Dep. Tr. Of Richard Cavalli at 123:2-5.  Chevron's counsel objected that such information was privileged and protected work product, noting that Chevron "disclosed [Mr. Cavalli] out of an abundance of caution as a non-retained expert."  She further noted that Chevron already "disclosed" in its Disclosure "the materials that [Cavalli] reviewed and the context of his work at Chevron back in the '80s."  *Id.* at 123:11-14.  Chevron's counsel also noted, as set forth in the Disclosure, that Mr. Cavalli's testimony was "based on animal data, worker exposure data, and human autopsy data, all of which has been produced to" Plaintiffs (and all of which came "from Chevron's files").  *Id*. at 123:18-21; 125:16-19.  Nonetheless, Chevron's counsel permitted Mr. Cavalli to testify to "the animal studies or the worker exposure studies," and "the human autopsy reports that [he] reviewed in the context of [his] preparation," after she preserved Chevron's privilege objection.  *Id.* at 124:10-125:5.  Mr. Cavalli, however, could not recall any specific studies or materials he looked at.  *Id*. at 125:11-12.

9.         In the course of this dispute during the deposition, Plaintiffs' examining counsel asked if "we have a Special Master available," to which his colleague responded "We can try." Chevron did not object to that suggestion. *Id*. at 77:5-12.  Chevron does not know if Plaintiffs contacted the Special Master and requested her assistance at that time; there was no further discussion of involving the Special Master, at that time or any time after.

10.        Plaintiffs never followed up with any request to Chevron after the deposition, nor have they attempted to meet and confer with Chevron in the month since Mr. Cavalli's deposition. To the best of Chevron's knowledge, nor did Plaintiffs reach out to Special Master Ellis during that month.

4

11.         Instead, on September 20, 2022, Plaintiffs filed a Motion to Compel and Motion for Sanctions seeking the documents Mr. Cavalli reviewed before his deposition.  Plaintiffs also seek  to re-depose Mr. Cavalli on his communications with counsel and seek sanctions against Chevron's counsel for instructing Mr. Cavalli not to reveal these communications and for alleged improper communications.[1]

### Argument

12.         Plaintiffs' motions are improper and should be struck.  "Before filing any discovery motion in the MDL Proceeding, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements established by the MDL Court," which includes first attempting to resolve the dispute among the parties, and in the event that the parties cannot resolve their dispute, the issue must be presented to Special Master Ellis prior to filing any motion with the Court.  *See* Coordination Order, ECF No. 462, ¶¶ 25-26.

13.         In an unrelated matter in this action, Plaintiffs, in fact, successfully petitioned this Court to strike a motion improperly and prematurely filed without first engaging Special Master Ellis.  On December 22, 2021, an individual plaintiff filed a Motion to Compel Production of Corporate Rep Depositions without first seeking a ruling from Special Master Ellis.  *See* Member Case No. 3:21-pq-00551-NJR Doc. 30.  On December 28, 2021, Plaintiffs' Co-Lead Counsel submitted an Emergency Motion to Strike a Motion to Compel Production of Corporate Rep Depositions.  *See* Member Case No. 3:21-pq-00551-NJR Doc. 32.

---

[1] Plaintiffs' allegations that Chevron's counsel impermissibly coached Mr. Cavalli during breaks is baseless. Chevron will fully address these allegations and the other materially misleading statements and factual misstatements at the appropriate time, if necessary.  Plaintiffs' counsel never asked Mr. Cavalli about the content of those conversations during breaks and Chevron's counsel never instructed him not to answer questions about the substance of discussions during breaks—with good reason.  Chevron's counsel had no substantive discussions with Mr. Cavalli about the case or his testimony during those breaks.

14.        As Plaintiffs noted in their motion to strike, "[o]n October 26, 2021, this Court entered a Coordination Order setting forth an orderly process for the resolution of discovery disputes . . . [t]he mandates of that Order are unambiguous." *Id*. at 3.  Plaintiffs then asked the Court to "enforce the mandates set forth in its CMOs and the Coordination Order, by striking the motion to compel" and allow adjudication of the dispute by proceedings with the Special Master. *Id.* at 9.  On January 7, 2022, the Court issued an order granting the Emergency Motion to Strike and struck the motion from the docket. *See* Member Case No. 3:21-pq-00551-NJR Doc. 33.

15.        Plaintiffs' attempts to bypass the meet and confer requirements and bypass Special Master Ellis in this instance were likewise procedurally improper.  Plaintiffs cannot seek enforcement of the procedure to confer with Special Master Ellis when it benefits them, and otherwise disregard it.

### Conclusion

16.        Chevron respectfully requests that the Motions to Compel and for Sanctions be struck from the docket.  If a dispute remains after a good faith meet and confer, Plaintiffs may raise the issue with Special Master Ellis.

17.        Chevron further respectfully requests the Court to stay Chevron's deadline to respond to Plaintiffs' Motion to Compel and Motion for Sanctions until the instant motion can be resolved.  Chevron should not bear the expense of a full response to Plaintiffs' prematurely filed motion.

