IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**  **This Documents Relates to All Cases** | ) ) ) ) Case No. 3:21-md-3004-NJR ) ) MDL No. 3004 ) ) Hon. Judge Nancy J. Rosenstengel ) ) |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANTS' *HOFFMANN* EXPERT MATERIALS

Syngenta Crop Protection, LLC, and Syngenta AG (collectively, "Syngenta") and Chevron U.S.A., Inc. ("Chevron") respectfully move to strike the MDL Plaintiffs' Motion to Compel Production of Defendants' *Hoffmann* Expert Materials. ECF No. 2508. This Court's Coordination Order establishes a multi-step process for resolving discovery disputes, requiring the parties to meet and confer in good faith and, should that fail, to raise the dispute with Special Master Ellis before doing so with the Court. ECF No. 462 ¶¶ 25–26. Instead of following those requirements, the MDL Plaintiffs have improperly skipped directly to filing a motion. That fundamental procedural error is glaring considering that this Court has now repeatedly stricken similar filings—including one just recently that was similarly prematurely filed. *See* ECF No. 2440 (striking MDL Plaintiffs' motion to compel, ECF No. 2407). Indeed, the MDL Plaintiffs themselves previously moved to strike a similarly improper motion to compel by an individual plaintiff, relying on the same Coordination Order that they now contravene. *See Durbin v. Chevron U.S.A., Inc., et al.*, No. 3:21-pq-00551 (S.D. Ill. Dec. 22, 2021), ECF No. 30. For all the same reasons this Court has repeatedly stricken motions to compel, the MDL Plaintiffs' Motion to Compel Production of Defendants' *Hoffmann* Expert Materials should also be stricken, and the MDL Plaintiffs should be directed to follow the Coordination Order and its

procedures. Defendants also request that the Court stay or vacate any deadline to respond to this motion pending resolution by the parties or Special Master Ellis.

## BACKGROUND

On July 23, 2021, the Court entered Case Management Order ("CMO") No. 5 and ordered, among other things, the production of "all discovery, deposition transcripts, expert reports, and pleadings" from *Hoffmann v. Syngenta Crop Protection, LLC, et al.*, No. 17-L-517 (Ill. Cir. Ct., 20th Jud. Cir.) by Defendants. ECF No. 203 at 1. Mr. Stephen Tillery, plaintiffs' counsel in *Hoffmann*, then objected to the scope of that order, ECF No. 806-2, and so did Defendants in certain respects.

On August 12, 2021, the Court entered CMO No. 6, ordering the MDL Plaintiffs and Defendants to meet and confer on the scope of the proposed *Hoffmann* production. ECF No. 232. The parties ultimately briefed the matter, ECF Nos. 319, 325, and on September 3, 2021, the Court ordered Defendants to, among other things, "produce all expert reports prepared by either party," ECF No. 332 at 2. The Court, however, also directed Mr. Tillery and Defendants to file a motion in *Hoffmann* regarding any objections Mr. Tillery had to the scope of the *Hoffmann* discovery materials production. ECF No. 332 at 3. Mr. Tillery then filed an emergency order to enforce the *Hoffmann* protective order in the *Hoffmann* court, ECF No. 806-1, with Defendants taking no position on that motion.

On September 13, 2021, the *Hoffmann* court granted the emergency motion and barred production of a variety of discovery materials from that case to the MDL Plaintiffs. ECF No. 806-3. That emergency order covered not only certain corporate representative deposition transcripts, but also plaintiffs' and defendants' expert reports, deposition transcripts, and exhibits. *See id.* at 6–10. The MDL Plaintiffs then took no action for more than three months, until an individual plaintiff moved to compel production of the *Hoffmann* corporate

representative deposition transcripts on December 22, 2021. *Durbin*, ECF No. 30. It is only then that the MDL Plaintiffs moved for in camera review of the corporate representative transcripts on December 24, 2021, ECF No. 726, and moved to strike the *Durbin* motion to compel on December 28, 2021, *Durbin*, ECF No. 32.

On January 7, 2022, the Court granted the MDL Plaintiffs' motion to strike. *Durbin*, ECF No. 33. And on February 8, 2022, this Court enjoined the court in *Hoffmann* from enforcing its emergency order, directing Defendants to produce the corporate representative deposition transcripts. ECF No. 935 at 7. On October 7, 2022—and with no meet-and-confer efforts or discussions with Special Master Ellis—the MDL Plaintiffs moved to compel production of Defendants' *Hoffmann* expert deposition transcripts, videotapes, and exhibits, as well as expert reports, exhibits, and reliance materials, ECF No. 2508, all of which are covered by the *Hoffmann* court's emergency order.

## ARGUMENT

The MDL Plaintiffs' motion to compel is procedurally improper, and this Court should strike it from the docket. The motion to compel violates the Court's Coordination Order, which provides that "[b]efore filing any discovery motion in the MDL Proceeding, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements established by the MDL Court[.]" ECF No. 462 ¶ 26. Compounding this violation is the fact that the MDL Plaintiffs have known about this issue since at least February 8, 2022, when the Court ordered Defendants to produce the *Hoffmann* corporate representative depositions. *See* ECF No. 935. But rather than raise the issue then, the MDL Plaintiffs waited until October 7, 2022, to file an improper motion—nearly **eight months later**.

