# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**  This document relates to all cases. | Case No. 3:21-md-3004-NJR  MDL No. 3004  Hon. Judge Nancy J. Rosenstengel |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Chevron writes to alert this Court to *Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 16743623 (S.D. Ind. Nov. 7, 2022) (Exhibit A). *Dery* informs the parties' arguments regarding whether Chevron waived privilege over communications with Richard Cavalli (ECF 2622 at 6-9; ECF 2698 at 3-4, 6-7), and, in particular, Plaintiffs' reliance on *United States v. Sierra Pacific Industries*, 2011 WL 2119078 (E.D. Cal. May 26, 2011) to argue that Chevron's designations of Cavalli as a non-retained expert waived privilege. ECF 2620 at 7-9.

*Dery* "decline[d] to follow *Sierra Pacific* or the cases that rely upon it" because "that court's reasoning does not bear up under scrutiny." 2022 WL 16743623, at *5. *Sierra Pacific* relied only on inapt cases involving "reporting experts." *Id.* Waiver was found in those cases because an attorney provides information to a reporting expert "with the expectation that it will become public: a reporting expert must "reveal all of the information he or she considered in forming his or her opinions." *Id.* at *6. *Dery* explains, in detail, that "[t]he basis for finding a waiver of privilege" in those cases "simply does not apply in the case of a non-reporting expert." *Id.*

*Dery* also rejected *Sierra-Pacific*'s policy argument for waiver, namely, the need to "expose … attorney-caused bias" with non-retained experts. *Id.* at *7 (quoting *Sierra Pacific*,

2011 WL 2119078, at *7 (internal quotation marks omitted)). "But, of course," *Dery* explained, "the same can be said for **any** fact witness who prepared with counsel prior to testifying, and a client does not waive the attorney-client privilege simply by testifying." *Id.* "Policy reasons alone cannot be the basis for finding waiver of attorney-client privilege or work product protection." *Id.*

Accordingly, *Dery* held "that Plaintiff did not waive the attorney-client privilege or work product protection for counsel's communications with" certain witnesses "by naming them non-reporting experts." *Id.* While this Court need not determine whether *Sierra Pacific* was correctly decided to rule for Chevron, ECF 2622 at 6-9, ECF 2698 at 4-5, if it reaches the issue this Court should likewise decline to follow *Sierra Pacific*.

December 13, 2022

Respectfully submitted,

/s/ Sharyl A. Reisman
Leon F. DeJulius, Jr.
Sharyl A. Reisman
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Fax: (212) 755-7306
lfdejulius@jonesday.com
sareisman@jonesday.com

*Counsel for Chevron U.S.A. Inc.*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 13, 2022, the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sharyl A. Reisman*
Sharyl A. Reisman

*Counsel for Chevron U.S.A. Inc.*
