**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| **This Document Relates to All Cases** | **MDL No. 3004** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE**
**OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write in response to Defendant Chevron U.S.A. Inc.'s Notice of Supplemental Authority relating to *Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2022 WL 16743623 (S.D. Ind. Nov. 7, 2022) (hereinafter *"Advanced Magnesium")*, an unpublished and non-binding decision. At best, the *Advanced Magnesium* case only bears on one of Plaintiffs' requests in their motion:  the request for communications between Defendants and Dr. Cavalli. This case actually supports Plaintiffs' requests for other types of documents, as described more fully below.

Respectfully, the *Advanced Magnesium* court overlooked an important distinction between the retained and unretained experts:  unretained experts like Dr. Cavalli are classified as hybrid witnesses for the precise reason that they have not always been experts. The bulk of the court's analysis in *Advanced Magnesium* focuses on the distinction between retained and unretained experts *after* the unretained expert has been disclosed (or first approached by counsel), and the court thus failed to account for what happened prior to that point.

There was a time (and a long time) where Dr. Cavalli was only a fact witness. During this time, none of Dr. Cavalli's documents or communications were created with the expectation that they would be privileged or protected in any way. Similarly, during that time, Chevron and its attorneys were not operating with the expectation that these communications or documents would

Page 1 of 4

enjoy any protection from litigation. *C.f. Advanced Magnesium Alloys Corp.,* 2022 WL 16743623, at *3 ("Attorneys may employ two sets of experts—one for purposes of consultation and another to testify at trial—because disclosure of their collaborative interactions with expert consultants would reveal their most sensitive and confidential case analyses."). There can be no chilling effect on the honesty between experts and their attorneys during the time when the unretained expert was acting in the capacity of a fact witness. The *Advanced Magnesium* court misses this point entirely.

Moreover, this Court is not bound by the reasoning in *Advanced Magnesium* and should instead follow *Sierra Pacific* and its progeny for all of the reasons articulated in Plaintiffs' prior briefing on this issue (Docs. 2620, 2699, and 2724). If, however, the Court is inclined to adopt the reasoning in *Advanced Magnesium*, the Court should also require Defendants to disclose all materials provided to Dr. Cavalli by defense counsel, which formed the basis of Dr. Cavalli's opinions in accordance with Footnote 8 of the decision:

> Of course, [the party seeking discovery of expert materials] is still entitled to discover the "facts or data the party's attorney provided" to [the nonretained expert] that they "considered in forming the opinions to be expressed," because facts and data are not privileged. *See Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981) ("The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.").

*Advanced Magnesium*, 2022 WL 16743623, at *8. Defendants have refused to disclose any documents whatsoever for Dr. Cavalli. This position is unsupported even by their supplemental authority.[1]

---

[1] It also bears mentioning that, in light of the pendency of the JCCP, for which Dr. Cavalli's deposition was conducted at the same time as for the MDL, under California law, non-retained (or percipient) experts are treated as fact witnesses. *Hurtado v. W. Med. Ctr.,* 222 Cap. Rptr. 324, 327 (Cal. Ct. App. 1990). This is because a non-retained "expert acquires his information independently of the party that expects to be calling him." *Schreiber v. Estate of Kiser*, 989 P.2d 720, 723 (Cal. 1999) (quotations omitted). Rather, a non-retained expert has "'personal knowledge of relevant facts and [their] training, skill, and experience enables him or her to form an opinion

Dated: December 15, 2022                    Respectfully submitted,

                                            */s/ Sarah Shoemake Doles*
                                            Sarah Shoemake Doles
                                            LEVIN, PAPANTONIO, RAFFERTY,
                                            PROCTOR, BUCHANAN, O'BRIEN,
                                            BARR & MOUGEY, P.A.
                                            316 South Baylen Street, Suite 600
                                            Pensacola, FL 32502
                                            Telephone:  (850) 435-7011
                                            Facsimile:  (850) 436-6011
                                            sdoles@levinlaw.com

                                            Khaldoun A. Baghdadi
                                            WALKUP, MELODIA, KELLY &
                                            SCHOENBERGER
                                            650 California Street, 26th Floor
                                            San Francisco, California 94108
                                            (415) 981-7210
                                            kbaghdadi@walkuplawoffice.com

                                            Peter J. Flowers
                                            MEYERS & FLOWERS, LLC
                                            225 West Wacker Drive, Suite 1515

---

about those facts.'" *Id.* (*quoting* 1 Hogan & Weber, Cal Civil Discovery, Expert Disclosure, § 10.6, at 543). Significantly, a non-retained expert is one who "is not consulted for litigation purposes" but rather is asked to testify because of their underlying connection to the case. Id. For this reason, "they are subject to no special discovery restrictions." *Kalaba v. Gray*, 95 Cal. App. 4th 1416, 1422 (Cal. Ct. App. 2002). In fact, California courts specifically recommend that opposing parties inquire into the information underlying a non-retained expert's opinions: "An opposing party would therefore be prudent to ask . . . whether he holds any opinions on these subjects and, if so, in what manner he obtained the factual underpinning of those opinions." *Schreiber,* 989 P.2d at 726; *Kalaba,* 95 Cal. App. 4th at 1422 (quoting same, with emphasis). Communications between non-retained experts, fact witnesses generally, or experts confirmed to testify are not privileged or subject to work product protections under California law. For all designated experts—retained or non-retained—to the extent any privilege has been deemed to attach, that privilege is waived when it becomes known that the witness actually will testify. *Shooker v. Superior Ct.,* 4 Cal.Rptr.3d 334, 338 (Cal. Ct. App. 2003). "[B]ecause the expert's prospective testimony will necessarily disclose a 'significant part' of the privileged communication to the expert, the privilege is waived with respect to all communications to that expert." *Id.* Likewise, any attorney work product transmitted to a testifying witness—whether a retained expert, non-retained expert, or general fact witness—loses that protection. *See DeLuca v. State Fish Co., Inc.,* 217 Cal. App. 4th 671, 691 (Cal. Ct. App. 2013) ("Indeed, any time an attorney speaks with a testifying witness—percipient or expert—the attorney discloses some amount of work product, in the fact of the conversation and the matters discussed.").

Chicago, Illinois 60606
(630) 232-6333
(630) 845-8982 (Facsimile)
pjf@meyers-flowers.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, I electronically filed the above with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

/s/*Sarah Shoemake Doles*
Sarah Shoemake Doles