**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to:  All Cases | |

**PLAINTIFFS' MOTION TO COMPEL NON-PARTY EXPONENT, INC. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA _DUCES TECUM_**

MDL Plaintiffs, by and through undersigned Co-Lead Counsel, respectfully move this Court to compel Non-Party Exponent, Inc. ("Exponent") to produce documents in response to Plaintiff's November 8, 2022 Subpoena _Duces Tecum_ seeking discovery related to, _inter alia_, Exponent's past work performed related to Paraquat, including documents showing Exponent's potential bias.[1]

**INTRODUCTION**

On November 8, 2022, Plaintiffs issued a Subpoena to Exponent seeking documents regarding Exponent's past work relating to Paraquat including, _inter alia_, past work Exponent did for Syngenta and other entities relating to Paraquat hazards, Exponent's agreements with

---

[1] While the Subpoena is directed to Exponent's agent in Olympia, Washington, this Court is the proper venue for Plaintiffs' instant motion, as an MDL Court has jurisdiction under Section 1407 (the statute authorizing MDL proceedings) to enforce a subpoena that requires compliance in another district, despite any procedural requirements of Fed. R. Civ P. 45.  _See, e.g., U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc_., 444 F.3d 462, 468–69 (6th Cir. 2006) ("A judge presiding over an MDL ... can compel production by an extra-district nonparty [and] enforce, modify, or quash a subpoena directed to an extra-district nonparty[.]"); _In re Photochromic Lens Antitrust Litig_., No. 8:10–md–2173–T–27, 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012) (collecting cases and concluding that, "[i]n keeping with the efficiency goals of the MDL statute, courts have concluded that an MDL judge's authority extends to overseeing subpoenas for documents"); _In re Subpoenas Served on Wilmer, Cutler & Pickering_, 255 F. Supp. 2d 1, 2–3 (D.D.C. 2003) (weighing the competing provisions of Rule 45 and section 1407 and determining that, under section 1407, the authority to rule on a subpoena motion belonged to the judge overseeing the underlying MDL).

Syngenta, and other documents showing Exponent's potential bias. *See* Plaintiffs' Nov. 8, 2022 Subpoena *Duces Tecem* to Exponent, attached hereto as Exhibit A.

On November 28, 2022, Exponent, via letter, responded to Plaintiffs' Subpoena and objected to producing the requested documents. *See* Exponent's Nov. 28, 2022 Objections, attached hereto as Exhibit B. Exponent responded with boilerplate objections, claiming that Plaintiffs' document requests were vague, unduly burdensome, and overly broad. *Id*. Exponent also objected that many of the documents at issue were protected by attorney-client privilege and/or work-product privilege, or were subject to a Confidentiality Agreement between Exponent and the British government presumably regarding past work Exponent did for Britain's Department of Environment, Food and Rural Affairs ("DEFRA") regarding the association between Paraquat and Parkinson's disease. *Id*.

On December 12, 2022, counsel for Plaintiffs and counsel for Exponent and Syngenta met and conferred regarding Exponent's objections. *See* December 13, 2022 Letter memorializing meet and confer, attached hereto as Exhibit C. Per the meet and confer, Exponent and Syngenta agreed to the following:

- Exponent agreed to produce all documents responsive to the Subpoena despite any written objections, subject to Syngenta's review of the documents for any privilege claims. Exponent agreed to produce such documents to Syngenta by no later than December 25, 2022 and to state the number of documents produced to Syngenta, so that the parties could meet and confer further regarding any privilege claims;

- Syngenta agreed to review the Exponent documents for privilege claims and then produce a privilege log to Plaintiffs that complies with the Court's ESI Protocol (Doc. 466);

- Exponent agreed to produce all responsive documents to Plaintiffs (in accordance with the ESI Protocol) that Syngenta does not claim are subject to an asserted privilege; and

- Exponent agreed to produce a previous Confidentiality Agreement with the British government related to Paraquat (which it noted in its objections) to Plaintiffs by no later than December 20, 2022.

*Id.*

To date, despite its prior representations and repeated follow-up, Exponent has not produced the responsive documents as agreed, and Exponent and Syngenta have ceased responding to Plaintiffs' written requests for such documents.

On December 20, 2022, Plaintiffs' counsel wrote to Exponent's and Syngenta's counsel requesting the information and documents Exponent agreed to produce. *See* December 20 and 27, 2022 Emails, attached hereto as Exhibit D. Neither Exponent nor Syngenta responded.

