31425

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:21-md-3004-NJR |
| This Document relates to: All cases | ) ) ) | MDL No. 3004 |

**EXPONENT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL NON-PARTY EXPONENT, INC. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA *DUCES TECUM***

Non-Party, EXPONENT INC. ("Exponent"), provides this response to Plaintiff's Motion to Compel Non-Party to Produce Documents in Response to Subpoena filed on January 18, 2023, by its attorneys, THE HUNT LAW GROUP, LLC, and maintains that numerous documents requested by Plaintiff via subpoena are protected by the work-product doctrine, and the subpoena requests create an undue burden on non-party Exponent as a vast majority of documents requested could have been produced by defendant Syngenta.

Exponent has responsive documents in three categories: (1) documents relating to a 2006 engagement between Exponent and the Secretary of State for Environment, Food and Rural Affairs of the British government; and (2) documents relating to engagements between Syngenta and Exponent that were initiated between 2011 and 2014; and (3) documents relating to later work by Exponent for counsel for Syngenta. Exponent will provide responsive documents in each of the three responsive categories after review by counsel to determine application of the attorney-client privilege and work-product doctrine. Counsel anticipates that responsive documents in Category (1) will be produced by February 2, 2023. Counsel further anticipates that responsive documents

1

in Categories (2) and (3) will be produced by February 9, 2023.  The additional time for these documents is necessitated by the need of Syngenta's counsel to review the documents for work product or other privileges.

## INTRODUCTION

On November 8, 2022, Plaintiffs issued a subpoena to Exponent seeking a broad range of documents that include fifty separate descriptions regarding any work related to Paraquat, and past work related to projects for Syngenta. (See Exhibit A.)  On November 28, 2022, Exponent provided its objections to Plaintiff stating that most, if not all, of the requests were: (1) protected by the work product doctrine; (2) vague and overbroad; and (3) imposed an undue burden on Exponent as plaintiff could obtain the documents directly from party defendant, Syngenta. (See Exhibit B.)

On December 13, 2022, Exponent agreed to produce the items as provided in the meet and confer document, including all documents responsive to the subpoena despite any written objections, subject to any privilege claims after Syngenta has reviewed the documents in question and generated a privilege which complies with the Court's ESI protocol (DKT. 466). Exponent also agreed that its confidentiality agreement with the British government was not a basis to prevent production.

Approximately one month later, on January 18, 2023, Plaintiffs filed a Motion to Compel Non-Party to Produce documents claiming that the objections raised by Exponent were "meritless" and "insufficient."

## LEGAL STANDARD

The work-product doctrine protects documents from disclosure when prepared by or for another party (or by or for that other party's representative) in anticipation of litigation or for

trial. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 335 F.R.D. 510 (N.D. Ill. 2020). To qualify as work product, "the material or report must come into existence because of the litigation, or some articulable claim has arisen that is likely to lead to litigation." *In re Bank One Sec. Litig., First Chicago S'holder Claims,* 209 F.R.D. 418 (N.D. Ill. 2002). In determining if work-product privilege applies, the courts look to whether the material was prepared in anticipation of litigation. While "anticipation of litigation" is broadly construed, courts have made it clear that "because litigation can be anticipated at the time almost any incident occurs, a substantial and significant threat of litigation is required before a discovery opponent's anticipation will be considered a reasonable and justifiable motivation for production of a document." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 145 F.R.D. 84 (N.D. Ill. 1992).

Federal Rules of Civil Procedures Rule 45(d)(1) provides that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The issuing court must quash or modify a subpoena that subjects a person to undue burden. FRCP Rule 45(c)(3)(A)(iv). This undue burden also applies to non-parties that have been issued a subpoena. In non-party situations, courts have recognized that non-parties have greater protection than a party. Pursuant to FRCP Rule 45(c), "subpoenaed non-parties have the right to challenge the burdensomeness and expense of responding to the subpoena." *Thayer v. Chiczewski,* 257 F.R.D. 466 (N.D. Ill. 2009). Courts have consistently held that "non-party status" is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. *Rossman v. EN Eng'g*, LLC, 467 F. Supp. 3d 586 (N.D. Ill. 2020). To determine whether there is an undue burden, the court considers "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the

