**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| **This Document Relates to All Cases** | **MDL No. 3004** |

## CASE MANAGEMENT ORDER NO. 18
## RELATING TO DECEASED PLAINTIFFS' SUBMISSIONS
## AND CASES BASED ON IMPLAUSIBLE THEORIES OF PROOF

**ROSENSTENGEL, Chief Judge:**

On February 27, 2023, Defendants filed a Motion for Case Management Order addressing Deceased Plaintiffs (hereinafter "Deceased Plaintiffs Motion"). (Doc. 3674). The Deceased Plaintiffs Motion alleges that "certain counsel have improperly filed actions on behalf of already-deceased plaintiffs, served sworn PAQs on behalf of deceased plaintiffs . . . and apparently even copied the signatures of deceased plaintiffs to make it appear they were attesting to facts after their deaths." (*Id.* at 1).

Based on its review of the parties' submissions on this issue, the Court has concerns about the integrity of the docket in this litigation. Accordingly, to ensure that all viable claims against Defendants are fairly and efficiently adjudicated, and to guard against potential misuse of the multidistrict litigation vehicle[1] under 28 U.S.C. § 1407, the Court **GRANTS** the Deceased Plaintiffs Motion (Doc. 3674) and **ORDERS** as follows:

---

[1] To be clear, the Court makes no finding, and this Case Management Order should not be read to suggest that the Court has found, that any attorney in this action has engaged in misconduct.

### A.  Deceased Plaintiffs' Submissions

Plaintiffs' counsel shall certify the following information, **no later than June 15, 2023**, with respect to **each plaintiff** that, as of the date of this Case Management Order, has an active case pending in this multidistrict litigation:

1.  Whether the plaintiff is living or deceased.

2.  If the plaintiff is living, whether counsel is in contact[2] with the plaintiff.

3.  If the plaintiff is deceased, the date of his or her death.

4.  If the plaintiff is deceased, whether counsel is in contact with the person who has been appointed to act on behalf of the deceased plaintiff's estate. If there is no such person, counsel must disclose the status of any proceedings to appoint a person to act on behalf of the deceased plaintiff's estate.

Such information shall be emailed to the Court at ParaquatMDL@ilsd.uscourts.gov and to the Special Master at randi@randiellis.com, copying Defendants' Counsel.  The Court prefers to receive this information in an Excel spreadsheet containing a column with the plaintiff's name or names; a column reflecting the corresponding case number; and a column addressing each of the four informational items identified above (one column per informational item).

Any case for which counsel is unable to provide this certification will be subject to dismissal without prejudice. If a plaintiff dies during the pendency of this litigation, counsel should, as soon as practicable and consistent with Federal Rule of Civil Procedure

---

[2] For purposes of this Case Management Order, the Court considers counsel to be "in contact" with the plaintiff or the plaintiff's authorized representative if they have communicated with that individual (in person, via videoconference, or by phone) at some point during the past three months. Based on the Court's experience with mass torts, regular communication is critical to ensure that plaintiffs are identifiable for purposes of recovery, if any.

25(a), note the plaintiff's death on the record and move to substitute the decedent's authorized representative to pursue the plaintiff's action in their stead.

Moreover, in cases where a complaint or an amended complaint was filed or a Plaintiff Assessment Questionnaire ("PAQ") was submitted on behalf of a plaintiff *after* their death, Plaintiffs' counsel is **ORDERED** to show cause regarding the circumstances of the submission.[3]

### B.  Claims Based on Implausible Theories of Proof

This MDL was transferred to this court by the JPML on June 8, 2021. (Doc. 1). At present, there are over 3,800 active cases. On October 27, 2021, the Court issued Case Management Order No. 10, requiring that each plaintiff serve a sworn PAQ containing information about their alleged paraquat exposure and injury. (Doc. 469). After selecting six bellwether cases for case-specific discovery, the Court dismissed two of those cases with prejudice upon the parties' stipulation of dismissal. *See Marx* (3:21-pq-00922) (Doc. 14); and *Walkington* (3:21-pq-00601) (Doc. 25). Those cases had proceeded with substantial fact and expert discovery, but ultimately were voluntarily dismissed due to evidentiary issues.

Considering the revelations in the Deceased Plaintiffs Motion and the voluntary dismissal of *Marx* and *Walkington*, the Court is concerned about the presence of cases on its docket that present implausible or far-fetched theories of liability, and therefore would not have been filed but for the availability of this multidistrict litigation. *See generally In*

---

[3] This requirement does not apply to cases in which the proper party was substituted before the pleading was filed or the PAQ was submitted.

*re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, No. 2004 4:08-MD-2004 (CDL), 2016 WL 4705807 (M.D. Ga. Sept. 7, 2016) ("Although one of the purposes of MDL consolidation is to allow for more efficient pretrial management of cases with common issues of law and fact, the evolution of the MDL process toward providing an alternative dispute resolution forum for global settlements has produced incentives for the filing of cases that otherwise would not be filed if they had to stand on their own merit as a stand-alone action."). Given the current size of the MDL and the pace of filings, the Court would like to identify such cases now rather than letting them remain on the docket indefinitely.

Accordingly, the parties are **ORDERED** to meet and confer **within the next two weeks** regarding any pending cases that present theories of proof that are so implausible on their face that good faith demands their voluntary dismissal.[4] If, after conferral, Defendants believe that certain cases do not present viable causes of action, they shall file a motion identifying such cases and seeking appropriate relief **no later than June 20, 2023**. Consistent with Local Rule 7.1., Plaintiffs will then have an opportunity to respond.

IT IS SO ORDERED.

DATED:  May 15, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[4] Examples of such cases include those in which (i) a plaintiff states that they have no information concerning their exposure to paraquat (as opposed to a different product); or (ii) a plaintiff has no medical evidence to support a diagnosis of Parkinson's disease; or (iii) a plaintiff claims to have used paraquat in a form in which it never existed (*e.g.*, in powder or pellet form); or (iv) there are other evidentiary issues such as those that led to the voluntarily dismissal of the bellwether plaintiffs.