IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# CASE MANAGEMENT ORDER NO. 19
# RELATING TO HEARING ON *DAUBERT* MOTIONS

**ROSENSTENGEL, Chief Judge:**

As of today, July 28, 2023, the Parties have fully briefed their respective *Daubert* motions in the four remaining trial selection cases that were identified in this Court's Order dated April 13, 2022.[1] In Case Management Order No. 17, the Court scheduled a hearing on the Parties' *Daubert* motions to begin on Monday, August 21, 2023. After review of the extensive briefing submitted by the Parties and in consultation with the Special Master, the Court **ORDERS** as follows:

- Plaintiffs' expert, Dr. Martin Wells, shall appear to provide testimony regarding his opinions in this matter on **August 21, 2023**.[2]

    o Plaintiffs will proceed with direct examination, and Defendants will have an opportunity for cross-examination. The Court may also pose questions to Dr. Wells regarding the basis and methodology underlying his proffered opinions.

    o Each side will have **two hours** to question Dr. Wells, however, the Court may, in its discretion, extend this limit.

---

[1] The Court's Order originally identified six cases for further case-specific discovery. Plaintiffs voluntarily dismissed two of those cases (*Walkington et al v. Syngenta AG et al.*, 3:21-pq-00601-NJR; and *Marx v. Syngenta Crop Protection LLC et al.*, 3:21-pq-00922-NJR). On May 10, 2023, the Court entered judgment dismissing *Walkington* and *Marx* with prejudice. (*Walkington* Dkt. No. 25, and *Marx* Dkt. No. 14).

[2] Although the Court prefers to receive Dr. Wells's testimony on August 21, it is willing to accommodate potential scheduling conflicts. Plaintiffs shall notify the Court no later than **August 2, 2023**, if Dr. Wells is unable to appear on August 21 and, in that case, shall provide an alternative date during the week of August 21 on which Dr. Wells is available to testify.

Furthermore, the Court **ORDERS** the following to facilitate a fair and efficient hearing:

- Each Party will have **20 minutes** to offer an overview/roadmap of their arguments.

- The Court understands from the Special Master that the Parties plan to limit their arguments to specific experts as opposed to presenting argument on all experts who are the target of a motion to exclude. Because the identity of the experts for whom argument will be offered is not yet known to the Court, each Party will be given **three hours** total to present their affirmative arguments to the Court.

    - The Party seeking the exclusion of a given expert will present their argument first and the responding party will have an equivalent amount of time to present argument in response regarding that expert.[3]

- The Parties **SHALL** notify the Special Master no later than **August 1, 2023**, which experts will be the subject of affirmative argument.

- The Court will defer to the Parties as to which experts will be the subject of affirmative argument. However, the Parties should be prepared to address the need for expert testimony on the issues of general and specific causation.

In light of the scope of the issues raised in the Parties' respective *Daubert* briefing, each Party will be permitted to submit a closing brief of no more than **20 pages** in length by Friday, **September 8, 2023**.

This hearing will, of course, be open to the public.

**IT IS SO ORDERED.**

DATED:  July 28, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] A party's responsive argument will not count against their three-hour limit for affirmative argument.