IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| This document relates to: | MDL No. 3004 |
| *Terry v. Syngenta AG et al*, No. 3:23-pq-00698-NJR | Hon. Judge Nancy J. Rosenstengel |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiff initiated this lawsuit on February 24, 2023. Per Case Management Order 10 ("CMO 10"), Plaintiff was required to "complete and serve upon Defendants a PAQ, the applicable executed Authorizations, and Responsive Documents within thirty (30) days after the complaint has been entered on the docket" (CMO 10, § III(2)). Plaintiff's PAQ was due March 26, 2023, but was not submitted. After providing Plaintiff with notice of this deficiency on March 31, 2023, and May 5, 2023, and receiving no response, Defendants submitted this matter to the Special Master on May 12, 2023, requesting review and dismissal for failure to serve a PAQ. In accordance with CMO 10, Plaintiff had 10 days following this request to submit a PAQ or file an opposition. But Plaintiff took no action, and the Special Master filed a Report and Recommendation that the Court dismiss the matter.

Despite multiple opportunities, Plaintiff failed to submit a PAQ or provide any explanation for the complete disregard of CMO 10. Although counsel certified on June 14, 2023, that they were in contact with Plaintiff, a PAQ was not submitted until July 27, 2023—over four months after it was due. Plaintiff now objects to the Report and Recommendation solely on the grounds that a PAQ has been submitted, after the fact and after the Report and Recommendation. Again, Plaintiff provides no excuse, let alone a reasonable one, for his failure

1

to respond to earlier notices or timely file his PAQ. Indeed, the objection disregards the clear language of CMO 10 requiring Plaintiff to demonstrate good and justified cause for failure to comply with the Order (CMO 10, § IV(2)).

Plaintiff's refusal to comply with CMO 10 has also caused Defendants a considerable financial burden. Per the requirements of CMO 10, Defendants have expended time and resources tracking Plaintiff's discovery obligations, providing Plaintiff the required notice, assessing Plaintiff's noncompliance, and communicating with the Special Master regarding same. Plaintiff's delay and disregard for CMO 10 cannot simply be cured, as Plaintiff suggests, by the fact that a PAQ has now been filed. Plaintiff's utter lack of diligence and failure to establish good and justified cause should not be excused and Plaintiff's case should be dismissed. To allow otherwise would incentivize additional Plaintiffs to flout the Court's Order.

|  |  |
|---|---|
| August 4, 2023 | Respectfully submitted, |
| */s/ Ragan Naresh* | */s/ Sharyl A. Reisman* |
| Ragan Naresh | Leon F. DeJulius, Jr. |
| KIRKLAND & ELLIS LLP | Sharyl A. Reisman |
| 1301 Pennsylvania Ave., N.W. | Traci L. Lovitt |
| Washington, D.C. 20004 | JONES DAY |
| Tel.: 202.389.5000 | 250 Vesey Street |
| Fax: 202.389.5200 | New York, NY 10281 |
| ragan.naresh@kirkland.com | Telephone: (212) 326-3939 |
|  | Fax: (212) 755-7306 |
| Leslie M. Smith, P.C. | lfdejulius@jonesday.com |
| Bradley H. Weidenhammer, P.C. | sareisman@jonesday.com |
| Britt Cramer | tlovitt@jonesday.com |
| Zachary D. Holmstead |  |
| KIRKLAND & ELLIS LLP | ***Counsel for Chevron U.S.A. Inc.*** |
| 300 North LaSalle Chicago, IL 60654 |  |
| Tel.: (312) 862-2000 |  |
| leslie.smith@kirkland.com |  |
| bradley.weidenhammer@kirkland.com |  |
| britt.cramer@kirkland.com |  |
| zachary.holmstead@kirkland.com |  |
| ***Counsel for Syngenta AG and Syngenta Crop Protection, LLC*** |  |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2023, the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　*/s/ Sharyl A. Reisman*
　　　　　　　　　　　　　　　　　　Sharyl A. Reisman

　　　　　　　　　　　　　　　　　　*Counsel for Chevron U.S.A. Inc.*