**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation filed by Special Master Randi S. Ellis on July 19, 2023, pertaining to 47 member cases that are subject to dismissal due to noncompliance with Case Management Order No. 10. (Doc. 4604). The Special Master recommends that these cases be dismissed without prejudice due to the Plaintiffs' failure to comply with their production obligations under CMO 10. Robert Terry, one of the plaintiffs whose case is subject to dismissal, objected to the Report and Recommendation (Doc. 4631). Defendants submitted an opposition to Mr. Terry's objection and the objection has now been fully briefed. (Docs. 4672).

When timely objections are filed, the Court must undertake *de novo* review of the Special Master's findings of fact and conclusions of law. FED. R. CIV. P. 53(f)(3), (4). Procedural matters are reviewed only for an abuse of discretion. FED. R. CIV. P. 53(f)(5).

**I.    Case Management Order No. 10**

The Court issued CMO 10 on October 27, 2021, to "govern[] the implementation of the Plaintiff Assessment Questionnaire ("PAQ")" in this multidistrict litigation. CMO 10 requires all Plaintiffs to complete a PAQ and serve it upon Defendants within 30 days of their complaint being entered on the docket. If a Plaintiff fails to comply with this deadline,

CMO 10 implements a notification process by which Defendants are required to send Plaintiff's counsel a Notice of Overdue PAQ. The receipt of a Notice of Overdue PAQ triggers a 30-day grace period for a Plaintiff whose PAQ is overdue. If, after the expiration of the grace period, the Plaintiff still has not completed the PAQ or cured a material PAQ deficiency, Defendants may seek review by the Special Master. Once the Special Master becomes involved, the Plaintiff has 10 days to either (a) substantially complete and serve the PAQ upon Defendants; or (b) submit an opposition to Defendants' request for review demonstrating "good and justified cause" for the delinquency. After this additional 10-day period expires, the failure to cure or justify noncompliance with CMO 10 subjects the Plaintiff's case to dismissal without prejudice.

## II.     Robert Terry's Objection to the Report and Recommendation

Mr. Terry objects to the Report and Recommendation on the basis that he "completed and submitted a PAQ" on July 27, 2023, four months after it was due. His objection spanned six lines on a single page and failed to articulate a reason that justified his delay in submitting a PAQ. The Court is unpersuaded by his objection.

Mr. Terry filed his complaint on February 24, 2023. His PAQ was therefore due on or before March 26, 2023. It was not until the Special Master issued her Report and Recommendation in July 2023 that Mr. Terry's counsel sprang into action and served the completed PAQ. Even though Mr. Terry, like every other Plaintiff in this MDL, received the benefit of the CMO 10 process, he failed to take advantage of the 30-day grace period or the 10-day review period following Defendants' submission to the Special Master.[1]

---

[1] Defendants even sent Mr. Terry a second Notice of Overdue PAQ before submitting the matter to the Special Master for review.

CMO 10 expressly contemplates the possibility that some Plaintiffs may not be able to meet the 30-day PAQ production deadline. The Court understands and appreciates that many Plaintiffs in this multidistrict litigation suffer from a host of health-related issues, including Parkinson's disease, and that such conditions may prevent perfect compliance with the deadlines laid out it CMO 10. That is why CMO 10 contemplates extended deadlines and grace periods for the completion of the PAQ, as long as such extensions are based on "good and justified cause." Mr. Terry has not even attempted to articulate a reason that justifies his delay. He simply asks this Court to excuse his noncompliance with CMO 10. The Court is unwilling to grant relief on that basis.

While the Court declines to speculate about the cause of Mr. Terry's delay in serving a completed PAQ, his lack of an explanation is telling in and of itself. "[I]nexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994); *see also In re Cook Medical, Inc.*, 27 F.4th 539, 544 (7th Cir. 2022) (no abuse of discretion to dismiss MDL plaintiffs' cases for failure to comply with case management order). The Court, in consultation with the Special Master and the parties, issued CMO 10 with the goal of facilitating the efficient exchange of plaintiff-specific discovery. CMO 10's requirements are not optional, and Mr. Terry's apparent disregard for them has not been meaningfully explained or justified to this day. Mr. Terry's complaint will therefore be dismissed without prejudice.

**III.    Remaining Member Cases subject to Dismissal**

None of the Plaintiffs in the remaining member cases that are the subject of this Report and Recommendation filed an objection. Their cases will consequently be dismissed without

prejudice as well.

## Conclusion

For these reasons, the Court **OVERRULES** Mr. Terry's objection and **ADOPTS** the Special Master's Report and Recommendation (Doc. 4604) in its entirety. The 47 member cases listed in Exhibit A of the Report and Recommendation are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED: October 6, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**