IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| )<br>)<br>)<br>*In re*: Paraquat Products Liability Litigation )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:21-md-3004-NJR |

### DOUGLAS WEED'S MOTION TO QUASH SUBPOENA

NOW COMES, non-party DOUGLAS L. WEED M.D., M.P.H., Ph.D ("Movant"), by his attorneys, Mohan Groble Scolaro, P.C., and hereby moves to quash the subpoena issued by counsel for Plaintiff to non-party Movant (attached hereto as Exhibit 1). In support of his Motion to Quash, Movant states as follows:

In August 2023, Movant received a Rule 45 subpoena from the United States District Court for the Southern District of Illinois requesting documents concerning Movant's article "Does paraquat cause Parkinson's disease? A review of reviews," published in scientific journal NeuroToxicology in September 2021 ("Movant's article").

On September 17, 2023, after several attempts to meet and confer with Plaintiff's counsel, Movant, through his attorneys, promptly objected to the subpoena and requested of Plaintiff's counsel that the subpoena be tailored to remove overbroad and objectionable requests or be withdrawn. Plaintiff's counsel then agreed to attempt to pare down the requests and address the objections and extended the time to respond.

On October 20, 2023, since there had been no further communication by Plaintiff's counsel to Movant or his counsel, and no paired down subpoena had been received, Movant's counsel

again reached out to meet and confer with Plaintiff's counsel via email. Plaintiff's counsel did not respond. With no other choice, Movant, through his counsel, now moves to quash the subpoena.

Movant has no connection to this case. Movant has not been sued and is not a retained expert by any party; he is a non-party. In addition, Plaintiffs' subpoena requests compliance beyond its geographical limits and subjects Movant to undue burden in violation of Rule 45.

Specifically, Plaintiff requests the following documents:

a. All documents relating to or reflecting drafts of, work papers related to, analysis related to, or sources of information in Movant's Article;
b. All documents and communications related to Movant's article;
c. All documents related to the submission and peer review process of Movant's article;
d. All documents, communications, correspondence, emails, and/or discussions between Movant and any attorney representing Syngenta;
e. All communications, correspondence, emails, and/or discussions with Syngenta;
f. All documents, communications, correspondence, emails, and/or discussions Movant sent or received before publishing Movant's article;
g. All documents, communications, correspondence, emails, and/or discussions between Movant and any persons serving as experts for Syngenta in any lawsuit filed against Syngenta alleging injury caused by a connection between Paraquat and Parkinson's disease;
h. All documents relating to and copies of any literature authored in whole or in part by Movant relating to paraquat;
i. All documents relating to any association between paraquat and Parkinson's disease; and
j. All documents relating to or reflecting any financial arrangements involving Movant, or any entity, organization, or foundation on which Movant serves or is otherwise involved, relating to paraquat.

Plaintiff is essentially asking for everything Movant has ever done relating to his research. Plaintiff requests documents involving ongoing research that cannot be made public. Movant's article cites sources that Plaintiff can readily find and Plaintiff can more easily access such information elsewhere. Further, Plaintiff requests documents that are not in Movant's control and

requests that Movant find, review, and produce thousands of pages of documents more than 800 miles from where Movant lives and works in an action in which Movant is not a party and has no involvement. Requiring Movant to do so would overly burden Movant and subject Movant to significant expense and loss of copious professional time without compensation.

"A court <u>must</u> quash or modify a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a non-party to travel more than 100 miles; (3) requires disclosure of privileged or other matter; or (4) subjects a person to undue burden." *PsyBio Therapeutics, Inc. v. Corbin*, 2021 Us. Dis. LEXIS 186820 (N.D. Ill 2021) *citing* Fed. R. Civ. P. 45 (c)(3)(A)(i-iv) (emphasis added).

"When determining if a burden is undue, the court must ask whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it."" *Id. quoting Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). "Non-party status 'is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.'" *Id. quoting Parker v Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013).

When evaluating subpoenas issued to third parties, courts give extra consideration to objections of a non-party, non-fact witness in weighing burdensomeness against relevance. *See Whitlow v. Martin*, 263 F.R.D. 507,512 (C.D.Ill. 2009); *Champion Pro Consulting Group v. Impact Sports Football, Inc.*, 2014 U.S. Dist. LEXIS 165825 (M.D.N.C. 2014); *Schaaf v. SmithKline Beacham Corp.*, 233 F.R.D. 451 ,453 (E.D.N.C. 2005).

This subpoena is unduly burdensome since it seeks an abundance of protected documents over an extensive period and would subject Movant to significant expense and loss of professional time. Many of the documents sought involve ongoing research that is not ready to be made public

and ethical considerations exist regarding the release of unfinished research. It would take Movant an extremely long time to compile all the documents and information sought and no measures have been suggested by Plaintiff regarding loss of professional time.

> Rule 45 protects non-parties subject to a subpoena from unduly burdensome discovery. Rule 45(c)(2)(B)(ii) permits the person served with the subpoena to object to it and directs that an order requiring compliance 'must protect a [non-party] from significant expense resulting from compliance'. Rule 45 mandates that the court from which the subpoena was issued must 'quash or modify a subpoena that . . . subjects a person to undue burden.

*DeGeer v. Gillis*, 755 F.Supp.2d 909, 917-18 (N.D. Ill 2010).

Here, the burden of compiling all the documents Plaintiff seeks and the special weight afforded to Movant's non-party, non-fact witness status combine to require that Plaintiff's subpoena be quashed under Rule 45. *See United States ex rel Tyson v. Amerigroup Ill., Inc.*, 2005 U.S. Dist. LEXIS 24929 (N.D.Ill. 2005) (wherein the court quashed a subpoena to a third party because of the burden of producing one year of email backups). Thus, the Court must quash Plaintiff's subpoena to protect non-party Movant from the significant expense, difficulty and potential professional compromise to ongoing research he would incur by complying.

Rule 45 provides that a subpoena may command production of documents within 100 miles of where the person resides, is employed or regularly transacts business. Fed. R. Civ. P. 45(c)(2)(A). Here, the subpoena was served upon Movant in Salt Lake City, where he resides and works, and commands production in Los Angeles, more than 800 miles away. Because Salt Lake City is beyond the geographical limits specified in Rule 45(c), the subpoena must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii).

WHEREFORE, non-party Douglas L. Weed M.D., M.P.H., Ph.D respectfully requests that this Court quash Plaintiff's subpoena and for any other relief this Court deems just and fair.

Respectfully submitted,

**DOUGLAS J. WEED**

By**:**   /**s**/ Daniel J. Mohan
          One of His Attorneys

Daniel J. Mohan
Mohan Groble Scolaro, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603
(312) 422-9999
mohan@mohangroble.com

## CERTIFICATE OF SERVICE

I, Daniel J. Mohan, hereby certify that on October 27, 2023, I caused the foregoing **DOUGLAS WEED'S MOTION TO QUASH SUBPOENA** to be filed using the CM/ECF system, which will serve the referenced filing to all counsel of record.

/s/ Daniel J. Mohan
Daniel J. Mohan