AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Date: 8/29/23
Time: 6:57 P.M
Initial: KC
ID#: N/A

In re: Paraquat Products Liability Litigation )
*Plaintiff* )
v. )  Civil Action No. Case No. 3:21-md-3004-NJR
)
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Douglas L. Weed, M.D., DLW Consulting Services, LLC, 1302 N Oak Forest Rd, Salt Lake City, UT 84103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: Walkup Melodia Kelly & Schoenberger<br>650 California Street, 26th Floor, San Francisco, CA 94108 | Date and Time:<br>09/29/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/29/2023

CLERK OF COURT

OR

_____    /s/ Sarah Shoemake Doles
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiffs__
_____, who issues or requests this subpoena, are:
Sarah Shoemake Doles; 316 S. Baylen Street, Ste. 600, Pensacola, FL 32502; sdoles@levinlaw.com; (850) 495-5010

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

## ATTACHMENT A

The following Definitions and Instructions apply to each Request for Production contained herein:

### DEFINITIONS

1. The terms "YOU" and "YOUR" refer to Respondent, Douglas L. Weed ("Dr. Weed"), and/or DLW Consulting Services, LLC and each and every predecessor, successor, direct and indirect parent, division, subsidiary, or affiliate thereto under the direction and control of Dr. Weed, whether past or present; and any past or present partner, director, officer, member, associate, employee, agent, consultant, contractor, staff member, attorney, or other representative of Dr. Weed, including all persons acting on its behalf, in any country, without limitation.

2. "Syngenta" means Syngenta Crop Protection, LLC and Syngenta AG; any corporate predecessor of Syngenta Crop Protection LLC, including ICI America Inc., ICI United States Inc., ICI Americas Inc., Zeneca Inc., Zeneca Ag Products Inc., Novartis Crop Protection Inc., and Syngenta Crop Protection Inc.; the direct and indirect parents, subsidiaries, and affiliates of Syngenta Crop Protection LLC or any corporate predecessor of Syngenta Crop Protection LLC; or any director officer, employee, agent, attorney, or other person authorized to act and acting on behalf of any of them. The term includes any of their corporate predecessors, direct and indirect parents, subsidiaries, and affiliates of any of them; and any director, officer, employee, agent, attorney, or other person authorized to act and acting on behalf of any of them.

3. The term "paraquat" includes:

   a. The chemical compound Paraquat dichloride, chemical formula $C_{12}H_{14}Cl_2N_2$, CAS Number 1910-42-5, also known as 1,1'-Dimethyl-4,4'-bipyridinium dichloride, and methyl viologen dichloride;

EXHIBIT 1

b. The chemical compound Paraquat (bis)methylsulfate, chemical formula $C_{14}H_{20}N_2O_8S_2$, CAS Number 2074-50-2, also known as 1,1'-Dimethyl-4,4'-bipyridinium bis(methyl sulfate);

c. Any product containing Paraquat dichloride or Paraquat (bis)methylsulfate and other ingredients for use in the formulation of Paraquat herbicide products (i.e., "Paraquat technical;" e.g., Ortho Paraquat CL Concentrate, EPA Reg. No. 239-2422; Paraquat Concentrate ES, EPA Reg. No. 100-1067); and

d. Any formulated herbicide product containing Paraquat dichloride or Paraquat (bis)methylsulfate as an active ingredient (e.g., Ortho Paraquat CL, EPA Reg. No. 239-2186; Cyclone SL 2.0, EPA Reg. No. 100-1431; Gramoxone SL, EPA Reg. No. 100-1217; Gramoxone SL 2.0, EPA Reg. No. 100-1431).

4. "Parkinson's disease" includes Parkinson's disease or Parkinsonism.

5. The term "Document" is coextensive with the meaning of the terms "documents", "electronically stored information", and "tangible things" in Fed. R. Civ. P 34, and shall have the broadest possible meaning and interpretation ascribed to the terms under Fed. R. Civ. P 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer- generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, text messages, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including

EXHIBIT 1

inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, videos, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non- identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU. The definition of Document shall include Communication as defined below.

6. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications. It includes the transmittal of information by any means, including email, SMS, MMS, or other "text" messages, messages on "social networking" sites (including, but not limited to, Facebook, Google+, and Twitter), shared applications from cell phones, or by any other means. "Communication" shall also include, without limitation, all originals and copies that are provided by YOU or to YOU by others.

7. "Study" means any published or unpublished, reported or unreported, final or draft, performed or abandoned, planned, or proposed analysis, assessment, data collection, experiment, research, survey, test, or trial.

8. The word "or" appearing in a Request should not be read so as to eliminate any part of a Request but, whenever applicable, it should have the same meaning as the word "and." For example, a Request stating "support or refer" should be read as "support and refer" if any answer that does both can be made.

