## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| **This Document Relates to All Cases,** | **MDL No. 3004** |

## CASE MANAGEMENT ORDER NO. 20
## <u>RELATING TO ADDITIONAL LIMITED DISCOVERY</u>

**ROSENSTENGEL, Chief Judge:**

On May 15, 2023, the Court entered Case Management Order No. 18 relating to Deceased Plaintiffs' Submissions and Cases Based on Implausible Theories of Proof (CMO 18). (Doc. 4242.) CMO 18 reflects the Court's concern "about the presence of cases on its docket that present implausible or far-fetched theories of liability, and therefore would not have been filed but for the availability of this multidistrict litigation." (CMO 18 at 3.) The Court identified four categories of cases that present implausible theories of liability: "(i) a plaintiff states that they have no information concerning their exposure to paraquat (as opposed to a different product); or (ii) a plaintiff has no medical evidence to support a diagnosis of Parkinson's disease; or (iii) a plaintiff claims to have used paraquat in a form in which it never existed (e.g., in power or pellet form); or (iv) there are other evidentiary issues such as those that led to the voluntarily dismissal of the bellwether plaintiffs." (*Id.* at 4.)

The Court stated in CMO 18 that it "would like to identify such cases now rather than letting them remain on the docket indefinitely." (*Id.*) CMO 18 further directed the

parties to meet and confer regarding the above categories of cases and, if consensus could not be reached, required Defendants to file a motion identifying cases they do not believe present viable causes of action and the appropriate relief. (*Id.*) After the meet and confer process was exhausted, Defendants filed such a motion on June 20, 2023. (Doc. 4455.) Upon Plaintiffs' request, their deadline to respond to that motion was stayed (Doc. 4525), and the Court further ordered the parties to continue discussing cases that have "no plausible basis on their face for inclusion in this multidistrict litigation" (Doc. 4664 (quoting CMO 18)). During a hearing on the parties' *Daubert* motions on August 24, 2023, the Court clarified CMO 18 and ordered that the parties' "time in the coming weeks . . . be focused on getting [the] docket cleaned up." (2023.08.24 Hr'g Tr. at 184:9-10; *id.* at 183:14-17 (explaining that CMO 18 ordered "examination and clean up of the docket").)

According to the Special Master, between September 19, 2023, and November 17, 2023, Defendants began to send letters to certain Plaintiffs' counsel identifying plaintiffs represented by those counsel that Defendants contend do not identify any plausible exposure to paraquat based on each plaintiff's sworn statements in his or her verified Plaintiff Assessment Questionnaire ("PAQ") or Amended PAQ. The Special Master has reviewed those letters, as well as the materials provided by Plaintiffs' counsel in response. After the Special Master's report to the Court regarding the status of all efforts by all parties, the Court remains concerned that a significant number of plaintiffs in the MDL—which now total over 5,000—do not plausibly allege exposure to paraquat.

Accordingly, the Court selects the below list of 25 plaintiffs for limited discovery, including Plaintiff's deposition and narrow third-party discovery.[1]

| Plaintiff | Case Number |
|---|---|
| Kenneth Barkley | 3:23-pq-00529 |
| Ira Broadman | 3:23-pq-00534 |
| Ella Mae Brown | 3:22-pq-01857 |
| Roy Dodson | 3:23-pq-02237 |
| Gloria Eckman | 3:22-pq-03007 |
| Hobart Eroh | 3:23-pq-01767 |
| Bonnie Gohs | 3:22-pq-03045 |
| George Green | 3:22-pq-02402 |
| Robert Greene | 3:22-pq-01878 |
| Craig Griffith | 3:22-pq-01180 |
| Glate Harris | 3:21-pq-01209 |
| Vivian Imlay | 3:23-pq-01762 |
| Elliott Milbury | 3:23-pq-01428 |
| Michelle Modjeski | 3:23-pq-00058 |
| Dale Alan Noble | 3:22-pq-03058 |
| Donald Newton | 3:22-pq-00346 |
| Wolfgang Pfeifer | 3:22-pq-02123 |
| Donald Rasmussen | 3:22-pq-01610 |
| Robin Roy | 3:21-pq-01795 |
| Doris Shipp | 3:22-pq-01011 |
| Linda Soto | 3:23-pq-01777 |
| Ricky Stamps | 3:23-pq-01189 |
| Janet Stevens | 3:22-pq-01565 |
| Ruth Wheatley | 3:22-pq-01494 |
| Randy Willeby | 3:23-pq-02841 |

The Court believes additional discovery regarding these individuals will provide representative data about Plaintiffs, determine where Plaintiffs' claims are plausible and substantiated, and expose non-meritorious claims. Additional information about

[1] The third-party discovery will be limited to cases where proof of an applicator's license or evidence of a Plaintiff's use of paraquat is lacking. The Court expects it will include subpoenas to retailers to obtain proof of purchase of paraquat or an affidavit (or deposition if necessary) from a supervisor for whom a Plaintiff claims to have worked (in cases where a Plaintiff claims to have worked under his or her supervisor's applicator license). Of course, if a Plaintiff promptly produces this information, it will not be necessary for Defendants to engage in third-party discovery.

Plaintiffs in this MDL also will assist the Court in facilitating the expeditious, economical, and just resolution of this litigation, which has been the Court's goal since the MDL's inception. (Doc. 16.) The additional discovery is aligned with prior Orders entered by this Court requiring non-bellwether plaintiff discovery and depositions in other mass actions. *See e.g., In re Depakote*, 3:12-cv-00052-NJR, Doc. 485 (July 6, 2016) (ordering depositions to be completed in 132 cases within 90 days of the order).

The Court **ORDERS** that Plaintiffs' depositions be completed within **60 days** of this Order (on or before **March 22, 2024**). The Special Master **SHALL** oversee any request by Defendants for documents from or to depose third-party witnesses associated with each of the individuals identified above. If necessary, the Special Master will make recommendations to the Court for further orders.

The Court **FURTHER ORDERS** that the parties shall provide a joint, two-page report summarizing each Plaintiff's testimony to the Court (by email to ParaquatMDL@ilsd.uscourts.gov) *and* to the Special Master (by email to randi@randiellis.com) within **14 days** of each deposition. The report shall include (1) Plaintiff's age; (2) whether Plaintiff alleges that he or she was exposed to paraquat applied personally or by someone else; (3) the basis for Plaintiff's belief he or she was exposed to paraquat; (4) additional details regarding exposure, including dates, frequency, and use of PPE; and (5) any other information relevant to the individual's claim. To the extent counsel is unable to agree on a summary of the testimony, counsel shall state their respective positions separately within the same document and attach a copy of the complete deposition transcript in pdf format. Should the additional discovery

taken of the above-identified individuals reveal that there was no good faith basis to file the individual's suit in the first place, the Court will consider imposing costs and fees in an amount deemed appropriate.

Finally, the above list should be considered preliminary; additional depositions may be ordered after these are underway and the Court has reviewed the submissions.

**IT IS SO ORDERED.**

**DATED:  January 22, 2024**

_____

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**