IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases. | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

CASE MANAGEMENT ORDER NO. 20A
RELATING TO ADDITIONAL LIMITED DISCOVERY

**ROSENSTENGEL, Chief Judge:**

On January 22, 2024, the Court issued Case Management Order No. 20, selecting certain cases for limited discovery. (Doc. 5102). CMO 20 ordered 25 Plaintiffs' depositions and limited third party discovery to address the Court's "concern[] that a significant number of plaintiffs in the MDL . . . do not plausibly allege exposure to paraquat." *Id.* at 2. In a little over two weeks since CMO 20 was issued, nine of the 25 Plaintiffs who were selected for limited discovery have voluntarily dismissed their complaints. These dismissals have only reinforced the Court's concern about the proliferation of non-meritorious claims on the docket of this MDL. *See In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, No. 2004 4:08-MD-2004 (CDL), 2016 WL 4705807, at *1 (M.D. Ga. Sept. 7, 2016) ("Although one of the purposes of MDL consolidation is to allow for more efficient pretrial management of cases with common issues of law and fact, the evolution of the MDL process toward providing an alternative dispute resolution forum for global settlements has produced incentives for the filing of cases that otherwise would not be filed if they had to stand on their own merit as a stand-alone action").

Accordingly, the Court now selects the below list of nine Plaintiffs for limited discovery, including Plaintiff's deposition and narrow third-party discovery, to replace those whose cases have been dismissed.[1]

| Plaintiff | Case Number |
|---|---|
| Ronnie Bowen | 3:23-pq-00401 |
| Charles Cuka | 3:22-pq-00787 |
| Shirley Diede | 3:23-pq-00182 |
| Mary Gianakos | 3:23-pq-01008 |
| Johnny Jackson | 3:22-pq-00385 |
| Nuel McDaniel | 3:22-pq-01350 |
| Adrian Ortega | 3:23-pq-02641 |
| Donald Schwartz | 3:22-pq-02767 |
| David Thomas Wheeler | 3:23-pq-01075 |

As stated in CMO 20, the Court expects that limited discovery from these nine Plaintiffs and those previously identified in CMO 20 will provide representative data about Plaintiffs, determine where Plaintiffs' claims are plausible and substantiated, and expose non-meritorious claims. This additional discovery is aligned with prior Orders entered by this Court requiring non-bellwether plaintiff discovery and depositions in other mass actions. *See e.g., In re Depakote*, 3:12-cv-00052-NJR, Doc. 485 (July 6, 2016) (ordering depositions to be completed in 132 cases within 90 days of the order).

The Court **ORDERS** that limited discovery in the cases identified above be completed on or before **April 8, 2024**. The Special Master shall oversee any request by Defendants for documents from or to depose third-party witnesses associated with each of the individuals

---

[1] The third-party discovery will be limited to cases where proof of an applicator's license or evidence of a Plaintiff's use of paraquat is lacking. The Court expects it will include subpoenas to retailers to obtain proof of purchase of paraquat or an affidavit (or deposition if necessary) from a supervisor for whom a Plaintiff claims to have worked (in cases where a Plaintiff claims to have worked under his or her supervisor's applicator license). Of course, if a Plaintiff promptly produces this information, it will not be necessary for Defendants to engage in third-party discovery.

identified above. If necessary, the Special Master will make recommendations to the Court for further orders.

The Court **FURTHER ORDERS** that the parties provide a joint, two-page report summarizing each Plaintiff's testimony to the Court (by email to ParaquatMDL@ilsd.uscourts.gov) *and* to the Special Master (by email to randi@randiellis.com) within **14 days** of each deposition. The report shall include (1) Plaintiff's age; (2) whether Plaintiff alleges that he or she was exposed to paraquat applied personally or by someone else; (3) the basis for Plaintiff's belief he or she was exposed to paraquat; (4) additional details regarding exposure, including dates, frequency, and use of PPE; and (5) any other information relevant to the individual's claim. To the extent counsel are unable to agree on a summary of the testimony, they shall state their respective positions separately within the same document and attach a copy of the complete deposition transcript in .pdf format. Should the additional discovery taken of the above-identified individuals reveal that there was no good faith basis to file the individual's suit in the first place, the Court will consider imposing costs and fees in an amount deemed appropriate.

The Court will continue to select Plaintiffs for limited discovery to replace any Plaintiff identified above or in CMO 20 who voluntarily dismisses their case. And, as stated in CMO 20, additional depositions may be ordered after the Court has reviewed the written submissions.

**IT IS SO ORDERED.**

DATED: February 7, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**