IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases. | |

CASE MANAGEMENT ORDER NO. 20B
RELATING TO ADDITIONAL LIMITED DISCOVERY

**ROSENSTENGEL, Chief Judge:**

On January 22, 2024, the Court issued Case Management Order No. 20, selecting certain cases for limited discovery. (Doc. 5102). CMO 20 ordered the depositions and limited third-party discovery of 25 Plaintiffs (hereinafter "Discovery Plaintiffs") to address the Court's "concern[] that a significant number of plaintiffs in the MDL . . . do not plausibly allege exposure to paraquat." *Id.* at 2. Since CMO 20 was issued, more than half of the 25 Discovery Plaintiffs have voluntarily dismissed their complaints. To address these dismissals, the Court issued CMO 20A (Doc. 5127) on February 7, 2024, identifying nine new Discovery Plaintiffs to replace those who, at that time, had dismissed their claims. Since CMO 20A was issued, nine *additional* Discovery Plaintiffs have voluntarily dismissed their cases, bringing the total number of voluntary dismissals from Discovery Plaintiffs to 18.

As stated in CMO 20A, these dismissals only reinforce the Court's concern about the proliferation of non-meritorious claims on the docket of this MDL. *See In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, No. 2004 4:08-MD-2004

Page 1 of 4

(CDL), 2016 WL 4705807, at *1 (M.D. Ga. Sept. 7, 2016) ("Although one of the purposes of MDL consolidation is to allow for more efficient pretrial management of cases with common issues of law and fact, the evolution of the MDL process toward providing an alternative dispute resolution forum for global settlements has produced incentives for the filing of cases that otherwise would not be filed if they had to stand on their own merit as a stand-alone action.").

Accordingly, the Court now selects the below list of nine Plaintiffs for limited discovery, including Plaintiff's deposition and narrow third-party discovery, to replace the nine Discovery Plaintiffs whose cases have been dismissed since CMO 20A was issued.[1]

| Plaintiff | Case Number |
|---|---|
| Sue Elvin | 3:23-pq-00913-NJR |
| Joseph Hoover | 3:23-pq-02833-NJR |
| Alphonza Canty | 3:23-pq-01373-NJR |
| Michael Wilk | 3:22-pq-01289-NJR |
| Donna Cerne | 3:23-pq-00881-NJR |
| Robert Miles | 3:22-pq-01726-NJR |
| James Pratt | 3:23-pq-02754-NJR |
| Phillip Lee Paulsen | 3:22-pq-00195-NJR |
| James May | 3:22-pq-02968-NJR |

As stated in CMO 20, the Court expects that limited discovery from these and previously identified Discovery Plaintiffs will provide representative data about them,

---

[1] As stated in CMO 20, "third-party discovery will be limited to cases where proof of an applicator's license or evidence of a Plaintiff's use of paraquat is lacking." (Doc. 5102). The Court recently issued CMO 21, which requires "each Plaintiff in this MDL" to obtain "documentary evidence providing proof of use and/or exposure to paraquat." (Doc. 5158). The Court expects CMO 21 to cover any third-party discovery that would otherwise have been warranted under this CMO or CMOs 20 and 20A. Nevertheless, if the Parties believe that additional third-party discovery is necessary to substantiate the claims of the Discovery Plaintiffs, they are encouraged to pursue it consistent with the requirements of Rule 45 of the Federal Rules of Civil Procedure.

determine where their claims are plausible and substantiated, and expose non-meritorious claims. This additional discovery is aligned with prior Orders entered by this Court requiring non-bellwether plaintiff discovery and depositions in other mass actions. *See e.g., In re Depakote*, 3:12-cv-00052-NJR, Doc. 485 (July 6, 2016) (ordering depositions to be completed in 132 cases within 90 days of the order).

The Court **ORDERS** that limited discovery in the cases identified above be completed on or before **May 7, 2024**. The Special Master shall oversee any request by Defendants for documents from or to depose third-party witnesses associated with each of the individuals identified above. If necessary, the Special Master will make recommendations to the Court for further orders.

The Court **FURTHER ORDERS** that the parties provide a joint, two-page report summarizing each Plaintiff's testimony to the Court (by email to ParaquatMDL@ilsd.uscourts.gov) *and* to the Special Master (by email to randi@randiellis.com) within **14 days** of each deposition. The report shall include (1) Plaintiff's age; (2) whether Plaintiff alleges that he or she was exposed to paraquat applied personally or by someone else; (3) the basis for Plaintiff's belief he or she was exposed to paraquat; (4) additional details regarding exposure, including dates, frequency, and use of PPE; and (5) any other information relevant to the individual's claim. To the extent counsel are unable to agree on a summary of the testimony, they shall state their respective positions separately within the same document and attach a copy of the complete deposition transcript in .pdf format. Should the additional discovery taken of the above-identified Discovery Plaintiffs reveal that there was no good faith basis to

file the individual's suit in the first place, the Court will consider imposing costs and fees in an amount deemed appropriate.

The Court will continue to select Plaintiffs for limited discovery to replace any Discovery Plaintiff identified above or in CMOs 20 and 20A who voluntarily dismisses their case. And, as stated in CMO 20, additional depositions may be ordered after the Court has reviewed the written submissions.

**IT IS SO ORDERED.**

**DATED:  March 7, 2024**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**