IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| | **MDL No. 3004** |
| **This Document Relates to:** | |
| *Richter v. Syngenta AG, et al.*, No. 3:21-pq-571<br>*Fuller v. Syngenta AG, et al.*, No. 3:21-pq-836<br>*Burgener v. Syngenta AG, et al.*, No. 3:21-pq-1218<br>*Coward v. Syngenta AG, et al.*, No. 3:21-pq-1560 | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In this multidistrict litigation ("MDL"), over 5,000 individual Plaintiffs allege that they developed Parkinson's disease because of their exposure to an herbicide, paraquat dichloride ("paraquat"). On April 13, 2022, this Court selected six individual member cases for case-specific discovery. (Doc. 1317). Four of these six cases now serve as this MDL's first set of trial selection cases after completing fact and expert discovery.[1]

Today, the Court issued an order excluding the proffered testimony of Plaintiffs' sole expert on general causation, Dr. Martin Wells ("*Daubert* Order"). (Doc. 5237); *see also Higgins v. Koch Dev., Corp.*, 794 F.3d 697, 701 (7th Cir. 2015) ("General causation refers to whether the substance at issue had the capacity to cause the harm alleged.") (internal quotation marks and citation omitted). Plaintiffs do not dispute that the exclusion of Dr. Wells' expert testimony is fatal to their claims in the four trial selection cases, stating at

---

[1] *Richter, et al. v. Syngenta AG, et al.*, No. 3:21-pq-571-NJR; *Fuller, et al. v. Syngenta AG, et al.*, No. 3:21-pq-836-NJR; *Burgener v. Syngenta AG, et al.*, No. 3:21-pq-1218-NJR; and *Coward v. Syngenta AG, et al.*, No. 3:21-pq-1560-NJR.

the evidentiary hearing on the pending motions that "with respect to these four Plaintiffs [] … without Dr. Wells' foundation of general causation, the odds ratio over two, which we utilize for specific causation, that would be dispositive of these cases, yes." (Doc. 4794 at 111-12). The Court agrees and briefly explains why.

The four trial selection Plaintiffs, Keith Fuller, Frederick Richter, Todd Burgener, and Matthew Coward, each assert claims of strict liability—design defect and failure to warn, negligence, breach of the warranty of merchantability, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.* (all except Mr. Coward), and punitive damages (Mr. Coward only). Mr. Fuller's and Mr. Richter's spouses, moreover, assert claims for loss of consortium.

Defendants, Syngenta Crop Protection LLC, Syngenta AG (collectively "Syngenta"), and Chevron U.S.A., Inc. ("Chevron"), have filed a Joint Motion for Summary Judgment in the four trial selection cases. (Doc. 4348). Defendants' motion is based, in part, on their contentions that (i) Plaintiffs' design defect claims fail because paraquat is a "characteristic ingredient" of the product at issue; (ii) Plaintiffs' failure to warn claims cannot survive because Plaintiffs knew of but disregarded existing warnings about paraquat, and further, such claims are preempted by federal law; (iii) Plaintiffs' ICFA claims are within a statutory safe harbor provision and the ICFA does not apply to claims sounding in personal injury; (iv) Plaintiffs' claims for breach of the implied warranty of merchantability are coextensive with their products liability claims; and (v) Plaintiffs are unable to establish general or specific causation because their proffered

experts fail to offer a "threshold dose" at which paraquat is capable of causing Parkinson's disease.

Considering the present posture of the four trial selection cases, it is not necessary to reach the merits of these arguments because Plaintiffs' claims fail for a more fundamental reason: the inability to establish a causal link between occupational paraquat exposure and Parkinson's disease without Dr. Wells' testimony.

## LEGAL STANDARD

The four trial selection cases invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The Parties agree that Illinois' substantive law governs Mr. Fuller's, Mr. Richter's, and Mr. Burgener's claims, and that Florida's substantive law governs Mr. Coward's claims. (Docs. 4348 at 7; 4562 at 3); *see also Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002) ("When a federal court exercises diversity jurisdiction, it . . . must apply applicable substantive state laws to the case before it.").

"When interpreting state law, a federal court's task is to determine how the state's highest court would rule." *Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011). "In the absence of guiding decisions by the state's highest court, [district courts] consult and follow the decisions of intermediate appellate courts unless there is a convincing reason to predict the state's highest court would disagree." *ADT Sec. Srvs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012). Thus, the question is whether the exclusion of Dr. Wells' expert testimony compels the dismissal of the four trial selection cases under Illinois and Florida law. *See Musser v. Gentiva Health Srvs.*, 356 F.3d 751, 754-55

(7th Cir. 2004) (after exclusion of expert testimony under *Daubert*, state law determines how lack of expert testimony affects pending claims).

