IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases | |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING OVERDUE PLAINTIFF ASSESSMENT QUESTIONNAIRES

Pursuant to Case Management Order No. 10 ("CMO 10"), a Plaintiff is required to serve upon Defendants a Plaintiff Assessment Questionnaire ("PAQ") within 30 days after a complaint has been entered on the docket (CMO 10, § III(2)). If a Plaintiff fails to do so without good cause shown, including after the opportunities to cure set forth in CMO 10, the Plaintiff's claim shall be dismissed (*Id*., § VI(3)).

Specifically, CMO 10 states that if a Plaintiff or Representative (specifically, an individual possessing authority to act on behalf of Plaintiff) fails to timely serve a PAQ, Defendants may serve on Plaintiff a Notice of Overdue PAQ. *Id*., § VI(1). If a Plaintiff or Representative fails to serve upon Defendants a PAQ within 30 days after receiving a Notice of Overdue PAQ, Defendants may seek review of that case by the Special Master for dismissal for failure to comply with CMO 10. *Id*., § VI(2). At that time, Plaintiff must within 10 days submit a PAQ or file an opposition demonstrating good cause and justified cause for failure to comply with CMO 10. *Id*.  If the Special Master finds that Plaintiff has failed to submit a PAQ within 10 days or demonstrate good cause and justified cause for failing to submit a PAQ, the Special Master shall provide a Report and Recommendation to the Court. *Id*., § VI(3). Thereafter, the Court may dismiss Plaintiff's complaint without prejudice. *Id.*

Defendants have submitted 317 cases to the Special Master for review to be dismissed for failure to serve a PAQ, including after multiple opportunities to cure as required by CMO 10. After additional investigation by the Special Master, certain plaintiffs provided information regarding ongoing efforts to finalize and serve certain PAQs. After removing the cases that continue to finalize PAQs, the Special Master submits 137 cases to be dismissed for failure to serve a PAQ (identified in Exhibit A).

Each Plaintiff identified in Exhibit A has failed to timely serve a PAQ upon Defendants within 30 days as required by CMO 10. As noted in Exhibit A, in each of these cases, Defendants served Plaintiff with a Notice of Overdue PAQ. While not required to do so by CMO 10, after Plaintiff failed to respond to the first Notice within 30 days, Defendants served a Second Notice of Overdue PAQ in an effort to avoid Court intervention. Despite these efforts, none of the Plaintiffs or their Representatives identified in Exhibit A has served a PAQ, nor has any Plaintiff in Exhibit A demonstrated good cause or justified cause for failing to timely submit a PAQ.

Accordingly, the Special Master recommends that the Court dismiss the matters identified in Exhibit A without prejudice.

**DATED: May 30, 2024**

*s/ Randi S. Ellis*
**Randi S. Ellis**
**Court-Appointed Special Master**