# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | * Case No. 3:21-md-3004-NJR |
| | * |
| | * MDL No. 3004 |
| **This Document Relates to:** | * |
| | * |
| *Ontek v. Syngenta AG, et al.*, No. 3:23-pq-3591 | * |
| *Farman v. Syngenta AG, et al.*, No. 3:23-pq-3592 | * |
| *Ferguson v. Syngenta AG, et al.*, No. 3:23-pq-3599 | * |
| *Johnson v. Syngenta AG, et al.*, No. 3:23-pq-3615 | * |
| *Fletcher v. Syngenta AG, et al.*, No. 3:23-pq-3616 | * |
| *Miner v. Syngenta AG, et al.*, No. 3:23-pq-3652 | * |
| *Ohannessian v. Syngenta AG, et al.*, No. 3:23-pq-3661 | * |
| *Brooks v. Syngenta AG, et al.*, No. 3:23-pq-3706 | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### RUTHERFORD LAW PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S MAY 30 REPORT AND RECOMMENDATIONS RE: OVERDUE PAQS

Plaintiffs listed above and represented by undersigned counsel at Rutherford Law PC, respectfully submit and file these objections to the Special Master's May 30, 2024, Report and Recommendation regarding Overdue Plaintiff Assessment Questionnaires.

## I. FACTUAL BACKGROUND

The Special Master's Report recommends dismissal without prejudice for eight complaints filed by Rutherford Law PC. ECF No. 5280-1 at p. 8. Counsel has voluntarily dismissed four of these plaintiffs, reserving all rights to refile if and when appropriate. The four remaining Plaintiffs, Mr. Stephen Farman, Ms. Sherry Ferguson, Ms. Theresa Miner, and Mr. George Ohannessian (through his surviving daughter) have all submitted complete Plaintiff Assessment Questionnaires with the requisite signed authorizations, signed verification, and medical records showing a Parkinson's diagnosis.

Undersigned counsel filed his first Complaint into this well-organized MDL on November 3, 2023. Counsel read through the Court's Case Management Orders, information from lead counsel, guides to electronic filing into this MDL, the paraquat portal guide, and most other items he could find to instruct him in best practices. He was aware and mindful of this Court's orders regarding meritless claims and endeavored to ensure each Complaint he filed had the required factual support and documentation before filing. If it became clear that a filed complaint would need to be dismissed, he submitted the voluntary dismissal. *See* ECF No. 3, *Matheis v. Syngenta AG, et al.*, No. 3:23-pq-3590.

## II.   RELEVANT LAW AND CASE MANAGEMENT ORDERS

Plaintiffs bring these objections pursuant to Federal Rule of Civil Procedure 53(e)-(f) and Local Rule 73.1. Under these Rules a party may object to and/or move to modify a special master's report and recommendations "no later than 21 days after a copy is served." Fed. R. Civ. P. 53 (f).

Case Management Order No. 10, ECF 4866, instructs that a Plaintiff's responses to the assessment questionnaire "shall be considered the same as" responses to interrogatories and requests for production of documents. Governed by Federal Rules of Civil Procedure Nos. 33, 34, and 37.

Under the CMO deadlines are to be taken seriously and all counsel are to work diligently to achieve them. If a plaintiff receives notice from a defendant that their PAQ is overdue or deficient, they have 30 days under the CMO before the defendant can file for review of the deficiency by the Special Master. If a Plaintiff is called up in a deficiency notice but the Special Master's review finds that they have completed a substantially complete PAQ on the Portal, "the Plaintiff's PAQ shall be deemed complete." CMO 10 at VI(3).

And while failure "to articulate a reason that justified [counsel's] delay in submitting a PAQ" is insufficient to sustain an objection, this honorable Court has found good cause for discovery delay when the moving party has remained diligent amidst circumstances outside of their control. *See J.F. by Sifuentes v. Abbott Lab'ys, Inc.*, No. 14-CV-847-NJR-SCW, 2017 WL 992781, at *2 (S.D. Ill. Mar. 15, 2017).

## III.   ARGUMENT

Plaintiffs Farman, Ferguson, Miner, and Ohannessian have each submitted a substantially complete PAQ with signed authorizations, verification, and all available medical and supporting records. Each began the process of completing the PAQ shortly after their complaints were filed. At the time he filed the complaints, undersigned counsel was staffed with two attorneys in addition to himself. Unfortunately for him, but fortunately for his colleagues, who each found positions better aligned with their interests and goals, he saw both attorneys leave the firm, one at the end of December, and one at the end of January. Leaving him the only attorney at the firm.

Aware of the deficiency notices, counsel and his staff remained diligent, reviewing medical records and working with Plaintiffs, each of whom are in varying stages of Parkinson's with varying memory recall, to complete their PAQs. Many of these had been completed but simply awaited his review as the attorney in charge, and unfortunately still only attorney on staff.

As such while not produced to the Defendants until June 11 (Ferguson, Miner, and Ohannessian) and June 20 (Farman), these Plaintiffs had submitted information and worked consistently during the five to six months since filing their complaints to complete all information on the PAQ.

Counsel is currently interviewing for additional attorneys at the firm and apologizes for his delay. Counsel also submits that the intervening time between filing the Complaints and

Defendants' receipt of the PAQs was insufficient to prejudice them in their defense of these cases and this MDL. He respectfully requests the Court refuse to accept the portion of the Special Master's Report recommending dismissal of Farman, Ferguson, Miner, and Ohannessian.

**DATE: June 20, 2024**

> */s/ Jack Griffith Rutherford*
> Jack Griffith Rutherford, California Bar No. 268669; Louisiana Bar No. 34968
> RUTHERFORD LAW PC
> 900 Camp Street
> New Orleans, LA 70130
> Telephone:   (415) 794-5639
> Email:          jgr@rfordlaw.com
>
> ***Counsel for Plaintiffs Robert Ontek, Stephen Farman, Sherry Ferguson, Donald Fletcher, Theresa Miner, George Ohannessian, & Agnes Brooks***

## CERTIFICATE OF SERVICE

I hereby certify that on this **20th day of June 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.

> */s/ Jack G. Rutherford*