IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

## ORDER ADOPTING IN PART AND OVERRULING IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Report and Recommendation filed by Special Master Randi S. Ellis on May 30, 2024, pertaining to 137 member cases that are subject to dismissal due to noncompliance with Case Management Order No. 10. (Doc. 5280). The Special Master recommends that these cases be dismissed without prejudice due to the Plaintiffs' failure to comply with their production obligations under CMO 10.

Ten Plaintiffs whose cases are subject to dismissal filed timely objections to the Report and Recommendation (Docs. 5284, 5296 & 5302). Although Defendants did not challenge these objections, four of these cases were voluntarily dismissed after the Special Master filed her Report and Recommendation, thus bringing the number of pending cases that have objected to six.[1]

---

[1] The following cases were voluntarily dismissed without prejudice after the Special Master filed her Report and Recommendation:
- *Robert Ontek v. Syngenta AG, et al.*, No. 3:23-pq-03591-NJR
- *Carol Johnson v. Syngenta AG, et al.*, No. 3:23-pq-03615-NJR
- *Charles Fletcher v. Syngenta AG, et al.*, No. 3:23-pq-03616-NJR
- *Agnes Brooks v. Syngenta AG, et al.*, No. 3:23-pq-03706-NJR

The remaining cases in which an objection was filed are docketed as follows:
- *Estate of Walter Parker v. Syngenta AG, et al.*, 3:23-pq-04018-NJR
- *Thomas Hurtekant v. Syngenta AG, et al.*, 3:23-pq-03691-NJR

When timely objections are filed, the Court must undertake *de novo* review of the Special Master's findings of fact and conclusions of law. FED. R. CIV. P. 53(f)(3), (4). Procedural matters are reviewed only for an abuse of discretion. FED. R. CIV. P. 53(f)(5). Having performed the appropriate review, the Court adopts in part and overrules in part the Special Master's Report and Recommendation.

## I. Case Management Order No. 10

The Court issued CMO 10 on October 27, 2021, to "govern[] the implementation of the Plaintiff Assessment Questionnaire ("PAQ")" in this multidistrict litigation. (Doc. 469). CMO 10 requires all Plaintiffs to complete a PAQ and serve it upon Defendants within 30 days of their complaint being entered on the docket. If a Plaintiff fails to comply with this deadline, CMO 10 implements a notification process by which Defendants are required to send Plaintiff's counsel a Notice of Overdue PAQ. The receipt of a Notice of Overdue PAQ triggers a 30-day grace period for a Plaintiff whose PAQ is overdue. If, after the expiration of the grace period, the Plaintiff still has not completed the PAQ or cured a material PAQ deficiency, Defendants may seek review by the Special Master. Once the Special Master becomes involved, a Plaintiff has 10 days to either (a) substantially complete and serve the PAQ upon Defendants; or (b) submit an opposition to Defendants' request for review demonstrating "good and justified cause" for the delinquency. After this additional 10-day period expires, the failure to cure or justify the noncompliance with CMO 10 subjects the Plaintiff's case to dismissal without prejudice.

---

- *Stephen Farman v. Syngenta AG, et al.*, No. 3:23-pq-03592-NJR
- *Sherry Ferguson v. Syngenta AG, et al.*, No. 3:23-pq-03599-NJR
- *Theresa Miner v. Syngenta AG, et al.*, No. 3:23-pq-03652-NJR
- *Astghik Star Ajamian, Pers. Rep. of George Ohannessian v. Syngenta AG, et al.*, No. 3:23-pq-03661-NJR

## II. Objections to the Special Master's Report and Recommendation

After reviewing Plaintiffs' objections to the Report and Recommendation, the Court is satisfied that their cases do not warrant dismissal at this time. In *Farman v. Syngenta AG, et al.* (No. 23-pq-03592), *Ferguson v. Syngenta AG, et al.* (23-pq-03599), *Miner v. Syngenta AG, et al.* (No. 23-pq-03652), and *Ohannessian v. Syngenta AG, et al.* (No. 23-pq-03661), Plaintiffs cured their CMO 10 noncompliance by producing completed PAQs to Defendants. Counsel for Plaintiffs also explained that his law firm experienced two attorney departures within a few weeks of these cases being filed, leaving him as the only attorney at the firm, and making it impossible for him to achieve full compliance with the CMO 10 deadlines. In *Estate of Parker v. Syngenta AG, et al.* (No. 23-pq-04018), counsel submits that the case was erroneously included in the Special Master's Report and Recommendation and that Plaintiffs had in fact submitted their completed PAQ in March 2024. And in *Hurtekant v. Syngenta AG, et al.* (No. 23-pq-03691), Plaintiff retained new counsel after filing his complaint but before submitting his PAQ. Substitute counsel filed his appearance on June 3, 2024, four days after the Special Master issued her Report and Recommendation. As a result, counsel requested 30 days from the date of this Order to complete his client's PAQ submission.[2]

The Court finds that these Plaintiffs (*Farman*, *Ferguson*, *Miner*, *Ohannessian*, and *Hurtekant*) have either cured their delinquent PAQ submissions or were erroneously included in the Report and Recommendation (*Estate of Parker*). Thus, dismissal of these cases would be improper.

## III. Remaining Member Cases subject to Dismissal

None of the Plaintiffs in the remaining 127 member cases that are the subject of this

---

[2] The Court understands from the Special Master that Plaintiff has now submitted his PAQ.

Report and Recommendation filed an objection. Their cases will consequently be dismissed without prejudice.

For these reasons, the Court **ADOPTS in part** and **OVERRULES in part** the Special Master's Report and Recommendation (Doc. 5280). The Court sustains the objections filed in the following six member cases:

- *Estate of Walter Parker v. Syngenta AG, et al.*, 3:23-pq-04018-NJR

- *Thomas Hurtekant v. Syngenta AG, et al.*, 3:23-pq-03691-NJR

- *Stephen Farman v. Syngenta AG, et al.*, No. 3:23-pq-03592-NJR

- *Sherry Ferguson v. Syngenta AG, et al.*, No. 3:23-pq-03599-NJR

- *Theresa Miner v. Syngenta AG, et al.*, No. 3:23-pq-03652-NJR

- *Astghik Star Ajamian, Pers. Rep. of George Ohannessian v. Syngenta AG, et al.*, No. 3:23-pq-03661-NJR

The four member cases listed in Exhibit A of the Report and Recommendation have already been dismissed and thus require no further action from the Court:

- *Robert Ontek v. Syngenta AG, et al.*, No. 3:23-pq-03591-NJR

- *Carol Johnson v. Syngenta AG, et al.*, No. 3:23-pq-03615-NJR

- *Charles Fletcher v. Syngenta AG, et al.*, No. 3:23-pq-03616-NJR

- *Agnes Brooks v. Syngenta AG, et al.*, No. 3:23-pq-03706-NJR

The remaining 127 member cases listed in Exhibit A of the Report and Recommendation are **DISMISSED without prejudice** pursuant to CMO 10.

**IT IS SO ORDERED.**

**DATED: August 28, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**