# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases. | |

## CASE MANAGEMENT ORDER NO. 21A
## RELATING TO ADDITIONAL LIMITED DISCOVERY

**ROSENSTENGEL, Chief Judge:**

On February 26, 2024, the Court issued Case Management Order No. 21 ("CMO 21"), directing each Plaintiff to subpoena third parties to obtain documentary evidence of paraquat use and/or exposure. (Doc. 5158). The Court was—and is—concerned that this MDL contains a significant number of cases that likely would not have been filed as stand-alone actions. *See In re Mentor Corp. Obtape Transobturator Sling Prod. Liab, Litig.*, No. 2004 4:08-MD-2004 (CDL), 2016 WL 4705807, at *1 (M.D. Ga. Sept. 7, 2016). Thus, the Court ordered this limited discovery to "provide Plaintiffs an opportunity to better determine the strength of their claims [and] expose non-meritorious claims." (Doc. 5158).

On September 12, 2024, Defendants filed a Motion for Entry of Case Management Order No. 22 Relating to Third-Party Subpoena Compliance under CMO 21. (Doc. 5382). Defendants' motion identifies 586 Plaintiffs who allegedly failed to issue subpoenas for documents pursuant to Rule 45 of the Federal Rules of Civil Procedure, and thus are not in compliance with CMO 21. (Doc. 5382-1, Exhibit A). Defendants suggest that the Court

issue an order requiring the non-compliant Plaintiffs to show cause justifying their failure to comply with CMO 21 and offering these Plaintiffs a final opportunity to cure their deficiencies. Any Plaintiff who fails to respond to the show cause order would then be subject to dismissal with prejudice under Defendants' proposal. (Doc. 5382-1).

Plaintiffs oppose Defendants' motion, arguing that Defendants' findings concerning non-compliant Plaintiffs are based on an "error-riddled investigation" and that their proposal is "untenable."  (Doc. 5405). Plaintiffs argue that the vast majority of non-compliant Plaintiffs identified by Defendants filed their cases *after* CMO 21 was issued. Indeed, Plaintiffs note that of the 586 cases Defendants identified, 402 were filed after the deadline for subpoena issuance provided in CMO 21. Accordingly, Plaintiffs take the position that "cases not filed when CMO 21 was entered cannot be subject to CMO 21 *because* of the deadlines provided therein." *Id.* (emphasis in original).

The Court takes this opportunity to clarify CMO 21's scope:  *every Plaintiff* in this MDL is subject to the requirements of CMO 21, regardless of when their case was filed. This means that all cases filed since February 26, 2024 (when the Court issued CMO 21), and all cases filed in the future, must abide by CMO 21's requirements.

Any Plaintiff listed in Exhibit A of Defendants' motion whose case was filed *after* the Court issued CMO 21 is granted **21 days** from the date of this Order to achieve compliance with CMO 21. On or after **November 27, 2024**, Defendants shall file a supplemental motion identifying those Plaintiffs who remain non-compliant. These Plaintiffs may be subject to dismissal **without prejudice**. Plaintiffs' leadership will have an opportunity to contest the universe of cases that Defendants identify as non-compliant

with CMO 21 in a consolidated response. Plaintiffs' response will be due **14 days** after Defendants file their motion identifying non-compliant Plaintiffs.[1]

The Court further **ORDERS** that the following deadlines will apply to any cases filed subsequent to this Order:

| CMO 21 Requirement | Compliance Deadline |
|---|---|
| Subpoena Issuance to Third Parties | Within **60 days** of filing a complaint |
| Third Party Production Deadline | Within **21 days** of issuance |
| Deadline to upload responsive documents to PAQ portal | Within **10 days** of receipt |

**IT IS SO ORDERED.**

DATED: October 28, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The Court anticipates that CMO 21 compliance issues may continue to arise in the course of this litigation. Thus, Defendants may file additional motions identifying non-compliant Plaintiffs as necessary.