IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases | |

# ORDER ADOPTING SPECIAL MASTER'S
# REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Report and Recommendation filed by Special Master Randi S. Ellis on August 22, 2024, pertaining to 76 member cases that are subject to dismissal due to noncompliance with Case Management Order No. 10 ("CMO 10"). (Doc. 5280). The Special Master recommends that these cases be dismissed without prejudice due to the Plaintiffs' failure to comply with their production obligations under CMO 10.

**Case Management Order No. 10**

The Court issued CMO 10 on October 27, 2021, to "govern[] the implementation of the Plaintiff Assessment Questionnaire ("PAQ")" in this multidistrict litigation. (Doc. 469). CMO 10 requires all Plaintiffs to complete a PAQ and serve it upon Defendants within 30 days of their complaint being entered on the docket. If a Plaintiff fails to comply with this deadline, CMO 10 implements a notification process by which Defendants are required to send Plaintiff's counsel a Notice of Overdue PAQ. The receipt of a Notice of Overdue PAQ triggers a 30-day grace period for a Plaintiff whose PAQ is overdue. If, after the expiration of the grace period, the Plaintiff still has not completed the PAQ or cured a material PAQ deficiency, Defendants may seek review by the Special Master. Once the Special Master

becomes involved, a Plaintiff has 10 days to either (a) substantially complete and serve the PAQ upon Defendants; or (b) submit an opposition to Defendants' request for review demonstrating "good and justified cause" for the delinquency. After this additional 10-day period expires, the failure to cure or justify the noncompliance with CMO 10 subjects the Plaintiff's case to dismissal without prejudice.

Defendants initiated the CMO 10 review process with respect to the 76 cases identified in the Special Master's Report and Recommendation. The Special Master found that "none of the Plaintiffs or their Representatives . . . has served a PAQ, nor has any Plaintiff . . . demonstrated good cause or justified cause for failing to timely submit a PAQ." (Doc. 5354).

Having received no objections from the Plaintiffs whose cases are subject to dismissal, the Court **ADOPTS** the Special Master's Report and Recommendation (Doc. 5354) in full. *See* FED R. CIV. P. 53(f). The 76 member cases listed in Exhibit A of the Report and Recommendation are **DISMISSED without prejudice** pursuant to CMO 10.

IT IS SO ORDERED.

DATED:  December 13, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**