## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| | **MDL No. 3004** |
| **This Document Relates to All Cases** | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL MOTION RELATING TO THIRD-PARTY SUBPOENA COMPLIANCE

In accordance with Case Management Order No. (CMO) 21A, Defendants filed a supplemental motion identifying 47 Plaintiffs who they contend were non-compliant with CMOs 21 and 21A as of 12 PM CT on December 5, 2024.  (*See* Doc. 5491).  Pursuant to CMO 21A, Plaintiffs' Leadership files this consolidated response to Defendants' supplemental motion.

The 47 Plaintiffs identified by Defendants fall into various buckets. The first bucket includes Plaintiffs who issued subpoenas prior to the filing of Defendants' supplemental motion but, due to inaccurate reporting by Defendants or inadvertent Portal upload errors by Plaintiffs, were included in Defendants' supplemental motion.  Exhibit 1 lists the 5 Plaintiffs who fall into this category with details relating to each case. Exhibit 1-A further supports Plaintiff James Burkett's compliance. Because these Plaintiffs timely complied with CMOs 21 and 21A, Plaintiffs' Leadership contests dismissal of these cases.

The second bucket includes Plaintiffs who have complied with CMOs 21 and 21A since the filing of Defendants' supplemental motion on December 6, 2024.  Exhibit 2 lists the 13 Plaintiffs who fall into this category with details relating to each case. Given that these cases are now in compliance with this Court's Orders, Plaintiffs' Leadership contests dismissal of these cases. Alternatively, Plaintiffs' Leadership requests that individual Plaintiffs' counsel be allowed an opportunity to show cause in each of these 13 member cases why dismissal is unwarranted.

The third bucket includes Plaintiffs represented by three law firms who responded to Plaintiffs' Leadership with various reasons why they have been unable to comply with CMOs 21 and 21A in a total of 21 cases. In general terms, they are unable to identify an entity to subpoena based upon the information that they have been able to obtain from their clients and otherwise. Plaintiffs falling within the third bucket are identified in Exhibits 3, 4, and 5.

Exhibit 3 lists 15 Plaintiffs represented by Ben Martin Law Group. Counsel requests additional time to obtain additional information in order to issue subpoenas in all 15 cases. Plaintiffs' Leadership requests additional time for these 15 Plaintiffs to comply with CMOs 21 and 21A. Alternatively, Plaintiffs' Leadership requests that Ben Martin Law Group be allowed an opportunity to show cause in each of these 15 member cases why dismissal is unwarranted.

Exhibit 4 lists 4 Plaintiffs represented by TorHoerman Law LLC. Counsel has been unable to obtain information in 3 of the cases for various reasons, including one Plaintiff passing away and another Plaintiff being in poor health and hospitalized. Plaintiffs' Leadership requests additional time for these 3 Plaintiffs to comply with CMOs 21 and 21A. Alternatively, Plaintiffs' Leadership requests that TorHoerman Law LLC be allowed an opportunity to show cause in each of these 3 member cases why dismissal is unwarranted. The fourth case in this group, Plaintiff Phillip Wayman, was voluntarily dismissed without prejudice on December 17, 2024; therefore, Defendants' supplemental motion is moot as to Plaintiff Wayman.

Exhibit 5 lists 2 Plaintiffs represented by The Watts Law Firm. The case brought by Plaintiff Lawrence Torneden was voluntarily dismissed without prejudice on December 18, 2024; therefore, Defendants' supplemental motion is moot as to Plaintiff Torneden. With respect to Plaintiff LeAnn Steidl, Plaintiffs' Leadership requests additional time for this Plaintiff to comply with CMOs 21 and 21A. Alternatively, Plaintiffs' Leadership requests that The Watts Law Firm

be allowed an opportunity to show cause in Plaintiff Steidl's member case why dismissal is unwarranted.

The final bucket includes 8 total Plaintiffs represented by various law firms who did not respond to Plaintiffs' Leadership's requests for information on their cases identified in Defendants' supplemental motion.  Those cases are identified in Exhibit 6.  Plaintiffs' Leadership respectfully requests that individual Plaintiffs' counsel be allowed an opportunity to show cause in each of these 8 member cases why dismissal is unwarranted.

Because of the nature of multi-district litigation and Plaintiffs' Leadership's obligations as outlined in the Court's Case Management Orders, in particular CMOs 2 and 10, Plaintiff's Leadership respectfully requests that individual Plaintiffs' counsel be given an opportunity to show cause in their particular member case(s) before any Plaintiff is dismissed without prejudice for failure to comply with a Court order.

Dated: December 20, 2024

Respectfully submitted,

**PLAINTIFFS' CO-LEAD COUNSEL**

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7011
sdoles@levinlaw.com

Khaldoun A. Baghdadi
WALKUP, MELODIA, KELLY &
SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Telephone: (630) 232-6333
pjf@meyers-flowers.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 20, 2024, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to

counsel of record.

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles