# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: Paraquat Litigation<br><br>This document relates to: *National Paraquat Liability Litigation.*, Case No. 3:21-md-3004 | §<br>§<br>§<br>§ Case No. 3:21-md-3004<br>§<br>§<br>§ |

## NON-PARTY TEXAS STATE AGENCIES' MOTION TO TAKE JUDICIAL NOTICE

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**ERNEST C. GARCIA**
Chief, Administrative Law Division

SHERLYN HARPER
Texas State Bar No. 24093176
Assistant Attorney General
Sherlyn.Harper@oag.texas.gov

Administrative Law Division
ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:    (512) 475-4300
Facsimile:    (512) 320-0167

*Counsel for Non-party*
*State of Texas Agencies*

## NON-PARTY TEXAS STATE AGENCIES' MOTION TO TAKE JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201(b)(2), (c), the non-parties Prairie View A&M University, Texas A&M University AgriLife Extension and the Texas Department of Agriculture (*collectively* "the Texas Agencies") move the Court to take judicial notice of the Order entered in case number 4:24-mc-496 on July 24, 2024, by the Honorable Keith P. Ellison, sitting in the district court for the Southern District of Texas, quashing the subpoenas served upon the Texas Agencies in relation to the class action known as *In re: Paraquat Liability Litigation,* No. 3:21-md-3004 (the "Paraquat MDL) and states in support as follows:

### LEGAL AUTHORITY

Fed. R. Evid. 202(b)(2) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, Rule 202(c) provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 202(c)(2).

### SUBPOENAS SERVED ON NON-PARTY STATE AGENCIES

The State of Texas agencies are not parties to the Paraquat Liability Litigation but are drawn into the dispute through non-party subpoena practice. The approximately five thousand (5,000) Plaintiffs are parties in multiple state and federal litigation proceedings arising out of alleged exposure to the chemical agent Paraquat. The State of Texas agencies are drawn into the dispute as the Plaintiffs attempt to substantiate their claims against the Defendants Chevron and Syngenta.

2

The Plaintiffs issued more than 130 subpoenas to the Texas Agencies pursuant to case management orders ("CMO") entered in the underlying Paraquat Liability Litigation. The Plaintiffs' subpoenas call for expansive document productions that reach as far back as six decades. [Cite]. The Texas Agencies filed multiple motions to quash the subpoenas, pursuant to Fed. R. Civ. P 45.  All subpoenas were subsequently quashed based upon the grounds of sovereign immunity and the precedent *Russell v. Jones,* that held "sovereign immunity categorically bars seeking third-party fact discovery from state officials." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir 2022).

The Order quashing the subpoenas was filed in instant MDL litigation (DKT 5331) on July 24, 2024. See Exhibit A "Notice and Order". Notwithstanding the Order issued in the Southern District of Texas and the Notice filed in the Southern District of Illinois, the Texas Agencies have received approximately twenty-five additional subpoenas from some of the very same law firms that appeared at the hearing on the motions to quash, which took place in the District Court for the Southern District of Texas. . Each time a subpoena is received, Texas resources are diverted to respond to the subpoenas; oftentimes to the same law firms who were given due Notice of Judge Ellison's Order.  Contemporaneously with this filing, a Motion for Protection from Discovery is filed in the Southern District of Texas.

**PRAYER**

Because the district court for the Southern District of Texas found that the Texas Agencies are not subject to the subpoenas issued in this case The Texas Agencies now move this Court to take notice of the Order issued by its sister court and its ruling that the Texas agencies are immune from third party discovery.

Respectfully Submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**ERNEST C. GARCIA**
Chief, Administrative Law Division

*/s/ Sherlyn Harper*
**SHERLYN HARPER**
Texas State Bar No. 24093176
Assistant Attorney General
Sherlyn.Harper@oag.texas.gov

Administrative Law Division
ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:   (512) 475-4300
Facsimile:   (512) 320-0167

*Counsel for Non-party*
*State of Texas Agencies*

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the relief requested herein is not subject to the requirements to confer prior to filing.

