IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING OVERDUE PLAINTIFF ASSESSMENT QUESTIONNAIRES

Pursuant to Case Management Order No. 10 ("CMO 10"), a Plaintiff is required to serve upon Defendants a Plaintiff Assessment Questionnaire ("PAQ") within 30 days after a complaint has been entered on the docket (CMO 10, § III(2)). If a Plaintiff fails to do so without good cause shown, including after the opportunities to cure set forth in CMO 10, the Plaintiff's claim shall be dismissed (*Id*., § VI(3)).

Specifically, CMO 10 states that if a Plaintiff or Representative (specifically, an individual possessing authority to act on behalf of Plaintiff) fails to timely serve a PAQ, Defendants may serve on Plaintiff a Notice of Overdue PAQ. *Id*., § VI(1). If a Plaintiff or Representative fails to serve upon Defendants a PAQ within 30 days after receiving a Notice of Overdue PAQ, Defendants may seek review of that case by the Special Master for dismissal for failure to comply with CMO 10. *Id*., § VI(2). At that time, Plaintiff must within 10 days submit a PAQ or file an opposition demonstrating good cause and justified cause for failure to comply with CMO 10. *Id*. If the Special Master finds that Plaintiff has failed to submit a PAQ within 10 days or demonstrate good cause and justified cause for failing to submit a PAQ, the Special Master shall provide a Report and Recommendation to the Court. *Id*., § VI(3). Thereafter, the Court may dismiss Plaintiff's complaint without prejudice. *Id*.

Defendants have submitted 117 cases to the Special Master for review to be dismissed for failure to serve a PAQ, including after multiple opportunities to cure as required by CMO 10. Those cases are identified in Exhibit A. Each Plaintiff identified in Exhibit A has failed to timely serve a PAQ upon Defendants within 30 days as required by CMO 10. As noted in Exhibit A, in each of these cases, Defendants served Plaintiff with a Notice of Overdue PAQ. While not required to do so by CMO 10, after Plaintiff failed to respond to the first Notice within 30 days, Defendants served a Second Notice of Overdue PAQ in an effort to avoid Court intervention. Despite these efforts, none of the Plaintiffs or their Representatives identified in Exhibit A has served a PAQ, nor has any Plaintiff in Exhibit A demonstrated good cause or justified cause for failing to timely submit a PAQ.

Accordingly, the Special Master recommends that the Court dismiss the matters identified in Exhibit A without prejudice.

**DATED: March 20, 2025**

*s/ Randi S. Ellis*
**Randi S. Ellis**
**Court-Appointed Special Master**