# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

## ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Report and Recommendation filed by Special Master Randi S. Ellis on March 20, 2025, pertaining to 117 member cases that are subject to dismissal due to noncompliance with Case Management Order No. 10 ("CMO 10"). (Doc. 5571). The Special Master recommends that these cases be dismissed without prejudice due to Plaintiffs' failure to comply with their production obligations under CMO 10.

**Case Management Order No. 10**

On October 27, 2021, the Court issued CMO 10 to "govern[] the implementation of the Plaintiff Assessment Questionnaire ("PAQ")" in this multidistrict litigation. (Doc. 469). CMO 10 requires all Plaintiffs to complete a PAQ and serve it upon Defendants within 30 days of their complaint being entered on the docket. If a Plaintiff fails to comply with this deadline, CMO 10 implements a notification process by which Defendants are required to send Plaintiff's counsel a Notice of Overdue PAQ. The receipt of a Notice of Overdue PAQ triggers a 30-day grace period for a Plaintiff whose PAQ is overdue. If, after the expiration of the grace period, the Plaintiff still has not completed the PAQ or cured a material PAQ deficiency, Defendants may seek review by the Special Master. Once the Special Master becomes involved, a Plaintiff has 10 days to either (a) substantially complete and serve the PAQ upon Defendants; or (b) submit an opposition to

Defendants' request for review demonstrating "good and justified cause" for the delinquency. After this additional 10-day period expires, the failure to cure or justify the noncompliance with CMO 10 subjects the Plaintiff's case to dismissal without prejudice.

Defendants initiated the CMO 10 review process with respect to the 117 cases identified in the Special Master's Report and Recommendation. The Special Master found that "none of the Plaintiffs or their Representatives . . . has served a PAQ, nor has any Plaintiff . . . demonstrated good cause or justified cause for failing to timely submit a PAQ." (Doc. 5571). Thus, the Special Master recommends that these cases be dismissed without prejudice.

The Court received one objection to the Report and Recommendation from Plaintiff Brenda Rush[1] (Case No. 3:24-pq-02541), whose case is subject to dismissal (the "Rush Action"). Rush's counsel explained that he experienced some difficulties reaching his client, and that this caused a delay in her PAQ submission. (Doc. 5577). The Court agrees with Rush that dismissal of her case would waste judicial resources because she would be permitted to—and indeed would—simply refile a new action in this MDL. As such, dismissal of the Rush Action is not warranted.

The Court thus **ADOPTS** the Special Master's Report and Recommendation (Doc. 5571) **in part**. *See* FED R. CIV. P. 53(f). All cases listed in Exhibit A of the Report and Recommendation, except for the Rush Action, are **DISMISSED without prejudice** pursuant to CMO 10.

**IT IS SO ORDERED.**

**DATED: June 2, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Ms. Rush appears individually and as personal representative of the estate of Douglas Roark, deceased.