IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION.<br><br>This Document Relates to All Cases. | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

This multidistrict litigation has been pending before the undersigned since 2021. The first bellwether cases did not survive a *Daubert* challenge and were dismissed in April 2024.

After a second round of cases were selected for case-specific discovery, the Court scheduled the first bellwether trial to begin later this month. But in May, all case-specific discovery deadlines in the second set of bellwether cases were stayed to allow the parties to work on a global settlement, which the undersigned was advised had been agreed to in principle. Since then, the stay has been extended three times to allow a settlement agreement to be finalized and, most recently on September 29, 2025, to allow the settlement process to unfold. The current stay is set to expire in January 2026. (*See* Docs. 5621, 5662, 5695, 5719).

From the outset of this litigation at the very first status conference, this Court identified its own role "to facilitate the efficient flow of information and marshal all of these cases to resolution … by trial, settlement, or some combination of the two."

(Doc. 127, Transcript of Status Conference held on 6/23/2021, at 2:11-15). In Case Management Order No. 1, the Court emphasized Plaintiffs' leadership's ability to "steer this litigation to resolution." (Doc. 16, p. 8). As such, this Court has an interest in overseeing and supervising the settlement process to facilitate the fair and expeditious resolution of all eligible cases. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), *citing Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (federal courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The Court is aware that attorney Aimee Wagstaff, a former member of the Plaintiffs' Executive Committee (PEC), is planning a video conference for other plaintiffs' counsel involved in this litigation, with the ostensible purpose of letting their clients "know all the options" before recommending that they enter the MDL settlement. She claims to have a "general understanding" of confidential matters to which she is not privy. Importantly, it appears that Ms. Wagstaff is hosting this conference in her capacity as co-lead counsel in a coordinated state court proceeding in Philadelphia, Pennsylvania.[1]

By way of background, Ms. Wagstaff resigned from the PEC shortly after it was formed, despite assuring the Court that she would faithfully serve on that body even if she was not appointed as lead counsel. That resignation was not well received by this Court. (*See* Doc. 207).

Though Ms. Wagstaff was relieved of her appointment and duties as a member of

---

[1] Ms. Wagstaff also represents clients in Delaware state court and in a coordinated proceeding in California state court.

the PEC at her request, she nonetheless has cases pending in this MDL. Accordingly, she is subject to this Court's jurisdiction and its Standards for Professional Conduct. The Court's concern, among others, is that Ms. Wagstaff appears to be recruiting litigants she does not represent to reject the global settlement before details are known to her and other plaintiffs' counsel. Consistent with its stated goal of advancing this litigation in collaboration with the parties, the Court now seeks to accommodate the parties' stated intention to consummate a global settlement. The Court will not permit any counsel in these proceedings to undermine this judicially supervised process in order to elicit leverage in this forum or any other.

Ms. Wagstaff is **ORDERED** to personally appear before the undersigned on **Tuesday, October 14, 2025**, at **9:00 a.m**. **CDT**, to explain the basis and motive for the planned video conference, and to address whether the Court should issue sanctions or other appropriate remedies to prevent this and further efforts to disturb the settlement process in this case. MDL Plaintiffs' Co-Lead Counsel and Defendants' counsel may appear via Zoom.

**IT IS SO ORDERED.**

DATED:  October 6, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**