# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:21-MD-3004-NJR<br><br>MDL No. 3004 |

## ORDER ESTABLISHING A QUALIFIED SETTLEMENT FUND

**ROSENSTENGEL, District Judge:**

Pending before the Court is the parties' Joint Motion to Establish a Qualified Settlement Fund (Doc. 5787). The Court **GRANTS** this motion and **ORDERS** as follows:

1. The Court approves the establishment of the Paraquat Products Qualified Settlement Fund ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations promulgated under the Internal Revenue Code and applicable regulations. The Court shall retain continuing jurisdiction over the QSF pursuant to Treasury Regulation Section 1.468B-1(c)(1).

2. The Court appoints BrownGreer PLC as the administrator of the QSF (the "QSF Administrator"). The QSF Administrator shall serve without bond and shall administer the funds in the QSF as set forth in the Settlement Agreement.

3. Defendants have no responsibility for the expenses or administration of the QSF. All fees and expenses associated with the claims administration process, including expenses associated with establishing or maintaining the escrow account(s) to hold settlement funds, and establishing or maintaining the QSF(s) to hold settlement funds,

shall be borne by Settling Claimants and their counsel, consistent with applicable Rules of Professional Conduct. Such fees may be paid by or reimbursed from any settlement funds deposited into the QSF. Defendants shall have no responsibility with respect to these administration expenses or fees.

4. The settlement funds received by the QSF are the sole property of the QSF, and no portion of the settlement funds shall be made available to Settling Claimants except as specifically provided in the Settlement Agreement and shall not be disbursed except as provided in the Settlement Agreement.

5. The Court appoints Huntington National Bank (HNB) to serve as Custodian of the funds in the QSF.

6. Upon the final distribution of all monies to be paid into the QSF, the QSF Administrator shall take appropriate steps to wind down the QSF and thereafter be discharged from any further responsibility with respect to the QSF. Upon completion, the QSF Administrator shall not be required to obtain a court order to close the custodial account.

7. The QSF Administrator shall have authority to conduct any and all activities necessary to administer this QSF, to the extent consistent with the terms of the Joint Motion to Establish a Qualified Settlement Fund and the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: March 2, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**