IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-MD-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

On February 2, 2026, Defendants filed a joint motion for partial summary judgment on all Plaintiffs' failure-to-warn claims, arguing that those claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") (Doc. 5776).

The express and implied preemption arguments asserted in the current motion were fully briefed in 2023 in support of and in opposition to a joint motion for summary judgment filed by Defendants against the four then-trial-selection cases only (see Docs. 4348, 4562, 4641). Ultimately, this Court granted the motion, without addressing preemption, based on its exclusion of Plaintiffs' general causation expert (see Doc. 5238).

Defendants now seek partial summary judgment against all Plaintiffs in this consolidated proceeding. Since the preemption issue was briefed in 2023, two additional Circuit Courts have considered FIFRA preemption in cases involving the herbicide Roundup. In their motion, Defendants contend that the Third Circuit's decision in *Schaffner v. Monsanto Corp.*, 113 F.4th 364 (3d Cir. 2024), which supports their position, is better reasoned than the Eleventh Circuit's decision in *Carson v. Monsanto Co.*, 92 F.4th 980 (11th Cir. 2024), and the Ninth Circuit's prior decision in *Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021), both of which reject Defendants' position. (See Doc. 5776, p. 9).

In their motion, Defendants "alternatively" contend that "this Court may wish to hold this motion in abeyance" pending the Supreme Court's decision in *Monsanto Co. v. Durnell*, No. 24-1068 (*cert. granted* Jan. 16, 2026). (Doc. 5776, p. 4). In granting *certiorari*, the Supreme Court limited the petition to the following question: "Whether the Federal Insecticide, Fungicide, and Rodenticide Act preempts a label-based failure-to-warn claim where EPA has not required the warning." *Monsanto Co. v. Durnell*, No. 24-1068 (Jan. 16, 2026).

To be clear, for the reasons set forth in Plaintiffs' Opposition to Defendants' Joint Motion for Summary Judgment (Doc. 4562) filed on July 10, 2023, Defendants are not entitled to partial summary judgment on Plaintiffs' failure-to-warn claims. Nevertheless, to conserve judicial resources, the motion should be held in abeyance pending the Supreme Court's decision. After the decision is issued, Plaintiffs respectfully request that the Court issue a briefing schedule for Defendants to supplement or withdraw their motion and for Plaintiffs to respond thereto, if necessary. Because all Plaintiffs assert other claims in addition to failure-to-warn, this approach will not delay these proceedings.

Dated: March 4, 2026

Respectfully submitted,

**PLAINTIFFS' CO-LEAD COUNSEL**

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7011
sdoles@levinlaw.com

Khaldoun A. Baghdadi
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
kbaghdadi@walkuplawoffice.com

Peter J. Flowers
MEYERS & FLOWERS, LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Telephone: (630) 232-6333
pjf@meyers-flowers.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record.

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles