IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases | |

## ORDER SELECTING NACHAWATI LAW GROUP'S OPT-OUT CASES FOR LIMITED DISCOVERY

**ROSENSTENGEL, District Judge:**

Over the past several weeks, the Court has learned that a significant number of Plaintiffs in this MDL have chosen not to accept settlement offers extended to them (hereinafter "opt-out cases"). Upon further review, it became apparent that the clients of certain law firms had generated "exceedingly high opt-out rates" (*i.e.*, a substantial portion of these firms' clients declined their settlement offers). (Doc. 5833).

To better understand these developments, the Court recently selected approximately 10% of opt-out cases from The Smith Law Firm and DiCello Levitt LLP to undergo limited discovery because over 90% of their clients had opted out. (*Id.*). Now, having further examined the universe of opt-out cases, the Court selects cases from a third law firm—the Nachawati Law Group—to undergo limited discovery in the same manner as those selected from The Smith Law Firm and DiCello Levitt LLP.

The Court understands that 183 of 217 Plaintiffs who are represented by the Nachawati Law Group and who qualified for a settlement offer (over 80%) refused to accept it. The Court would like to gain a better understanding of the possible reasons for this high number of opt-out cases.

Page 1 of 3

To that end, the Court has randomly selected a portion of the Nachawati Law Group's opt-out cases to proceed to initial limited discovery, to be followed by full work-up, on a rolling basis. Accordingly, the Court selects the following cases for limited discovery, defined as the completion of a Plaintiff Fact Sheet (PFS), Plaintiff's deposition, and narrow third-party discovery:[1]

| Plaintiff | Case Number |
| --- | --- |
| Gary Dietrich | 3:21-pq-00622-NJR |
| Roger Sprinkle | 3:22-pq-00381-NJR |
| William R Sampson | 3:24-pq-01813-NJR |
| Judy E Gender | 3:25-pq-00141-NJR |
| Rigoberto Arzate | 3:22-pq-01727-NJR |
| Dale Smith | 3:25-pq-01221-NJR |
| Edward Neargarder | 3:21-pq-01755-NJR |
| William Hutto | 3:21-pq-01610-NJR |
| Roger Fagervik | 3:21-pq-01620-NJR |
| Grant Albrecht | 3:22-pq-01418-NJR |
| Gayle Doyal | 3:22-pq-01346-NJR |
| Gary Moore | 3:22-pq-01412-NJR |
| Stephen Hernly | 3:22-pq-01306-NJR |
| Clinton Warren | 3:22-pq-01373-NJR |
| Donna Herrin | 3:21-pq-00917-NJR |
| Richard Tutor (Tudor) | 3:21-pq-01194-NJR |
| Jefferson Massey | 3:21-pq-01406-NJR |
| Ernest Hetke | 3:22-pq-02060-NJR |
| Craig Poole | 3:21-pq-01503-NJR |

---

[1]  Third-party discovery will be limited to cases where proof of an applicator's license or evidence of a Plaintiff's use of paraquat is lacking. The Court expects it will include subpoenas to retailers to obtain proof of purchase of paraquat or an affidavit (or deposition if necessary) from a supervisor for whom a Plaintiff claims to have worked (in cases where a Plaintiff claims to have worked under his or her supervisor's applicator license). Of course, if a Plaintiff promptly produces this information, it will not be necessary for Defendants to engage in third-party discovery. Moreover, any Plaintiff that has already submitted proof of their applicator's license or evidence of paraquat use need not engage in unnecessary third-party discovery to develop such evidence.

The above Plaintiffs are **ORDERED** to complete a PFS within **14 days** of this Order. Plaintiffs' depositions shall be completed within **60 days** of this Order. Further discovery may be permitted upon agreement of the parties or with leave of Court.

Counsel shall provide a joint, two-page report summarizing each Plaintiff's testimony to the Court (by email to ParaquatMDL@ilsd.uscourts.gov) *and* to the Special Master (by email to randi@randiellis.com) within **14 days** of each deposition. The report shall include: (1) the individual's age; (2) details regarding exposure, including dates, frequency, type, use of PPE, and consideration of warning labels; (3) date of Parkinson's Disease diagnosis; (4) description of current Parkinson's Disease symptoms and other health concerns, if any; (5) family history of Parkinson's Disease, if any; and (6) any other information that the parties believe is relevant to the individual's claim. To the extent counsel is unable to agree on a summary of the testimony, counsel shall state their respective positions separately within the same document and attach a copy of the complete deposition transcript.

As the case summaries are submitted and reviewed by the Court, additional discovery will be ordered on a rolling basis.

Finally, counsel for these Plaintiffs is reminded that the PFS, just as the Plaintiff Assessment Questionnaire (PAQ), is signed under penalty of perjury. The Court takes these attestations seriously.

**IT IS SO ORDERED.**

**DATED:   June 3, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**