**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| **This Document Relates to All Cases** | **MDL No. 3004** |

**CASE MANAGEMENT ORDER NO. 25
RELATING TO ONGOING LITIGATION AGAINST DEFENDANTS**

**ROSENSTENGEL, District Judge:**

This Case Management Order ("CMO") applies to all Plaintiffs alleging personal injury and related claims against Syngenta Crop Protection LLC, Syngenta AG, (collectively, the "Syngenta Defendants") and/or Chevron U.S.A. Inc. (individually, "Chevron") (collectively, "Defendants") who:

1. have cases pending against Defendants as of the date this CMO is entered *and* who have elected or will elect not to participate for any reason in the Master Settlement Agreement ("Settlement") entered between Plaintiffs Leadership Counsel and Defendants on August 4, 2025;

2. have cases that are ineligible to participate in the Settlement; and

3. have cases that are newly filed in, removed to, or transferred to this multi-district litigation ("MDL") after the entry of this CMO.[1]

This CMO requires each Plaintiff that falls into one of the categories above to produce certain information regarding their claim and to comply with certain

---

[1] This includes any Plaintiff proceeding *pro se.*

Page **1** of **11**

requirements prior to any further discovery. It further requires each Plaintiff who received a settlement offer pursuant to the Settlement but has elected or will elect not to participate to meet with Special Master Randi Ellis to ensure that they are fully apprised of their settlement offer. Failure to comply with this CMO may result in dismissal with prejudice.

Federal Rule of Civil Procedure 16(c)(2)(L) and (P) grants courts broad authority to manage proceedings, including to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems" and to "facilitate in other ways the just, speedy, and inexpensive disposition of the action." In particular, district courts managing large multidistrict litigations enjoy substantial discretion to structure discovery, including through case management orders that direct plaintiffs to produce evidence supporting their claims (sometimes referred to as *Lone Pine* orders). *See e.g.*, *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021) (*Lone Pine* orders "may impose preliminary discovery requirements, like the production of relevant expert reports, or may require plaintiffs to furnish specific evidence like proof of a medical diagnosis, with the goal of winnowing non-compliant cases from the MDL"); *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order and recognizing that "[d]istrict courts handling complex, multidistrict litigation must be given wide latitude with regard to case management in order to achieve efficiency") (internal quotation marks omitted); *In re Vioxx Prods. Liab. Litig.*, 509 F. App'x 383, 384 (5th Cir. 2013) (approving *Lone Pine* order that required

plaintiffs to produce "pharmacy and medical records, expert reports, and answers to Merck's interrogatories" among other items); *see also In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (Case No. 1:14-cv-01748), Case Mgmt. Order No. 126, Docket No. 2716, (N.D. Ill. June 11, 2018) (ordering non-settling plaintiffs to produce medical and pharmaceutical records, causation expert reports, and discovery attestations from counsel). Consistent with these authorities, the Court issues this CMO to promote the "just and efficient" resolution of any remaining actions and future litigation. 28 U.S.C. § 1407(a).

**I.    Requirement to Meet With Special Master**

1.    Any Plaintiff who receives a settlement offer pursuant to the Settlement and elects not to participate, or who has not yet made a decision on whether to participate, is ordered to meet personally with Special Master Randi Ellis. Any such Plaintiff must contact the Special Master within **30 days** of this Order to arrange such a meeting. The date, location, and manner of such meetings shall be left to the discretion of the Special Master. The Special Master shall ensure that each Plaintiff understands the terms of their settlement offer and the risks and benefits of accepting or declining their offer. Any Plaintiff who elects not to participate in the Settlement shall submit a wet ink, signed certification to the Special Master, Co-Lead Counsel for Plaintiffs, and Counsel for Defendants certifying that they have met with the Special Master, the time and date of that meeting, and that they are making a fully informed decision not to participate in the Settlement. A Plaintiff who neglects to make arrangements to meet with the Special

Master may be ordered to appear in Court in person to show cause why they have failed

to do so.

**II.    Plaintiffs' Requirements to Produce Certain Specified Information Regarding
Their Claims**

    **A.    Production Requirements**

    1.    Nothing in this CMO abrogates each Plaintiff's obligation to comply with

Case Management Orders No. 10 (Plaintiff Assessment Questionnaire Assessment

Implementation) and No. 21 (Relating to Limited Third Party Discovery). Any Plaintiff

subject to this CMO *who has not already done so* must serve the following documents and

information on Counsel for Defendants through the P&N Portal (the "Portal").[2]

    a.    All disclosures required by Federal Rule of Civil Procedure 26(a).

    b.    Plaintiff's Fact Sheet. Each Plaintiff must prepare a Plaintiff's Fact Sheet ("PFS") in the form attached hereto as **Exhibit 1**, signed under penalty of perjury. Completion of the PFS includes production of all responsive documents required by the PFS.

    c.    Summary of Pertinent Medical Records. Each Plaintiff must produce a Summary of Pertinent Medical Records. The Summary of Pertinent Medical Records must be provided in the format shown in **Exhibit 2**. Citations to specific records must be provided in the summary. In addition, excerpts from Plaintiff's records containing the relevant information must be attached as exhibits. Counsel must supervise the creation of the Summary of Pertinent Medical Records and must attest that the summary is based on a comprehensive review of all medical records and is complete and accurate.

