IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Cases.** | **Case No. 3:21-md-3004-NJR**<br><br>**MDL No. 3004** |

# CASE MANAGEMENT ORDER NO. 27
## RELATING TO NON-PARTICIPATING SMITH LAW FIRM CASES

**ROSENSTENGEL, District Judge:**

This Case Management Order ("CMO") applies to (i) all Plaintiffs represented by the Smith Law Firm, PLLC, alleging personal injury and related claims against Syngenta Crop Protection, LLC, Syngenta AG (collectively, the "Syngenta Defendants") and/or Chevron U.S.A., Inc. (individually, "Chevron") (collectively, the "Defendants") in this litigation; (ii) who received offers pursuant to the Master Settlement Agreement ("Settlement") entered between Plaintiffs' Leadership Counsel and Defendants on August 4, 2025; that (iii) chose not to participate in the Settlement program and thus have declined their offers. Plaintiffs meeting these criteria are referred to as the "Non-Participating Smith Firm Plaintiffs."

On June 12, 2026, this Court entered CMO 25, requiring plaintiffs who are eligible for, but choose not to participate in, the Settlement to provide certain information regarding their claims. *See* Doc. 5851. In that Order, the Court noted that it would set out deadlines for complying with CMO 25 at a future date. *See id.* § III. On October 6, 2026, the Court entered CMO 26, *see* Doc. 5897, ordering the Non-Participating Smith Firm Plaintiffs to produce the items required by Section II of CMO 25 no later than 30 days from the date of CMO 26, except that expert reports were to be

produced no later than 60 days after the date of CMO 26.[1] On October 13, 2026, the Non-Participating Smith Firm Plaintiffs filed a Motion to Clarify, Modify, and Temporarily Stay Implementation of CMO 25 and CMO 26, *see* Doc. 5904, which this Court denied on October 14, 2026, *see* Doc. 5906.

Also on October 14, 2026, the undersigned held an in-person hearing and, as explained at the hearing, further **ORDERS** as follows.

1. ***All*** Non-Participating Smith Firm Plaintiffs must submit a complete and verified Plaintiff Fact Sheet to Defendants no later than **October 28, 2026**.

2. ***All*** Non-Participating Smith Firm Plaintiffs shall produce to Defendants all medical records no later than **October 28, 2026**.[2]

3. ***All*** Non-Participating Smith Firm Plaintiffs shall be made available for deposition no later **February 16, 2027**. The precise sequence, timing, and location shall be left to the parties with guidance as needed from Special Master Ellis. The Special Master shall promptly report any scheduling impasses to the Court.

4. The Smith Firm shall, no later than **October 21, 2026**, submit to the Court, for *in camera* review, the identity of individuals or entities with a financial interest—direct or indirect—in *any* of the Non-Participating Smith Firm Plaintiffs' cases. The disclosure shall include both the nature of the interest and the degree of that interest,[3] including whether any such entity has any control—direct or indirect, actual, apparent, or implied—over the content of any motions or briefs filed in this action or any input into the decision to accept a settlement offer. The Court intends for this portion of the Order to be read in the broadest terms possible, and should include all law firms, litigation funders, lead generation agencies, banks, private equity, hedge funds, settlement administrators, and similar institutions that stand to benefit from a settlement or verdict in any given Smith Firm Plaintiff's favor.

---

1 The Court clarifies that the deadlines in CMO 26 apply to the items required by Section II of CMO 25.

2 The Court acknowledges that this requirement was not discussed at the October 14 hearing. However, in light of counsel's representation at the hearing that all medical records have already been collected, the burden of producing the medical records should be minimal.

3 This includes the nature of any financing and the amount of any financing. Counsel shall also submit a copy of any contracts of other relevant documentation.

5. This Court will set in-person status conferences on a bi-weekly basis beginning on **November 5, 2026**.[4] Any individual with a financial interest in any Non-Participating Smith Firm Plaintiffs, including but not limited to the principals of any law firm with a financial interest in the litigation, shall appear in person. All Non-Participating Smith Firm Plaintiffs will be permitted to appear by Zoom video conference. Any Non-Participating Smith Firm Plaintiff who is unable to appear, whether in person or by Zoom, shall notify the Special Master of the reasons why he or she is unable to appear at least **24 hours** before the conference. **The Non-Participating Smith Firm Plaintiffs are encouraged to join the Zoom conference at least 15 minutes before the conference begins as the Court will be noting those in attendance**.

None of the deadlines set forth above may be amended or stayed without an Order of this Court. Moreover, none of the foregoing is intended to stay or otherwise modify the deadlines or requirements as set forth in CMO 25 and CMO 26.

The Court intends to provide further guidance on how Non-Participating Smith Firm Plaintiffs' cases shall proceed upon completion of the depositions set forth in this Order, as well as the completion of the requirements of CMO 25 and CMO 26.

**IT IS SO ORDERED.**

**DATED: October 15, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

[4] Although the Court stated at the October 14 hearing that the first status conference would be the week of October 26, in order to give the Smith firm adequate time to produce the fact sheets for their clients, and because of the Court's calendar, the first hearing will be November 5.