September 23, 2022

Respectfully submitted,

*/s/ Leon F. DeJulius, Jr.*
Leon F. DeJulius, Jr.
Sharyl A. Reisman
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Fax: (212) 755-7306
lfdejulius@jonesday.com
sareisman@jonesday.com

*Counsel for Chevron U.S.A. Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2022, the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Leon F. DeJulius, Jr.*
Leon F. DeJulius, Jr.

*Counsel for Chevron U.S.A. Inc.*

# Exhibit A

CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE: PARAQUAT PRODUCTS        )
LIABILITY LITIGATION            )
                                )
                                )Case Number
                                )3:21-md-3004-NJR
                                )
                                )MDL No. 3004
                                )
                                )
THIS DOCUMENT RELATES TO        )
ALL CASES.                      )

_____


    * * HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY * *

        30(b)(6) VIDEOTAPED DEPOSIITON OF

          CHEVRON BY: RICHARD CAVALLI

              AUGUST 22, 2022

_____




Angela M. Taylor, RPR, IL-CSR, MO-CCR, LA-CCR, WA-CCR
                CSR No. 084.004538
                  CCR No. 1067

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                                Page 2

1          PURSUANT TO WRITTEN NOTICE AND 26 AND

2   30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, the

3   30(b)(6) videotaped deposition of CHEVRON BY:

4   RICHARD CAVALLI, called by Plaintiffs, was taken

5   commencing at 9:11 a.m. Pacific Time Zone on August

6   22, 2022, at 14811 Kruse Oaks Drive, Lake Oswego,

7   Oregon, 97035, before Angela M. Taylor, CSR, CCR, RPR.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                    Page 3

```
 1   APPEARANCES:

 2

 3        For the MDL Plaintiffs:

 4   R. Eric Kennedy, Esq.
     Weisman Kennedy & Berris Co., LPA
 5   2900 Detroit Avenue, 2nd Floor
     Cleveland, Ohio  44113
 6
          and
 7
     Michael A. Kelly, Esq.
 8   Walkup, Melodia, Kelly & Schoenberger
     650 California Street, 26th Floor
 9   San Francisco, California  94108

10        and

11   Peter J. Flowers, Esq.
     Frank V. Cesarone, Esq.
12   Meyers & Flowers, LLC
     3 North Second Street, Suite 300
13   Saint Charles, Illinois  60174

14

15        For the Defendant Chevron U.S.A. Inc.:

16   Sharyl A. Reisman, Esq.
     Jones Day
17   250 Vesey Street
     New York, NY  10281
18
          and
19
     David J. DiMeglio, Esq.
20   Jones Day
     555 South Flowers Street, 50th Floor
21   Los Angeles, California  90071

22        and

23   Megan A. Scheiderer, Esq.
     Husch Blackwell
24   4801 Main Street, Suite 1000
     Kansas City, Missouri  64112

25
```

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                    Page 4

1    APPEARANCES (CONTINUED):

2    Also Present:

3    Devin Williams
     Videographer

4
     Scott Sill
5    Audio-Video Tech Team Manager
     Paszkiewicz Reporting

6

7    APPEARANCES VIA VIDEOCONFERENCE:

8
           For the MDL Plaintiffs:
9
     Sarah Shoemake Doles, Esq.
10   Alyson M. Petrick, Esq.
     Levin Papantonio Rafferty Proctor
11   Buchanan O'Brien Barr & Mougey P.A
     3316 South Baylen St.
12   Pensacola, Florida  32502

13         and

14   Chad Finley, Esq.
     Tor Hoerman Law, LLC
15   210 South Main Street
     Edwardsville, Illinois  62025

16
           and
17
     Khaldoun A. Baghdadi, Esq.
18   Walkup Melodia Kelly + Schoenberger
     650 California Street
19   San Francisco  California 94108

20

21         For the Defendant Chevron U.S.A. Inc.:

22   Jennifer Cecil, Esq.
     Husch Blackwell, LLP
23   190 Carondelet Plaza, Suite 600
     St. Louis, Missouri  63105

24
           and
25

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                                    Page 5

 1    APPEARANCES (CONTINUED) VIA VIDEOCONFERENCE:

 2

 3    Leon F. DeJulius, Esq.
      Jones Day
 4    51 Louisiana Avenue, N.W.
      Washington, D.C. 20001-2113

 5

 6          For the Defendant Syngenta AG and Syngenta Crop
            Protection LLC:
 7

      Ragan Naresh, Esq.
 8    Grace C. Brier, Esq.
      Kirkland & Ellis LLP
 9    1301 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004

10

11          For the Plaintiff Keith Fuller:

12    Leslie LaMacchia, Esq.
      LaMacchia Law, P.C.
13    PO Box 131812
      Houston, TX  77219

14

15    Also Present (via videoconference):

16    Jodee Whitley
      Operations Manager
17    Paszkiewicz Reporting

18    Nicholas Campbell
      Scheduling Manager
19    Paszkiewicz Reporting

20

21

22

23

24

25

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL

Page 6

1              INDEX OF EXAMINATION

2    QUESTIONS BY MS. REISMAN .........................9
     QUESTIONS BY MR. KELLY ..........................78

3

4                 INDEX OF EXHIBITS

5    Exhibit 1,  Summary of Employment at Chevron .....10
                 Corporation

6

7

8

9

10           (Exhibits are attached to transcript.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                          Page 11