The Court's "procedures and requirements" under the Coordination Order contemplate a detailed and sequential process overseen by Special Master Ellis, appointed by the Court "[t]o

3

aid in efficient resolution of discovery disputes that may arise among the parties[.]" *Id.* ¶ 25. First, "[p]arties engaged in discovery disputes" must meet and confer in good faith to resolve the issue, *see id.*, and should that fail, they "shall place their dispute before the Special Master by way of a joint statement that includes the moving party's position, as well as the responding party's position," *id.* Next, "[t]he Special Master will hear the dispute based on the arguments articulated in the joint statement and issue a preliminary decision[.]" *Id.* Then, "[s]hould the parties engaged in the discovery dispute disagree with the Special Master's preliminary decision or should the Special Master issue a written decision that the dispute is better resolved by the presiding Court, the parties may next request the presiding Court to hold an Informal Discovery Conference as it sees appropriate to resolve the dispute without motion practice." *Id.* And finally, should all that be unsuccessful, only then may the parties file a discovery motion with the Court. *See id.* Plaintiffs followed none of these requirements before filing their discovery motion, and for that reason alone, it should be stricken.[1]

The MDL Plaintiffs are aware of the Court's requirements for resolving discovery disputes. They relied on those requirements to support their successful motion to strike another improper discovery motion in *Durbin,* ECF No. 32. There, an individual plaintiff moved to compel production of certain corporate representative deposition transcripts from *Hoffmann* without following this Court's Coordination Order. *Durbin*, ECF No. 30. The MDL Plaintiffs urged the Court to strike that motion and "enforce the mandates set forth in its CMOs and the Coordination Order." *Durbin*, ECF No. 32 at 3. "On October 26, 2021," the MDL Plaintiffs

---

[1] This is to say nothing of Plaintiffs' violation of this Court's Case Management Procedures, which mandate that "[o]nly if a party can certify that it made, or attempted to make, a good faith effort to resolve the discovery dispute may that party contact the Court regarding the dispute." Case Management Procedures (Judge Nancy J. Rosenstengel) at 3. Plaintiffs have made no such certification here, and for good reason, because they made no good faith effort to resolve the discovery dispute.

explained, "this Court entered a Coordination Order setting forth an orderly process for the resolution of discovery disputes," and "[t]he mandates of that Order are unambiguous." *Id.* at 9. The MDL Plaintiffs were similarly unequivocal that "member firms must respect the terms and tenor of this MDL proceeding as set forth in this Court's Orders" and "[a]llowing this procedurally defective motion to move forward outside of the procedures already in place undermines Plaintiffs' Leadership, the Special Master, and this Court." *Id.* The same is true here, except the MDL Plaintiffs now violate the very same Coordination Order upon which they previously relied.

What is more, the MDL Plaintiffs repeat the same error they just made. On September 20, 2022, the MDL Plaintiffs moved to compel and for sanctions against Chevron based on a discovery dispute concerning the deposition of Mr. Richard Cavalli, a retired former employee of Chevron. ECF No. 2407. But as Chevron explained in its motion to strike, the MDL Plaintiffs did not attempt to meet and confer with Chevron and did not present the dispute to Special Master Ellis before filing their motion to compel. *See* ECF No. 2437 ¶ 10. As a result, the Court struck their motion, ordered the parties to meet and confer in good faith to resolve the dispute, referred the matter to Special Master Ellis, and vacated Chevron's deadline to respond. ECF No. 2440. The MDL Plaintiffs have again committed the same error, so the remedy should be the same: the Court should strike the pending motion, order the parties to meet and confer in good faith, refer the matter to Special Master Ellis, and stay or vacate Defendants' deadline to respond.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' Motion to Compel Production of Defendants' *Hoffmann* Expert Materials, direct the parties to meet and confer in good faith, and refer this discovery dispute to Special Master Ellis as required by the Coordination Order. Defendants further request that the Court stay or vacate

5

any deadline to respond to this motion pending resolution of this discovery dispute by the parties or Special Master Ellis.

Dated October 14, 2022            Respectfully Submitted,

                                               */s/ Ragan Naresh*
                                               Ragan Naresh, P.C.
                                               KIRKLAND & ELLIS LLP
                                               1301 Pennsylvania Ave., N.W.
                                               Washington, D.C. 20004
                                               Tel.: (202) 389-5000
                                               ragan.naresh@kirkland.com

                                               Leslie M. Smith, P.C., #6196244
                                               Bradley H. Weidenhammer, P.C. #6284229
                                               KIRKLAND & ELLIS LLP
                                               300 North LaSalle
                                               Chicago, IL 60654
                                               Tel: (312) 862-2000

                                               *Counsel for Defendants Syngenta Crop Protection LLC and Syngenta AG*

>  */s/ Sharyl A. Reisman*
> Leon F. DeJulius, Jr.
> Traci L. Lovitt
> Sharyl A. Reisman
> JONES DAY
> 250 Veasey Street
> New York, NY 10281
> Tel.: (212) 326-3939
> Fax: (212) 755-7306
> lfdejulius@jonesday.com
> tlovitt@jonesday.com
> sareisman@jonesday.com
>
> Jihan E. Walker
> JONES DAY
> 77 West Wacker Drive, Suite 3500
> Chicago, IL 60601
> Tel.: (312) 782-3939
> Fax: (312) 782-8585
> jihanwalker@jonesday.com
>
> *Counsel for Defendant Chevron U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will provide notice to all users of record.

*/s/ Ragan Naresh*
Ragan Naresh