On December 27, 2022, Plaintiffs' counsel wrote again to Exponent's and Syngenta's counsel requesting the information and documents Exponent agreed to produce. *Id.* Plaintiffs' counsel stated that if Exponent did not respond, Plaintiffs would seek relief from the Court. *Id.* As before, neither Exponent nor Syngenta responded.

Plaintiffs sought guidance from Special Master Ellis, and in accordance therewith, Plaintiffs now bring this motion to compel Exponent to produce the materials it previously agreed to produce.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas during litigation. *See Reed v. Wexford Health Sources, Inc.*, No. 20-cv-01139, 2022 WL 4483949, at *3 (S.D. Ill. Sept. 27, 2022). Rule 45(a) allows a party to issue a subpoena commanding a person to produce designated documents. Fed. R. Civ. P. 45(a)(1)(iii). "The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, No. 17-cv-01287, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (internal quotation marks and citation omitted); *see also Reed*, 2022 WL 4483949, at *3, *quoting Graham v. Casey's General Stores*, 206 F. R.D. 251, 253 (S.D. Ind. Mar. 18, 2002) ("The

scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules.").

"Liberal discovery is permitted in federal courts to encourage full disclosure before trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F. R.D. 364, 366 (N.D. Ill. Oct. 17, 2001). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *N.W. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004), quoting Fed. R. Civ. P. 26(b)(1). Thus, "relevancy" for the purposes of Rule 26(b)(1) is construed broadly. *Stephenson v. Florilli Transp., LLC*, No. 18-cv-0103, 2018 WL 4699863, at *1 (S.D. Ill. Oct. 1, 2018).

## ARGUMENT

As described above, during the meet and confer process, Exponent agreed to produce all documents responsive to Plaintiffs' Subpoena despite any written objections, subject to Syngenta's privilege review.  Exponent further agreed that a privilege log would be produced in order for the parties to meet and confer further regarding any privilege claim.  Finally, Exponent agreed to produce a previous Confidentiality Agreement purportedly between Exponent and the British government related to Exponent's work over a decade ago on the association between Paraquat and Parkinson's disease.

Exponent has failed to provide any documents and has ceased responding to Plaintiffs.  As such, Exponent should be compelled to produce all documents responsive to Plaintiffs' Subpoena.

Assuming *arguendo* that Exponent did not agree to produce responsive documents (which it did), Exponent's objections to Plaintiffs' Subpoena nevertheless lack merit, and Exponent should be ordered to produce all documents responsive to the Subpoena over its boilerplate objections.

Documents responsive to Plaintiffs' Subpoena, which relate to, *inter alia*, Exponent's past work performed related to Paraquat, including documents showing Exponent's potential bias, are unquestionably relevant and proportional to the needs of this matter.  Indeed, Exponent does not object to the relevancy or proportionality of the requested documents.  As such, relevancy and proportionality are not at issue. *See, e.g., Cox v. Sherman Capital LLC*, No. 12-cv-01654, 2014 WL 712659, *3 (S.D. Ind. Feb. 24, 2014) ("Failure to raise an objection to a Rule 34 request for production in a timely manner waives the responding party's right to assert the objection at a later time."); *Buonauro v. City of Berwyn*, No. 08-cv-6687, 2011 WL 116870, *4 (N.D. Ill. Jan. 10, 2011) (failure to state its specific objections pursuant to Fed. R. Civ. P. 34(b)(2)(B) in initial response to discovery requests in a timely manner waives a subsequent assertion of objections).

Instead, Exponent asserts boilerplate objections that Plaintiffs' Subpoena requests are vague, unduly burdensome, and overly broad.  Exponent also states that certain documents may be subject to attorney-client privilege or work-product privilege.

Exponent's boilerplate objections are meritless.  For the reasons stated herein, Exponent should be compelled to produce all documents responsive to Plaintiffs' Subpoena.

I.  **Exponent's Boilerplate Objections of Vague, Unduly Burdensome, and Overly Broad are Meritless.**

Exponent has asserted boilerplate objections that Plaintiffs' Subpoena requests are vague, unduly burdensome, and overly broad.  Without more, such objections are without merit.

A respondent to a discovery request has the burden to show why a request is improper. *See* Rule 34(b); *see also Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996).  That burden

cannot be met by a reflexive invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome". *Burkybile v. Mitsubishi Motors Corp.*, No. 04-cv-4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006), *quoting Swift v. First USA Bank*, No. 98-cv-8238, 1999 WL 1212561, at *7 (N.D. Ill. Dec. 15, 1999).