burden imposed." *Builders Association of Greater Chicago v. City of Chicago,* No. 96 C 1122, 2001 WL 664453, at *8 (N.D. Ill. June 12, 2001). A non-party subpoena seeking information that is "readily available from a party through discovery may be quashed as duplicative or cumulative". FRCP Rule 26(b)(2). It is widely acknowledged that -- when there are other reasonable sources for Plaintiff to obtain the information via document requests -- Plaintiff must exhaust those avenues prior to compelling such document requests by non-party. *Rossman,* 467 F. Supp.3d. The responsibility lies with the defendant, or a party to the case, to disclose such documentation if such documentation is available and production by non-party would be duplicative. *Id.*

## DISCUSSION

### I. 2006 Engagement Between Exponent and the British Government on Behalf of Syngenta.

On March 20, 2006 an agreement between Exponent and the Secretary of State for Environment, Food and Rural Affairs in the United Kingdom was executed and project was to commence work on March 1, 2006 and completed by June 1, 2008. Exponent has withdrawn its objections to production of these documents, consisting of 2,058 pages**.** Production of these documents to plaintiffs will be completed within one week of the filing date of this response, on or before February 2, 2023.

### II. Pre-2016 Projects Entered into Directly Between Exponent and Syngenta.

Exponent is in the business of consulting and, at times, is hired by various entities for the sole purpose of preparing reports, studies, and other documentation in anticipation of litigation. Exponent believes that it has engaged in projects with Syngenta directly between the years 2010 and 2015. Exponent has withdrawn its objections to production of these documents, except for

work-product protection, and anticipates that many of these documents are not subject to protection.   Exponent will produce the responsive documents, with any necessary privilege log, within two weeks of filing this response, on or before February 9, 2022.

**III. Post-2016 Projects Entered into Between Exponent Inc. and Counsel on Behalf of Syngenta.**

In May of 2017, counsel for Syngenta retained Exponent on behalf of Syngenta for the sole purpose of conducting work-product in "connection with potential litigation" as stated in the signed engagement letter.  Work performed by a party's consultant in anticipation of litigation or for trial is not discoverable. (Fed. R. Civ. Proc. 26(b)(3)(A). And except to the extent authorized by Rule 26 for testifying experts, discovery of expert consultants is not permissible. *USM Corp. v. American Aerosols, Inc.,* 631 F.2d 420, 424–425 (6th Cir.1980) ("Since discovery of expert information acquired in anticipation of litigation can only be had in accordance with Rule 26(b)(4), if no provision is made for experts consulted informally in anticipation of litigation, no discovery concerning them is permissible."); *Chiquita Int'l v. M/V Bolero Reefer,* 1994 U.S. Dist. LEXIS 5820, 1994 WL 177785 (S.D.N.Y. May 6, 1994) ("Thus, a non-testifying expert is generally immune from discovery.")  The work-product doctrine protects disclosure of documents that are produced in anticipation of litigation. Many or most of these documents are unequivocally protected by the work-product doctrine as they were created solely in anticipation of litigation.  Because the privilege belongs to Syngenta, it is necessary for Syngenta's counsel to first review the documents.  Exponent will produce the responsive documents, with any necessary privilege log, within two weeks of filing this response, on or before February 9, 2022.

## CONCLUSION

On January 26, 2023, Brian Hunt conducted a teleconference with counsel for plaintiff and Syngenta and proposed the foregoing time frames and manner for production of responsive documents.  Plaintiff's counsel was unable to agree to the proposed dates.  However, counsel for Exponent and Syngenta will continue to work diligently to meet or exceed the proposed completion dates.

Respectfully submitted,

The Hunt Law Group, LLC

*/s/ Brian J. Hunt*

Brian J. Hunt 6208397
THE HUNT LAW GROUP, LLC
Attorneys for Defendants
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
Phone: (312) 384-2301
Fax:    (312) 344-9391
bhunt@hunt-lawgroup.com