EXHIBIT 1

9. The term "relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing. The term should be understood and read in its commonsense meaning: "to have to do with, to be of importance to, to involve, or to in some manner, direct or indirect, to evidence, define, describe, or explain."

10. The terms "All," "Any," and "Each" shall each be construed as encompassing any and all.

11. The word "including" means "including but not limited to."

12. All other words have their plain and ordinary meaning.

## INSTRUCTIONS

1. Unless otherwise agreed, all documents and electronically stored information produced in response to these requests must be produced in accordance with the stipulated protocol for the production of electronically stored information in place for this matter (Doc. 466).

2. As a non-party receiving a subpoena, the terms of the Protective Order entered in this matter (¶ 53 of Doc. 218) are applicable to information produced by YOU.

3. If any part of a document is responsive to any request, the whole document is to be produced. If YOU are unable to produce a document in response to any request, so state and indicate whether the document ever existed, or whether the document once existed but cannot be located. To the extent any documents are lost or destroyed, produce any documents which support YOUR assertion that the document was lost or destroyed, and provide the date thereof.

4. If any responsive document is withheld or redacted, the following information shall be provided for each such document:

    (a) The date of the document;

EXHIBIT 1

(b) All author(s) and recipients(s) of the document, including their titles and employers at the time of the creation and transmittal of the document; and, where not apparent from the identification alone, the relationship of such person to each other and whether any of the individuals are an attorney;

(c) The general subject matter of the document; and

(d) The factual and legal basis for withholding or redacting the document.

The provided information should be cumulative (i.e., to the extent documents are produced in waves, the privilege log shall be updated to incorporate documents withheld from production in subsequent waves).

5. The Requests shall be continuing, and YOU are required to supplement YOUR responses thereto by immediately producing for inspection and copying any requested document that comes into YOUR possession or subject to YOUR custody or control subsequent to the date of this Request.

6. In responding to the Requests, YOU shall designate the specific Request or Requests to which each document produced is responsive.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents relating to or reflecting drafts of, work papers related to, analysis related to, or sources of information in the article "Does paraquat cause Parkinson's disease? A review of reviews," published in NeuroToxicology in September 2021.

2. All documents and communications related to the article "Does paraquat cause Parkinson's disease? A review of reviews," published in NeuroToxicology in September 2021.

**EXHIBIT 1**

3. All documents related to the submission and peer review process of the article "Does paraquat cause Parkinson's disease? A review of reviews," published in NeuroToxicology in September 2021.

4. All documents, communications, correspondence, emails, and/or discussions between You and any attorneys representing Syngenta, including but not limited to the following attorneys: (a) Ragan Naresh; (b) Bradley H. Weidenhammer; (c) Leslie M. Smith; (d) Britt Cramer; (e) Zachary D. Holmstead; and/or (f) and/or any persons listed as counsel of record for Syngenta in the following actions: (i) *In re Paraquat Products Liability Litigation*, 3:21-md-03004-NJR (S.D. Ill.), and (ii) *In re Paraquat*, JCCP MS 5031 (Contra Costa Superior Court, California).

5. All communications, correspondence, emails, and/or discussions with Syngenta.

6. All documents, communications, correspondence, emails, and/or discussions You sent or received before publishing the article "Does paraquat cause Parkinson's disease? A review of reviews," published in NeuroToxicology in September 2021 which contain the word "paraquat."

7. All documents, communications, correspondence, emails, and/or discussions between You and any persons serving as experts for Syngenta in any lawsuit filed against Syngenta alleging injury caused by a connection between Paraquat and Parkinson's disease, including but not limited to the following persons: (a) Dominik Alexander, Ph.D.; (b) Elizabeth Anderson, Ph.D.; (c) James Bus, Ph.D.; (d) Marcus Cooke, Ph.D.; (e) Jack Housenger; (f) Warren Olanow, M.D.; (g) Jennifer Pierce, Ph.D.; (h) Dennis Seal, Ph.D.; (i) Bryan Young, Ph.D. and/or (j) any persons disclosed in the following actions: (i) *In re Paraquat Products Liability*

**EXHIBIT 1**

*Litigation*, 3:21-md-03004-NJR (S.D. Ill.), and (ii) *In re Paraquat*, JCCP MS 5031 (Contra Costa Superior Court, California).

8. All documents relating to and copies of any literature authored in whole or in part by You relating to paraquat.

9. All documents relating to any association between paraquat and Parkinson's disease.

10. All documents relating to or reflecting any financial arrangements involving You, or any entity, organization, or foundation on which you serve or are otherwise involved, relating to paraquat.

Dated: August 29, 2023

PLAINTIFFS' CO-LEAD COUNSEL

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7011
sdoles@levinlaw.com

Khaldoun A. Baghdadi
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Telephone: (630) 232-6333
pjf@meyers-flowers.com

**EXHIBIT 1**