## DISCUSSION

In toxic tort actions, Illinois and Florida, like every other state, place the burden squarely on plaintiffs to produce evidence of a causal relationship between the offending product and their injury. *Chapman v. Proctor & Gamble Dist., LLC*, 766 F.3d 1296, 1316 (11th Cir. 2014); *Thacker v. UNR Indus., Inc.*, 603 N.E.2d 449, 454 (Ill. 1992); *see also In re Acetaminophen – ASD-ADHD Prod. Liab. Litig.*, --- F. Supp. 3d ---, 2023 WL 8711617, at *2 (S.D.N.Y. 2023) ("All fifty states require some evidence of general causation in products liability cases involving complex products liability or medical issues.").[2] This requirement exists for all theories of liability asserted in the four trial selection cases. *See Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (ICFA claims); *Clark v. River Metals Recycling, LLC*, 929 F.3d 434, 439 (7th Cir. 2019) (strict liability—design defect under Illinois law); *Brown v. SmithKline Beecham Corp*, No. 06 C 05725, 2008 WL 205410, at *4 n.3 (N.D. Ill. Jan 18, 2008) (breach of implied warranty of merchantability

---

[2] Illinois does not distinguish between "general" or "generic" causation and "specific" causation in negligence cases. *See Donaldson v. Cent. Ill. Pub. Serv. Co.*, 767 N.E.2d 314, 331 (Ill. 2002) ("Illinois law does not define causation in terms of "generic" or "specific" causation. Rather, our case law clearly states that in negligence actions, the plaintiff must present evidence of proximate causation, which includes both 'cause in fact' and 'legal cause.'"), *abrogated on other grounds by In re Commitment of Simmons*, 821 N.E.2d 1184, 1189 (Ill. 2004). This does not mean, however, that the issue of whether a substance can cause an injury (the issue Dr. Wells addresses) is irrelevant. Indeed, numerous state and federal cases support the commonsense proposition that Illinois law requires a plaintiff to prove an offending product's ability to cause the alleged harm in a products liability action. *See e.g.*, *Elam v. Lincoln Elec. Co.*, 841 N.E.2d 1037,1049 (Ill. Ct. App. 2005) (noting "central issue" in toxic tort case was whether plaintiff's injury was idiopathic or caused by welding fumes); *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 309 (Ill. Ct. App. 2002) (noting expert's inability to determine that radio frequency burn was "capable of causing" brain tumor); *see also May-Weirauch v. Ethicon, Inc.*, No. 1:20-cv-01205-SLD-JEH, 2020 WL 6946445, at *6 (C.D. Ill. 2020) (discussing need for plaintiff to proffer "general" and "specific" causation evidence in products liability action under Illinois law).

under Illinois law); *Thacker*, 603 N.E.2d at 455 (negligence and strict products liability under Illinois law); *Elam v. Lincoln Elec. Co.*, 841 N.E.2d 1037, 1049 (Ill. Ct. App. 2005) (strict liability—failure to warn under Illinois law); *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1193, 1196 n.7 (11th Cir. 2010) (negligence and strict products liability under Florida law); *Amoroso v. Samuel Friedland Fam. Enterps.*, 604 So.2d 827, 833 (Fla. Dist. Ct. App. 1992) (breach of implied warranty of merchantability under Florida law).[3]

Illinois and Florida, like every other state, also require expert testimony in cases involving specialized or complex issues beyond a layperson's understanding. *Kirk v. Clark Equip. Co.*, 991 F.3d 865, 878 (7th Cir. 2021) (Illinois law); *Chapman*, 766 F.3d at 1316 (Florida law); *see also In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, 226 F. Supp. 3d 557, 569-72 (D.S.C. 2017) (collecting cases from other jurisdictions). The four trial selection cases are such cases. Plaintiffs allege that they developed Parkinson's disease because of their exposure to paraquat. Paraquat is a restricted use quaternary ammonium herbicide that, according to the Environmental Protection Agency, generates "ubiquitous oxidative stress" that leads to cell death in plants. (Doc. 4558-12 at 7). Paraquat has been suspected of being harmful to humans for several decades, and the hypothesis that it can increase a person's risk of developing Parkinson's

---

[3] Mr. Fuller's and Mr. Richter's spouses also assert claims for loss of consortium. Under Illinois law, a loss of consortium claim is derivative of a personal injury claim to the extent that it is predicated on the defendant's liability for the spouse's personal injuries. *See Club Exch. Corp. v. Richter*, 581 N.E.2d 709, 710 (Ill. Ct. App. 1991) ("A loss-of-consortium claim is derivative in the sense of using the spouse's underlying personal injury claim as the vehicle to establish liability."). Accordingly, Mrs. Fuller's and Mrs. Richter's loss of consortium claims must fail along with the underlying personal injury claims. The same is true of Mr. Coward's claim for punitive damages. *See Parks v. Howmedica Osteonics Corp.*, No: 8:15–cv–0075–MSS–MAP, 2016 WL 7220707, at *16 (M.D. Fla. Mar. 11, 2016) (under Florida law, "punitive damages are derivative claims because they exist by virtue of the viability of Plaintiffs' other claims.").