*/s/Sherlyn Harper*
Sherlyn Harper
Assistant Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has been served via Pacer upon all attorneys and self-represented parties of record on February 5, 2025.

*/s/Sherlyn Harper*
Sherlyn Harper
Assistant Attorney General

4

# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | |
|---|---|
| In re: Paraquat Products Liability Litigation ) ) ) | Civil Action No. 3:21-md-3004-NJR |

### NOTICE OF ENTRY OF ORDER QUASHING SUBPOENAS TO TEXAS STATE AGENCIES ON SOVEREIGN IMMUNITY GROUNDS

Please take notice that on July 26, 2024, the Honorable Judge Keith Ellison entered the attached order quashing the nonparty subpoenas served upon the state of Texas and its agencies.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ *Sherlyn Harper*
Sherlyn Harper
State Bar No. 24093716

Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Sherlyn.Harper@oag.texas.gov

ATTORNEYS FOR NON-PARTY

THE STATE OF TEXAS AGENCIES

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above foregoing document has been served via Pacer upon all attorneys and self represented parties of record on July 26, 2024:

/s/ *Sherlyn Harper*
Sherlyn Harper
ASSISTANT ATTORNEY GENERAL FOR TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **PRAIRIE VIEW A&M UNIV.**, *et al.* | § |
| | §    **MISCELLANEOUS ACTION NO. 4:24-** |
| Movants | §    **MC-00496** |
| | § |
| | § |

## ORDER

This is a miscellaneous action arises out of an MDL pending in the Southern District of Illinois, which relates to the use of the pesticide Paraquat and its potentially negative health effects. *See National Paraquat Liability Litigation*, No. 3:21-md-3004, (S.D. Ill.) (Rosenstengel, J.). This matter came before the Court when several Texas agencies including the Texas Department of Agriculture, Prairie View A&M University, Texas A&M AgriLife Research, and Texas A&M AgriLife Extension Services (collectively, "Movants") filed a Motion to Quash. ECF No. 1. Movants are non-parties to the underlying MDL.

The initial Motion to Quash was superseded by a Second Motion to Quash. ECF No. 10. The Court granted the Second Motion to Quash at a hearing held on April 22, 2024, on the basis that the MDL Plaintiffs who issued the subpoenas had failed to respond. Additionally, Movants appeared to be exempt from compliance on sovereign immunity grounds, as "sovereign immunity categorically bars seeking third-party fact discovery from state officials." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022); *Thompson v. Richter*, No. 7:22-CV-00014-O, 2023 WL 7986341, at *2 (N.D. Tex. Nov. 17, 2023); *United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2022 WL 21758612, at *4 (N.D. Tex. Dec. 6, 2022); *TexasLDPC, Inc. v. Broadcom, Inc.*, No. MC 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023); *In re Matter of the*

1

*Application of B&c Kb Holding Gmbh for an Ord. To Take Discovery Pursuant To 28 U.S.C. § 1782 From the Tchr. Ret. Sys. of Texas*, No. 1:23-MC-00529, 2023 WL 7926815, at *3 (W.D. Tex. Nov. 16, 2023), *report and recommendation adopted* No. 1:23-MC-529-RP, 2024 WL 420161 (W.D. Tex. Feb. 2, 2024).

Now before the Court is Movants' Third Motion to Quash. ECF No. 13. Despite the Court's prior ruling, 27 additional subpoenas have been served on various Texas state agencies related to the *Paraquat* MDL. None of the parties who issued the subpoenas have responded to the Third Motion to Quash. Pursuant to Local Rule 7.4, their failure to respond by the response deadline is taken as a representation of no opposition.

In light of the lack of opposition to the Motion and the Court's prior ruling that Movants are exempt from compliance on sovereign immunity grounds, the Court **GRANTS** the Third Motion to Quash. The 27 subpoenas at issue in that Motion are hereby **QUASHED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 24, 2024.

_____
Keith P. Ellison
United States District Judge

2