---

[2] Discovery produced pursuant to the Court's recent orders on limited discovery (Docs. 5833 and 5834) that overlaps with the requirements of this Order need not be produced a second time pursuant to this Case Management Order.

2.    Each Plaintiff and their Counsel will affirmatively collect and produce the documents described above and in the PFS. Each Plaintiff and their Counsel will be responsible for submitting necessary authorizations or other requests required to obtain such documents and for the costs associated with the collection of such documents. Each Plaintiff and their Counsel may retain, at their cost, a third-party record retrieval company to obtain such records. Each Plaintiff and their Counsel shall be deemed not to be in compliance with this CMO by only producing authorizations to allow Defendants to collect such records.

3.    **Identification of Choice of Law**. Counsel for each Plaintiff, or Plaintiff personally (if they are proceeding *pro se*) must affirmatively identify the choice of law Plaintiff asserts should apply to their claim and a brief explanation for the choice based on that Plaintiff's alleged paraquat use. Plaintiff's Identification of Choice of Law will be filed on the docket of their member case, not on the master docket.

4.    **Affidavit**. Each Plaintiff shall produce an affidavit by their Counsel, or by Plaintiff (if Plaintiff is proceeding *pro se*), attesting that: (i) Plaintiff has provided a PFS, executed under penalty of perjury; (ii) all available documents described above or in the PFS have been collected and produced; (iii) whether Plaintiff is living; (iv) if the case involves a survivorship or wrongful death claim, the proper party has been substituted and has the legal right to proceed on behalf of decedent; and (v) counsel has met with Plaintiff, personally investigated the merit of Plaintiff's claim and satisfied themself that the claims are meritorious, and discussed, with Plaintiff or the person who has been appointed to act on behalf of the deceased Plaintiff's estate, the claims and likelihood of

success. If any of the documents described above or in the PFS do not exist or cannot be

obtained, the affidavit shall state that fact and the reasons why such materials do not exist

or cannot be obtained. The affidavit shall further identify the steps that Plaintiff or their

Counsel took to obtain the documents or records, and they shall provide a "No Records

Statement" from each records custodian or proof of return to sender from the United

States Postal Service if the last known address of the records custodian is no longer valid.

### B.    Production of Certain Use Documentation

1.    Each Plaintiff shall provide materials sufficient to show personal use of

paraquat, as described below. Service of these documents shall be made to Counsel for

Defendants via the Portal under the appropriate category for production of use

documentation.

> a.    Any Plaintiff who alleges any paraquat use from the earlier of 2015 or seven years prior to the retention of counsel in this MDL proceeding ("Recent Use Years") shall provide the materials identified in **Exhibit 3**.
>
> b.    Any Plaintiff who alleges any paraquat use between 1995 and 2014 but not post-2014 (the "Intermediate Use Years") shall provide the materials identified in **Exhibit 4**.
>
> c.    Any Plaintiff who alleges use exclusively before 1995 ("Early Use Years") shall provide the materials identified in **Exhibit 5**.

2.    Additionally, any Plaintiff who alleges paraquat use in California after 1974

shall produce California pesticide use reporting records for the applicable geographic

areas and time periods described in the PFS. This requirement does not abrogate, limit,

or replace any of the production requirements set forth above.

### C.    Witness Affidavit Production Requirements

1.    Each Plaintiff shall produce a detailed affidavit from any witness to their alleged use of paraquat. Such affidavit shall state whether the affiant has personal knowledge that Plaintiff used a brand of paraquat manufactured by Defendants, the basis for that knowledge, and describe that Plaintiff's paraquat use in as much particularity as possible. The affidavit will be signed under penalty of perjury and based on the affiant's personal knowledge. The affidavit should include such information as set forth below, as well as the basis for the affiant's knowledge:

   a.    Where Plaintiff used paraquat.

   b.    Where the paraquat was obtained.

   c.    How the paraquat was obtained, including who purchased it and from whom.

   d.    The years Plaintiff used paraquat.

   e.    Details of Plaintiff's paraquat use, including (i) the number of days a year; (ii) the time(s) of year; (iii) the total gallons a year; and (iv) the number of acres to which it was applied.

   f.    Whether Plaintiff, their co-worker/s, or their supervisor/s had a restricted use pesticide license.

   g.    If Plaintiff used paraquat at his employment, Plaintiff's duties and responsibilities.

   h.    If Plaintiff's paraquat use was at a farm, the acreage and crops grown.

   i.    In as much particularity as possible, why paraquat was used, including the crops for which it was used.

j.      The method by which Plaintiff mixed, loaded, and/or applied paraquat, and in as much particularity as possible, a description of the equipment Plaintiff used.

k.      In as much particularity as possible, a description of the personal protective equipment Plaintiff used while performing each task.