1    Chevron --

2         **A    3- --**

3         Q    -- Corporation?

4         **A    32 years.**

5         Q    And when did you begin working for Chevron?

6         **A    In 1967.**

7         Q    When did you retire from Chevron?

8         **A    1999.**

9         Q    Now, when you started working for Chevron in

10   1967, was the company then called Standard Oil Company

11   of California?

12        **A    Yes, it was.**

13        Q    And I'm not asking you for the legal -- the

14   legal structure, but did that name -- did Standard Oil

15   Company of California change its name to Chevron

16   Corporation at some point?

17        **A    Yes, it did.**

18        Q    And at a high level, Mr. Cavalli, can you

19   tell the jury what your position was at Chevron?

20        **A    My position was as a toxicologist for most**

21   **of my career.  Towards the end, I managed a toxicology**

22   **group providing support in toxicology for various**

23   **Chevron products.**

24        Q    And was there a particular group or

25   department within Chevron that you worked for?  And if

**Richard Cavalli**
**August 23, 2022**

CONFIDENTIAL                                          Page 77

1    prior to your testimony here today?

2           MS. REISMAN:  And again, you can answer

3    other than with respect to the content of the meetings

4    that you have had with counsel.

5           MR. KENNEDY:  Do we have a Special Master

6    available?

7           MR. FLOWERS:  We can try.

8           MR. KENNEDY:  Check it out.

9       Q    (By Mr. Kennedy) Please answer my question,

10   sir.

11          MS. REISMAN:  You can -- you can answer

12   without revealing the content of the conversations.

13          MR. KENNEDY:  That's the third time.  Once

14   is enough.  No?

15          MS. REISMAN:  Well, I just -- I'm directing

16   him not to answer with the respect to the content of

17   conversation.

18          MR. KENNEDY:  You've don't it three times.

19          MS. REISMAN:  You've asked the question

20   three times in an unclear way.

21      Q    (By Mr. Kennedy) Go ahead, sir.

22      **A    I did meet with attorneys representing**

23   **Chevron on several occasions.**

24      Q    How many occasions?

25      **A    I don't recall.**

**Richard Cavalli**
**August 23, 2022**

CONFIDENTIAL                                    Page 123

1    today.

2        Q    (By Mr. Kennedy) Mr. Cavalli, could you give

3    me a list and tell me the documents -- first, the

4    documents, paper documents, that you reviewed in

5    preparation for your deposition?

6            MS. REISMAN:  And I'm going to assert an

7    objection, and this was a discussion we've already had

8    off the record.  We're going to assert privilege over

9    the documents and -- work product over the documents

10   that were shown to Mr. Cavalli.

11           We have disclosed him out of an abundance of

12   caution as a nonretained expert, and we have disclosed

13   within there the materials that he reviewed and the

14   context of his work at Chevron back in the '80s.  As

15   is clear from today, he doesn't have a recollection of

16   that he's testified, that nothing refreshed his

17   recollection.

18           But we have disclosed to you that his

19   opinions were based on animal data, worker exposure

20   data, and human autopsy data, all of which has been

21   produced to you.  Subject to that disclosure, I'm not

22   going to permit Mr. Cavalli to talk about and reveal

23   the documents that he reviewed in preparation for this

24   deposition.

25           I have said to the witness and to you,

**Richard Cavalli**
**August 23, 2022**

CONFIDENTIAL                                    Page 124

1    Mr. Kennedy, that he is free to tell you the documents

2    that he reviewed that refreshed his recollection.  But

3    other than that, and if -- if he recalls specific

4    worker exposure studies or animal studies that he

5    reviewed or autopsy reports that he reviewed in the

6    context of his review, he can reveal those to you.

7              But past those specific limited materials,

8    I'm going to instruct him not to answer.

9              MR. KENNEDY:  Okay.

10             MS. REISMAN:  And we are not waiving

11   privilege or work product even with respect to those

12   animal studies or autopsy reports or worker exposure

13   data that he does recall reviewing.  But I'm fine with

14   he -- with Mr. Cavalli testifying with respect to the

15   animal studies, the worker exposure studies, and the

16   human autopsy reports that he reviewed.

17       Q    (By Mr. Kennedy) Okay.  And so that I'm

18   clear, I'm asking you to identify any -- any documents,

19   written or electronic, any medical literature, or any

20   other publication or any deposition testimony that you

21   reviewed -- the totality of what you reviewed, whether

22   it was provided to you by counsel or that you went and

23   got it on your own.  All right?

24             Are you able to -- to give us that

25   information?