Moreover, a respondent claiming a subpoena request imposes an "undue burden" must provide support for its contention that such a request is "undue." *See Breuder v. Bd. of Tr. of Comty. Coll. Dist. No. 502*, No. 15-cv-9323, 2020 WL 4676666, at *4 (N.D. Ill. Aug. 12, 2020) (it is the respondent's "burden to show undue burden or expense"); *Parker v. Four Season Hotels, Ltd.*, 291 F. R. D. 181, 188 (N.D. Ill. May 6, 2013) (in determining whether the recipient of a subpoena is being subjected to undue burden. sufficient information must be provided to show the burden is undue).  If a respondent does not provide support for its contention that a subpoena request is undue, then any claim of undue burden is unavailing. *See Reed*, 2022 WL 4483949 at *6 ("[Non-party responding to a subpoena] has not provided any information to support its contentions that the requests are burdensome and broad. Thus, the Court is unable to determine if the burden imposed by the subpoena is undue.").

Exponent's boilerplate objections do not explain or articulate in any way why Plaintiffs' Subpoena requests are vague, unduly burdensome, or overly broad. Therefore, Exponent has not met its burden to substantiate its objections; accordingly, these objections should be disregarded and/or stricken.[2]

---

[2] Exponent also objects to producing documents which may violate a supposed Confidentiality Agreement with the British Government (presumably related to a 2006 study done by Exponent for Britain's DEFRA regarding the association between Paraquat and Parkinson's disease). Exponent agreed to produce the Confidentiality Agreement but has failed to do so.  Regardless, a

II.    **Exponent's Attorney-Client Privilege and Work-Product Privilege Objections are
Insufficient.**

Exponent also states that it will not produce certain responsive documents which may be subject to attorney-client privilege or work-product privilege.  Without more, Exponent's privilege assertions are insufficient.

A respondent opposing a subpoena "has the burden of demonstrating that the information or documents sought are either privileged or implicate a privacy interest." *See Simon v. Northwestern University*, 15-cv-1433, 2017 WL 66818, at *2 (N.D. Ill. Jan. 6, 2017). "All jurisdictions adhere to the basic principle that the burden is on the party seeking to withhold material from discovery to demonstrate by competent evidence and with particularity that the attorney/client privilege or work-product applies to each document that is claimed to be privileged. Blanket claims of privilege or conclusory assertions are insufficient to carry this burden." *Slaven v. Great Am. Ins. Co.*, 83 F. Supp. 3d 789, 796 (N.D. Ill. 2015) (internal citations omitted).

Exponent asserted blanket privilege objections to Plaintiffs' Subpoena and agreed to produce a privilege log.  But, again, Exponent has failed to do so.  Because Exponent's blanket claims of privilege are insufficient to carry its burden, and it has failed to produce a privilege log, Exponent should be compelled to produce all documents responsive to Plaintiffs' Subpoena. *See, e.g., City of Rockford v. Mallinckrodt ARD, Inc.*, 17-cv-50107, 2020 WL 11191830, at *2 (N.D. Ill. May 27, 2020) (respondent to subpoena's "blanket claim that the communications are subject to work product protection is insufficient. No privilege log has been provided and no documents were submitted for the Court's review. Nor has there been any attempt to define for the Court how

---

supposed 2006 "Confidentiality Agreement" from a foreign country is no basis to refuse to produce responsive documents which may be subject to this Court's Protective Order.

the subject communications constitute work product. [] Without further support, [the] objection based on these claims of privilege is without merit.").

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court compel Exponent to produce all responsive documents to Plaintiffs' Subpoena within 10 days of its Order, together with such further relief this Court deems appropriate.

Dated: January 18, 2023

Respectfully submitted,

**PLAINTIFFS' CO-LEAD COUNSEL**

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7011
sdoles@levinlaw.com

Khaldoun A. Baghdadi
WALKUP, MELODIA, KELLY &
SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Telephone: (630) 232-6333
pjf@meyers-flowers.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record, and the foregoing was served via electronic mail on the following:

James J. Ficenec
Newmeyer & Dillion LLP
2033 N. Main Street
Suite 500
Walnut Creek, CA 94596
James.Ficenec@ndlf.com

*Counsel for Exponent, Inc.*

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone:  (850) 435-7011
Facsimile:  (850) 436-6011
sdoles@levinlaw.com