disease has been the subject of extensive scientific study. The Court has no problem concluding that the complexities involved in establishing a causal connection between paraquat and Parkinson's disease requires expert testimony. *See Myers v. Ill. Centr. R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) ("[W]hen there is no obvious origin to an injury and it has multiple potential etiologies, expert testimony is necessary to establish causation.") (internal quotation marks omitted). Accordingly, Plaintiffs were required to produce admissible expert evidence establishing a causal relationship between occupational paraquat exposure and Parkinson's disease.

To meet their burden, Plaintiffs offered Dr. Wells' expert testimony to show that "the available epidemiological evidence supports a causal relationship between occupational paraquat exposure and PD." (Doc. 4355-2 at 26). With the *Daubert* Order, however, the trial selection cases necessarily fail on an essential element of each of their claims. At the summary judgment stage, "[i]f the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because a complete failure of proof concerning an essential element of the nonmovant's case necessarily renders all other facts immaterial." *Quantum Mgmt. Group., Ltd. v. Univ. of Chicago Hosps.*, 283 F.3d 901, 905 (7th Cir. 2002) (cleaned up). As a result, Dr. Wells' exclusion mandates the dismissal of the four trial selection cases. *See C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 838 (7th Cir. 2015) (summary judgment can be resolved "simply" when case raises complex causation issues and plaintiff's experts on causation are excluded).

CONCLUSION

For these reasons and the reasons articulated in the *Daubert* Order, Defendants' Joint Motion for Summary Judgment (Doc. 4348) is **GRANTED**. The following cases are **DISMISSED with prejudice**:

- *Richter v. Syngenta AG, et al.*, No. 3:21-pq-571-NJR;

- *Fuller v. Syngenta AG, et al.*, No. 3:21-pq-836-NJR;

- *Burgener v. Syngenta AG, et al.*, No. 3:21-pq-1218-NJR; and

- *Coward v. Syngenta AG, et al.*, No. 3:21-pq-1560-NJR.

The Clerk of Court is **DIRECTED** to close those cases and enter judgment accordingly.

Moreover, in light of the *Daubert* Order and this Order, the following motions in the four trial selection cases are **DENIED as moot**:

- Defendants' Roadmap Briefs in Support of Summary Judgment and Rule 702 Motions (Docs. 4347 & 4379);

- Chevron's Motion for Summary Judgment (Doc. 4349);

- Syngenta's Partial Motion for Summary Judgment (Doc. 4352);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Dr. Vanessa Fitsanakis (Doc. 4354);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Ms. Cynthia Rando (Doc. 4356);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Dr. Anthony Lang (Doc. 4357);

- Defendants' Motion to Exclude Certain Testimony of Plaintiffs' Expert Mr. Stephen Petty (Doc. 4358);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Mr. Michael Siegel (Doc. 4359);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Dr. David Mortensen (Doc. 4360);

- Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Dr. Peter Spencer (Doc. 4361);

- Defendants' Motion to Exclude the Testimony of Plaintiff, Matthew Coward's Expert, Dr. Binit Shah (Doc. 4362);

- Plaintiffs' Roadmap Brief in Support of Consolidated Motion to Exclude Expert Witness Opinions and Testimony (Doc. 4363);

- Plaintiffs' Consolidated Motion to Exclude Expert Witness Opinions and Testimony (Doc. 4364); and

- Defendants' Closing Brief on Motions to Exclude Expert Testimony Under Federal Rule 702 (Doc. 4798).

## NEXT STEPS

Considering the dismissal of the four trial selection cases, the Court intends to expeditiously identify a new set of trial cases and set a tight schedule for limited discovery and trial. To that end, the Parties are **DIRECTED** to select **16** member cases for limited fact discovery on or before **Friday, May 10, 2024**.[4] Plaintiffs shall select **eight** cases from the global Plaintiff pool, Chevron shall select **four** cases, and Syngenta shall select **four** cases. The case selections shall be submitted to opposing counsel and to the Court *via email only* at **ParaquatMDL@ilsd.uscourts.gov**. Once the Court receives the Parties'

---

[4] Eligible cases must have been filed on or before the date of this Order and may not have a materially deficient Plaintiff Assessment Questionnaire.

selections, it will issue a Case Management Order addressing a discovery schedule and trial dates.

    **IT IS SO ORDERED.**

    **DATED:  April 17, 2024**

                                                 *s/ Nancy J. Rosenstengel*
                                                 **NANCY J. ROSENSTENGEL**
                                                 **Chief U.S. District Judge**