2.      Any witness from whom a Plaintiff does not produce an affidavit may, in the Court's discretion, be precluded from testifying related to any of Plaintiff's claims, and that Plaintiff may, in the Court's discretion, be barred from providing evidence from any such witness related to any of that Plaintiff's claims.

### D.      Production of Parkinson's Disease Documentation

Any Plaintiff claiming Parkinson's disease ("PD") shall serve on Defendants, via the Portal, a medical record establishing that Plaintiff was first diagnosed with PD no earlier than 10 years after the first year that Plaintiff alleges he or she used or was exposed to paraquat. The diagnosis must be by a movement disorder specialist or, to the extent no movement disorder specialist practices reasonably near where Plaintiff resides or receives their medical treatment, by a licensed neurologist. The existence of an ICD code or billing code for PD alone *will not* be considered adequate proof of diagnosis.

### E.      Expert Report Requirements

1.      Each Plaintiff shall serve on counsel for Defendants, via the Portal, expert reports in compliance with Federal Rule of Civil Procedure 26. Form or template reports are not permitted and will be stricken. Any case-specific expert from whom a Plaintiff does not produce a report will be precluded from testifying related to any of that

Plaintiff's claims, and that Plaintiff will be barred from providing evidence from any such expert related to any of that Plaintiff's claims.

      2.     A Rule 26(a)(2) case-specific expert report concerning the causation of a Plaintiff's alleged PD including, but not limited to:

      a.     an as-precise-as-possible identification of that Plaintiff's paraquat exposure, including the level and duration and routes of exposure, and of the nature and timing of that Plaintiff's alleged PD injury;

      b.     confirmation of that Plaintiff's PD diagnosis;

      c.     an opinion identifying all potential alternative causes for that Plaintiff's PD and a detailed description for how each alternative cause was ruled out;

      d.     a sworn statement that the expert believes that Plaintiff's exposure to paraquat caused the development of PD, along with a detailed description of all facts, medical and scientific literature or other authorities relied upon by the expert to support such opinion; and

      e.     a complete set of medical and other records the expert relied upon.

**F.    Statute of Limitations Compliance**

For all cases filed in, removed to, or transferred to this MDL after the entry of this CMO, each Plaintiff shall serve an affidavit signed by that Plaintiff providing the following information: (1) the date that Plaintiff or their representative first learned the injured party's PD may be related to paraquat use or exposure; (2) how that Plaintiff or their representative first learned their PD may be related to paraquat use or exposure; (3) the date that Plaintiff first spoke to or corresponded with any attorney about potential litigation related to PD or paraquat; and (4) the date that Plaintiff first retained Counsel

for litigation related to PD or paraquat. Service by each Plaintiff shall be made upon Counsel for Defendants via the Portal.

### III.    Deadline to Comply

The Court understands that the process for implementing the Settlement is currently underway. The Court will set out deadlines for the items required by Section II in a future CMO. The Court is issuing this CMO now so that each Plaintiff who elects not to participate in the Settlement or any Plaintiff who asserts a claim against Defendants after the date of this CMO has notice of what will be required of them and can begin to gather the required information.

### IV.    Failure to Comply

Any Plaintiff who fails to fully comply with the requirements of Section II shall be given notice by email from Defendants' Counsel, with a copy to Special Master Ellis, and shall be provided **30 days** to cure such deficiency ("Cure Period"). The Court and Special Master Ellis will be notified of any Plaintiff who fails to cure following notice. If the Court deems it appropriate, it may issue an "Order to Show Cause." **If a Plaintiff fails to show cause within the time set by the Court, the Court may dismiss that Plaintiff's case with prejudice, or, if good cause exists, under other terms it deems appropriate.**

### V.    Status Conference

Counsel representing any Plaintiff in this litigation shall be expected to meet with the Court in person at the United States District Court for the Southern District of Illinois in East Saint Louis, Illinois, at Status Conferences. Failure of any Plaintiff's Counsel to

appear at a scheduled Status Conference when ordered to do so may result in dismissal of that Plaintiff's claim.

To the extent there are any conflicts between this CMO and any other Order entered in this MDL, this CMO shall govern, with all other requirements in preceding Orders remaining in effect.

## VI.    Discovery

The Court will set out procedures and deadlines for cases where a Plaintiff has complied with the requirements outlined in this CMO and mediation has failed in a future CMO.

**IT IS SO ORDERED.**

**DATED:  June 12, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**