**Richard Cavalli**
**August 23, 2022**

CONFIDENTIAL                                      Page 125

1          MS. REISMAN:  Without waiving privilege or
2    attorney work product, if you recall the animal
3    studies or the worker exposure studies, the human
4    autopsy reports that you reviewed in the context of
5    your preparation, you can testify as to those.
6              As to the other materials, we are asserting
7    privilege under work product, and we are not waiving
8    either of those with respect to the limited set of
9    materials that I've described that you can testify
10   about.
11       **A    I cannot give you a list of the documents**
12   **that -- or other material that I looked at.**
13       Q    (By Mr. Kennedy) Did you review any summaries
14   of materials or memorandum?
15          MS. REISMAN:  I'm going to object on
16   privilege and work product basis, but I will also
17   represent that the only materials that were shown to
18   Mr. Cavalli were produced in this litigation,
19   documents from Chevron's files.
20       Q    (By Mr. Kennedy) Did you review any medical
21   literature?
22          MS. REISMAN:  Again, subject to my
23   objections, if you recall specific worker exposure or
24   animal studies or human autopsy reports that are
25   published in the medical literature you can testify

**Richard Cavalli**
**August 22, 2022**

CONFIDENTIAL                                    Page 148

1                    REPORTER CERTIFICATE

2

3

4

5          I, Angela M. Taylor, RPR, MO-CCR, IL-CSR, do
      hereby certify that there came before me at 14811
           Kruse Oaks Drive, Lake Oswego, OR  97035,

6

7                    RICHARD CAVALLI,

8      who was by me first duly sworn; that the witness was
      carefully examined, that said examination was reported
9      by myself, translated and proofread using
      computer-aided transcription, and the above transcript
10     of proceedings is a true and accurate transcript of my
      notes as taken at the time of the examination of this
11     witness.

12          I further certify that I am neither attorney
      nor counsel for nor related nor employed by any of the
13     parties to the action in which this examination is
      taken; further, that I am not a relative or employee
14     of any attorney or counsel employed by the parties
      hereto or financially interested in this action.

15

16          Dated this 5th day September, 2

17

18     _____
      ANGELA M. TAYLOR, RPR, MO-CCR, IL-CSR
19

20

21

22

23

24

25

**Paszkiewicz Court Reporting**
**(618) 307-9320 / Toll-Free (855) 595-3577**

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION** | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004<br><br>Hon. Judge Nancy J. Rosenstengel |
| **COORDINATION PROCEEDING SPECIAL TITLE (RULE 3.550)**<br><br>PARAQUAT CASES<br><br>This document relates to:<br>All Coordinated Actions | Case No. JCCP 5031, CIVMS 5031<br>(Superior Court of the State of California, County of Contra Costa)<br><br>Assigned for All Purposes to:<br>Hon. Edward G. Weil, Dept. 39 |

## DEFENDANT CHEVRON U.S.A. INC.'S DISCLOSURE OF NON-RETAINED EXPERT RICHARD CAVALLI PURSUANT TO RULE 26

Defendant Chevron U.S.A. Inc. ("CUSA") makes the following disclosure of a witness

CUSA may offer as a non-retained expert pursuant to Federal Rule of Civil Procedure

26(a)(2)(C) ("Rule 26(a)(2)(C)"):

> **Richard D. Cavalli**
> c/o Sharyl Reisman
> Jones Day
> 250 Vesey Street
> New York, NY 10281
> 212-326-3405

Mr. Cavalli is a former Chevron toxicologist who provided toxicological support with

respect to Chevron's Ortho paraquat products prior to Chevron's exit from the paraquat business

in 1986. Mr. Cavalli received a B.S. in 1962 in Biology and a M.S. in 1967 in Biology, with a

specialty in Toxicology, both from the University of San Francisco. Mr. Cavalli joined Chevron

(f/k/a Standard Oil Company of California) as a toxicologist in 1967 and retired from Chevron in 1999. Prior to joining Chevron, Mr. Cavalli was employed at Hine Labs from 1964 to 1967.

Mr. Cavalli has not been retained or specially employed to provide expert testimony in this case and is not a CUSA employee whose duties involve or involved providing expert testimony. Mr. Cavalli will provide testimony as to his state of mind and understanding of paraquat while working as a toxicologist at Chevron who addressed toxicological issues related to paraquat until Chevron exited the paraquat business in 1986. As Mr. Cavalli has not had job responsibilities related to paraquat since 1986, he will not provide any testimony regarding the science or the state of scientific knowledge related to paraquat after 1986.

Mr. Cavalli may provide testimony relating to the following subject matters:

1.      Mr. Cavalli believed that paraquat was safe to use when used as an herbicide in accordance with its labels and instructions for use. This belief was based on human data, toxicological studies and worker exposure studies sponsored and/or conducted by Chevron, ICI or third parties, including publicly-available literature on paraquat prior to Chevron's exit from the paraquat business in 1986.

2.      Mr. Cavalli understood that, with sufficient exposure to paraquat, the first organs to be affected and harmed, *i.e.*, the most susceptible organs, are the kidneys and lungs. This understanding was based on human data, toxicological studies, worker exposure studies sponsored and/or conducted by Chevron, ICI or third parties, including publicly-available literature on paraquat prior to Chevron's exit from the paraquat business in 1986.

3.      Mr. Cavalli understood that paraquat does not accumulate in the human body, except for in the lung, and it is rapidly excreted by the human body. This understanding was based on human data, toxicological studies and worker exposure studies sponsored and/or conducted by Chevron, ICI or third parties, including publicly-available literature on paraquat prior to Chevron's exit from the paraquat business in 1986.

4.      Mr. Cavalli believed that even if paraquat is present in the bloodstream at low levels, paraquat does not get into human brain tissue—rather, it remains in the circulatory system within the brain—except at near lethal or lethal doses, when anoxia or hypoxia causes congestion of the capillaries of the brain, such that the blood brain barrier may be compromised.  Based on toxicological studies and human data available at the time, as well as paraquat's chemical properties, Mr. Cavalli did not believe that paraquat readily crossed the blood-brain barrier.  Mr. Cavalli's beliefs on this issue were also based on tissue samples and autopsy results from human poisoning and injury reports that came to Chevron's attention prior to Chevron's exit from the paraquat business in 1986.

5.      Mr. Cavalli believed that the organs most susceptible to harm from paraquat exposure are the kidneys and lungs. Mr. Cavalli understood that any central nervous system effects or other brain effects seen in animal studies were secondary effects due to pulmonary damage and distress and decreased oxygen to the brain.  This belief was based on available literature, including human and animal data, as well as human poisoning and injury reports and autopsy results available prior to Chevron's exit from the paraquat business in 1986.

6.      Mr. Cavalli did not believe that exposure to paraquat causes Parkinson's disease. This belief was based on human and toxicological data available prior to Chevron's exit from the paraquat business in 1986.

\*      \*      \*

All of Mr. Cavalli's beliefs and understandings set forth above were formed prior to Chevron's exit from the paraquat business in 1986 and were based on data and information available to him prior to Chevron's exit from the paraquat business in 1986.  He will not provide testimony regarding the current science or state of scientific knowledge related to paraquat. Chevron has not retained Mr. Cavalli as an expert, nor is he prepared to offer testimony beyond facts that were within his knowledge prior to Chevron's exit from the paraquat business in 1986.

Because Mr. Cavalli served in the role of a Chevron toxicologist, however, CUSA discloses Mr. Cavalli as a non-retained expert pursuant to Rule 26(a)(2)(C) out of an abundance of caution in the event the Court determines that his testimony falls within the scope of Federal Rule of Evidence 702 ("Rule 702").

The inclusion of any fact or opinion in this disclosure is not an admission or concession by CUSA that testimony on such fact or opinion falls within the scope of Rule 702 or is admissible only if it comports with Rule 702.

Discovery, fact investigation, and trial preparation are ongoing. CUSA reserves the right to supplement its disclosure pursuant to Federal Rule of Civil Procedure 26(e).

CUSA's disclosure is made without waiving any objection to evidence, including relevance, competency, privilege, hearsay, or any other ground. CUSA further reserves the right to object to any subsequent discovery request by Plaintiff related to this witness.


Dated: August 18, 2022                          Respectfully submitted,

                                    By:  /s/ Sharyl A. Reisman
                                         Leon F. DeJulius, Jr.
                                         Traci L. Lovitt
                                         Sharyl A. Reisman
                                         JONES DAY
                                         250 Vesey Street
                                         New York, NY 10281
                                         Telephone: (212) 326-3939
                                         Fax: (212) 755-7306
                                         lfdejulius@jonesday.com
                                         tlovitt@jonesday.com
                                         sareisman@jonesday.com

                                         Jihan E. Walker
                                         JONES DAY
                                         77 West Wacker Drive, Suite 3500
                                         Chicago, IL 60601
                                         Telephone: (312) 782-3939

4

Fax: (312) 78-8585
jihanwalker@jonesday.com

Steven N. Geise
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200
Fax: (844) 345-3178
sngeise@jonesday.com

Joseph C. Orlet, #06197026
Bryan Hopkins, #06311580
Megan Scheiderer, #06329211
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Joseph.Orlet@huschblackwell.com
Bryan.Hopkins@huschblackwell.com
Megan.Scheiderer@huschblackwell.com

*Attorneys for Defendant Chevron U.S.A. Inc.*

| From: | Reisman, Sharyl A. |
|---|---|
| Sent: | Thursday, August 18, 2022 5:30 PM |
| To: | Peter J. Flowers; Sarah Doles; kbaghdadi; mkelly; Eric Kennedy; Randi Ellis (randi@randiellis.com) |
| Cc: | Geise, Steven N.; DeJulius, Jr., Leon F.; Frank V. Cesarone |
| Subject: | Chevron Disclosure of Non-Retained Expert Richard Cavalli // JCCP and MDL Deposition of Richard Cavalli (Aug 22-23) |
| Attachments: | 2022.08.18 Disclosure of non-retained expert Richard Cavalli.pdf |

Again, thanks, Pete.

Following up on our email exchange below, I am attaching to this email to MDL and JCCP leadership DEFENDANT CHEVRON U.S.A. INC.'S DISCLOSURE OF NON-RETAINED EXPERT RICHARD CAVALLI PURSUANT TO RULE 26. As agreed by the parties, Chevron serves this disclosure now such that the parties can proceed as planned with Mr. Cavalli's deposition on August 22-23 as both a fact and non-retained expert witness in the MDL and the JCCP, with the understanding that Mr. Cavalli will not be made available again based on his being identified as a non-retained expert.

Best,
Sharyl



Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Monday, August 15, 2022 8:48 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>; Randi Ellis (randi@randiellis.com) <randi@randiellis.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** Re: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)


** External mail **

Thank you

Peter J. Flowers
Meyers & Flowers, LLC
St. Charles Office

3 North Second Street, Suite 300
St. Charles, IL 60174
Tel (630) 232-6333

Chicago Office
225 West Wacker Dr., Suite 1515
Chicago, IL 60606
(312) 214-1017

---

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Monday, August 15, 2022 7:40:32 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>; Randi Ellis (randi@randiellis.com) <randi@randiellis.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)

Hi Pete,
Thanks for the quick response. Much appreciated. We can agree to disagree on the issues as you have stated them. Having said that, we will serve a Rule 26 non-retained expert disclosure for Mr. Cavalli by Thursday COB.

Best,
Sharyl


Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Monday, August 15, 2022 2:01 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>; Randi Ellis (randi@randiellis.com) <randi@randiellis.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)

** External mail **

Thanks Sharyl
I respectfully disagree with you.  Dr Cavalli is in no way similar to a treating physician.  Chevron has had control over this witness since the 1970s and has likely been discussing his testimony with him for years.
Having side that, this can easily be solved with a proper Rule 26 disclosure this week.  Given his expert status , its only fair that we receive  this disclosure by Thursday so we can properly prepare for his testimony.  Thanks

2



**Peter J. Flowers**
Founding Partner



**Phone** (630) 232-6333  |  **Fax** (630) 845-8982
**Website** www.meyers-flowers.com
**Email** pjf@meyers-flowers.com

**Chicago Office:**
225 West Wacker Dr., #1515, Chicago, IL 60606
**St. Charles Office:**
3 North Second St., #300, St. Charles, IL 60174
**Peru Office:**
1200 Maple Drive, Peru, IL 61354



  

  

The information in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. When addressed to our clients, any opinions or advice contained in this e-mail are subject to the terms and conditions expressed in the governing attorney-client agreement. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 630-232-6333 and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Monday, August 15, 2022 10:23 AM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>; Randi Ellis (randi@randiellis.com) <randi@randiellis.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)


Apologies. Now with Special Master Ellis.
Special Master Ellis, please see below.


Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

**From:** Reisman, Sharyl A.
**Sent:** Monday, August 15, 2022 11:18 AM
**To:** 'Peter J. Flowers' <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Geise, Steven N. <sngeise@jonesday.com>; DeJulius, Jr., Leon F. <lfdejulius@jonesday.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)

Hi Pete,
Thanks for the response. I am adding Special Master Ellis so we can try to reach resolution here pretty quickly.

As I mentioned during the pre-status conference with Judge Rosenstengel and Special Master Ellis today, we are likely to name Mr. Cavalli as a non-retained expert because, like treating physicians, some of his testimony (as described in his Rule 26(a)(1) Disclosure quoted below) will include testimony based on his training as a toxicologist. We are happy to discuss with you what the disclosures for these types of non-retained experts should look like, given that Plaintiffs will have to address the same with the treating physicians they intend to disclose. We are happy to serve a disclosure identifying the nature of his testimony that would be based on his toxicology background (again, all the same as his fact witness testimony) in short order, but a full-blown Rule 26(a)(2)(A) disclosure doesn't make sense. As we note below, his non-retained expert testimony is no different than his fact witness testimony; his testimony is based only on what he did/knew/believed while he was at Chevron. We should be able to figure out a way to address this issue that works for both parties. We do not plan on making him available twice—so we need to resolve this issue prior to his deposition.

Let me know if you want to jump on a call.

Best,
Sharyl



Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Monday, August 15, 2022 7:58 AM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>; Frank V. Cesarone <fvc@meyers-flowers.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)

** External mail **

Good morning Sharyl

It is my understanding from your correspondence that Chevron now seeks to identify Richard Cavalli as a non-retained expert in the paraquat matters. Additionally, Chevron has taken the position that irrespective of this issue that was raised by Chevron just recently, it will not present Richard Cavalli for testimony beyond August 22nd and 23rd. Please accept this e-mail as Plaintiffs' response to Chevron's position.

First, Plaintiffs' deposition of Richard Cavalli that is set for August 22nd and 23rd is in his capacity as a former employee fact witness as currently identified by Chevron in its Rule 26 disclosures. In the event that Chevron decides later to disclose Richard Cavalli as an expert witness (whether retained or non-retained), this would require an appropriate Rule 26 disclosure and/or expert report. Because Chevron has not produced any such Rule 26 expert disclosure or retained expert report from Richard Cavalli, Plaintiffs intend to proceed with the deposition in his individual capacity as a former employee fact witness only.

If Chevron intends on calling Richard Cavalli as an expert witness, it should properly provide the required Rule 26 disclosures so Plaintiffs have the opportunity to prepare for any such testimony. For this reason, Plaintiffs reserve the right to depose this witness again on the subject matter, topics and opinions identified in any Rule 26 expert report or non-retained expert disclosure made by Chevron.

Should you have any questions, feel free to call me to discuss. Thank you.



**Peter J. Flowers**
Founding Partner



**Phone** (630) 232-6333  |  **Fax** (630) 845-8982
**Website** www.meyers-flowers.com
**Email** pjf@meyers-flowers.com

**Chicago Office:**
225 West Wacker Dr., #1515, Chicago, IL 60606
**St. Charles Office:**
3 North Second St., #300, St. Charles, IL 60174
**Peru Office:**
1200 Maple Drive, Peru, IL 61354










The information in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. When addressed to our clients, any opinions or advice contained in this e-mail are subject to the terms and conditions expressed in the governing attorney-client agreement. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 630-232-6333 and permanently delete the original and any copy of any e-mail and printout thereof.

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Wednesday, August 3, 2022 6:20 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** JCCP and MDL Deposition of Richard Cavalli (Aug 22-23)

Pete, Sarah, Khaldoun, Mike, and Eric,
Thanks for accommodating Mr. Cavalli's location in Lake Oswego. Much appreciated.
As you know, we disclosed Mr. Cavalli in the MDL in our Rule 26(a)(1) Disclosures as a witness with the following information:

> Mr. Cavalli is a former Chevron toxicologist and possesses discoverable information with respect to Chevron's evaluation of the safety and toxicity of paraquat, including evaluation of available toxicological data, human exposure and safety information, review of such information supplied in support of registration, and communications with ICI regarding these matters; Chevron's evaluation of and responses to human poisoning incidents; Chevron's product stewardship with respect to the safety and toxicity of paraquat; Chevron's literature for medical professionals with respect to paraquat; Chevron's communications with regulatory agencies regarding paraquat; and Chevron's product labels and other communications regarding the safety and toxicity of paraquat.

Given his upcoming deposition on August 22-23, we wanted to let you know that because Mr. Cavalli served in the role of a toxicologist at Chevron, out of an abundance of caution, we intend to identify him as a non-retained expert (with the description above) at the appropriate time. We are raising this now because we do not intend to make him available for deposition again after his formal disclosure as a non-retained expert given that there is no part of his knowledge or testimony that differs between his role as a fact witness and his role as a non-retained expert. Please let us know if you have any issue with this so that we can resolve any dispute on the issue prior to his deposition.

Best,
Sharyl

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Wednesday, July 20, 2022 2:48 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** Re: JCCP and MDL Deposition of Richard Cavalli

** External mail **

Sharyl
Those dates will work.  We will get a location set. Thanks

Peter J. Flowers
Meyers & Flowers, LLC
St. Charles Office
3 North Second Street, Suite 300
St. Charles, IL 60174
Tel (630) 232-6333

Chicago Office
225 West Wacker Dr., Suite 1515
Chicago, IL 60606
(312) 214-1017

---

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Tuesday, July 19, 2022 5:48:44 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Hi Pete,
I am following up again on the dates for Richard Cavalli's deposition. He needs to have a medical procedure, so we need to nail down the dates. Can we confirm August 22-23 in Lake Oswego, OR?

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Sunday, July 17, 2022 4:12 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

** External mail **

Thank you Sharyl
Will be back to you tomorrow with an answer.  Thanks



*Peter J. Flowers*
Founding Partner



**Phone** (630) 232-6333  |  **Fax** (630) 845-8982
**Website** www.meyers-flowers.com
**Email** pjf@meyers-flowers.com

**Chicago Office:**
225 West Wacker Dr., #1515, Chicago, IL 60606
**St. Charles Office:**
3 North Second St., #300, St. Charles, IL 60174
**Peru Office:**
1200 Maple Drive, Peru, IL 61354

  

 

The information in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. When addressed to our clients, any opinions or advice contained in this e-mail are subject to the terms and conditions expressed in the governing attorney-client agreement. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 630-232-6333 and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Friday, July 15, 2022 3:44 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Pete and all,
We would like to nail down the date for Richard Cavalli's deposition. Please let us know if Aug 22-23 works for his deposition in Lake Oswego, OR.

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Date:** Tuesday, Jul 05, 2022, 1:59 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>, Sarah Shoemake Doles <SDoles@careydanis.com>, kbaghdadi <kbaghdadi@walkuplawoffice.com>, mkelly <mkelly@walkuplawoffice.com>, Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>, Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>, Geise, Steven N. <sngeise@jonesday.com>, DeJulius, Jr., Leon F. <lfdejulius@jonesday.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Pete, How about August 22-23?

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Reisman, Sharyl A.
**Sent:** Wednesday, June 29, 2022 4:04 PM
**To:** 'Peter J. Flowers' <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@jonesday.com>; DeJulius, Jr., Leon F. <lfdejulius@jonesday.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Hi Pete,
Finding an alternative date prior to August 12 is turning out to be challenging if the first week in August doesn't work. Would you be amenable to moving the deadline to complete this deposition to after Aug 12. Thanks.

Best,
Sharyl

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Wednesday, June 29, 2022 3:21 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise,

Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** Re: JCCP and MDL Deposition of Richard Cavalli

 ** External mail **

Thanks.
As you are looking, first week of August also bad

Peter J. Flowers
Meyers & Flowers, LLC
St. Charles Office
3 North Second Street, Suite 300
St. Charles, IL 60174
Tel (630) 232-6333

Chicago Office
225 West Wacker Dr., Suite 1515
Chicago, IL 60606
(312) 214-1017

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Wednesday, June 29, 2022 1:15:55 PM
**To:** Peter J. Flowers <pjf@meyers-flowers.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Hi Pete,
Unfortunately, the following week doesn't work for us. I will get back to you with additional dates.


Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

**From:** Peter J. Flowers <pjf@meyers-flowers.com>
**Sent:** Wednesday, June 29, 2022 3:13 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

** External mail **

Hello Sharyl

That weekend doesn't work for us.  How about the following week?  thanks



**Peter J. Flowers**
Founding Partner

MEYERS & FLOWERS

**Phone** (630) 232-6333  |  **Fax** (630) 845-8982
**Website** www.meyers-flowers.com
**Email** pjf@meyers-flowers.com

**Chicago Office:**
225 West Wacker Dr., #1515,
Chicago, IL 60606
**St. Charles Office:**
3 North Second St., #300, St.
Charles, IL 60174
**Peru Office:**
1200 Maple Drive, Peru, IL 61354

f  t  in  ✴








The information in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. When addressed to our clients, any opinions or advice contained in this e-mail are subject to the terms and conditions expressed in the governing attorney-client agreement. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 630-232-6333 and permanently delete the original and any copy of any e-mail and printout thereof.

**From:** Reisman, Sharyl A. <sareisman@JonesDay.com>
**Sent:** Tuesday, June 28, 2022 8:24 PM
**To:** Sarah Shoemake Doles <SDoles@careydanis.com>; Peter J. Flowers <pjf@meyers-flowers.com>; kbaghdadi <kbaghdadi@walkuplawoffice.com>; mkelly <mkelly@walkuplawoffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

Hi all,
We can present Dick Cavalli for deposition in Lake Oswego, Oregon on July 23-24. Again, we can proceed for up to 3.5 hours / day. We know you booked Portland last time. To the extent possible, please try to find a conference room in Lake Oswego. It is far easier for the witness, and we would appreciate the accommodation. Thank you.

Please let us know if that works.

Best,
Sharyl


Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

---

**From:** Sarah Shoemake Doles <SDoles@careydanis.com>
**Sent:** Friday, June 24, 2022 2:33 PM
**To:** Reisman, Sharyl A. <sareisman@JonesDay.com>; Peter Flowers <pjf@meyers-flowers.com>; Khaldoun Baghdadi <kbaghdadi@WalkupLawOffice.com>; Michael Kelly <MKelly@WalkupLawOffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** RE: JCCP and MDL Deposition of Richard Cavalli

** External mail **

Received and thank you, Sharyl. Wishing them both a speedy recovery.

Best,
Sarah

---

**From:** Reisman, Sharyl A. [mailto:sareisman@JonesDay.com]
**Sent:** Thursday, June 23, 2022 5:28 PM
**To:** Peter Flowers <pjf@meyers-flowers.com>; Khaldoun Baghdadi <kbaghdadi@WalkupLawOffice.com>; Sarah Shoemake Doles <SDoles@careydanis.com>; Michael Kelly <MKelly@WalkupLawOffice.com>; Eric Kennedy <ekennedy@weismanlaw.com>
**Cc:** Naresh, Ragan <ragan.naresh@kirkland.com>; Weidenhammer, Bradley H. <bweidenhammer@kirkland.com>; Geise, Steven N. <sngeise@JonesDay.com>; DeJulius, Jr., Leon F. <lfdejulius@JonesDay.com>
**Subject:** JCCP and MDL Deposition of Richard Cavalli

MDL and JCCP Leadership,
Unfortunately, Dick Cavalli just informed us that he (and his wife) tested positive for COVID earlier this afternoon. We will not be able to go forward with his deposition on June 29-30; we will need to reschedule it for a later date. We will get back to you with some possible dates.

Thanks for your understanding.

Best,
Sharyl

Sharyl A. Reisman
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3405
Cell +1.914.536.5681
sareisman@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT. The information in this transmittal is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Carey, Danis & Lowe immediately at (314) 725-7700 or by return e-mail.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***